1  Alan G. Tippie (CA Bar No. 89587)
      atippie@sulmeyerlaw.com
2  Steven F. Werth (CA Bar No. 205434)
      swerth@sulmeyerlaw.com
3  **SulmeyerKupetz**
   A Professional Corporation
4  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California 90071-1406
5  Telephone: 213.626.2311
   Facsimile: 213.629.4520
6
   Bankruptcy Counsel for Debtor and Debtor in Possession
7  BBeautiful, LLC

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    **LOS ANGELES DIVISION**

11

12  In re                                    Case No. 2:16-bk-10799-ER

13  BBEAUTIFUL, LLC,                         Chapter 11
      a California limited liability company,
14                                           **MOTION FOR ORDER AUTHORIZING
                                             PAYMENT AND/OR HONORING OF**
           Debtor.                           **PREPETITION EMPLOYEE
15                                           COMPENSATION, BENEFITS,
                                             WITHHOLDING TAXES, AND
16                                           RELATED EMPLOYEE CLAIMS**

17                                           [Application for Order Setting Hearing On
18  Tax ID # 20-5922946                      Shortened Notice Filed Concurrently

19                                           [Omnibus Declaration of Helga Arminak in
                                             Support Filed Concurrently Herewith]
20
                                             Date:    [TO BE SET]
21                                           Time:
                                             Place:   U.S. Bankruptcy Court
22                                                     255 East Temple Street
                                                       Los Angeles, CA 90012
23

24

25

26

27

28

*SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 · FAX 213.629.4520*

SFW\2460005.2 1/28/2016 (1:55 PM)

# TABLE OF CONTENTS

**Page**

I.  SUMMARY OF RELIEF REQUESTED ................................................................ 1

II.  COMMENCEMENT OF CHAPTER 11 CASE ...................................................... 1

III.  THE DEBTOR'S BUSINESS AND EMPLOYEES ............................................... 2

IV.  INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 2081-1(a)(6) ........... 3

V.  THE DEBTOR SHOULD BE PERMITTED TO PAY ITS EMPLOYEES'
PREPETITION WAGES .................................................................................. 5

VI.  DETAIL OF RELIEF REQUESTED ................................................................... 7

    A.  Compensation of Employees ................................................................. 7

    B.  Employee Benefits ............................................................................. 7

    C.  Pre-Petition Checks .......................................................................... 7

VII.  IT IS NECESSARY AND APPROPRIATE THAT THE COURT AUTHORIZE
THE DEBTOR TO HONOR EMPLOYEE AND EMPLOYEE-RELATED
OBLIGATIONS AND TO DIRECT APPLICABLE BANKS AND OTHER
FINANCIAL INSTITUTIONS TO HONOR PRE-PETITION CHECKS AND
ELECTRONIC TRANSFERS RELATED THERETO .......................................... 8

VIII.  CONCLUSION ............................................................................................... 12

**SulmeyerKupetz,** A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

**CASES**                                                                    **Page**

Dudley v. Mealey
    147 F.2d 268 (2nd Cir. 1945), cert. denied, 325 U.S. 873, 65 S. Ct. 1415, 80 L. Ed.
    1991 (1945) ................................................................................................... 11

In re CEI Roofing, Inc.,
    315 B.R. 50 (Bankr. N.D. Tex. 2004) ........................................................ 10, 11

In re CoServ LLC
    273 B.R. 487 (Bankr. N.D. Tex. 2002) ........................................................... 11

In re Eagle-Picher Indus., Inc.
    124 B.R. 1021 (Bankr. S.D. Ohio 1991) ......................................................... 10

In re Equalnet Communications Corp.
    258 B.R. 368 (Bankr. S.D. Tex. 2001) ............................................................ 11

In re Gulf Air, Inc.
    112 B.R. 152 (Bankr. W.D. La. 1989) .......................................................... 9, 10

In re Ionosphere Clubs, Inc.
    98 B.R. 174 (Bankr. S.D.N.Y. 1989) ........................................................... 9, 10

In re Lehigh & New England Railway Co.
    657 F.2d 570 (3rd Cir. 1981).......................................................................... 10

In re Penn Central Transp. Co.
    467 F.2d 100 (3rd Cir. 1972) ......................................................................... 10

NLRB v. Bildisco & Bildisco
    465 U.S. 513, 1045 S. Ct. 1188, 79 L. Ed. 2d (1984) ...................................... 11

**STATUTES**

11 U.S.C.

    § 101 ................................................................................................................. 1

    § 105(a) ............................................................................................................. 1

    § 346(f) ............................................................................................................. 9

    § 363(b) ............................................................................................................. 1

    § 507(a) ............................................................................................................. 4

    § 507(a)(4) ................................................................................................. passim

    § 507(a)(5) ................................................................................................. 1, 8, 9

    § 1401 ............................................................................................................... 8

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1

2

**OTHER AUTHORITIES**

3

4 Collier on Bankruptcy (15 Ed. Rev. 2001)..................................................................... 9

5 **RULES**

6 L. Bankr. R.
        Rule 2081-1(a)(6) ......................................................................................... 3

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# I.

## SUMMARY OF RELIEF REQUESTED

BBeautiful, LLC, a California limited liability company (the "Debtor"), the above-captioned debtor and debtor in possession, respectfully requests that the Court authorize (but not direct) the payment and/or the honoring of prepetition employee compensation, employee benefits, withholding and payroll taxes, accrued vacation time, and related employee claims. The Debtor also requests that the Court authorize and direct the Debtor's bank (Bank of America) to honor prepetition checks based on such employee claims. This Motion is made in accordance with 11 U.S.C. §§ 363 and 105 and Local Bankruptcy Rule 2081-1(a)(6). Creditors will not be prejudiced if the Debtor receives the requested authorization.

Approval of this Motion is necessary in order to maintain employee stability, morale, and loyalty and in order to sustain the Debtor's employees' work ethic and effort. Moreover, if the Debtor is not authorized to pay and honor its employee-related obligations as requested herein, the Debtor's business operations and efforts to maximize the value of the estate and creditor recovery could be severely disrupted and irreparably harmed. The relief sought by and the grounds and reasons supporting this Motion are more fully discussed below and in the "Omnibus Declaration of Helga Arminak in Support of Debtor's "First-Day" Motions" (the "Arminak Declaration").

# II.

## COMMENCEMENT OF CHAPTER 11 CASE

The Debtor commenced its case by filing a voluntary chapter 11 petition on January 22, 2016 (the "Petition Date"). The Debtor is a brand-maker and retailer of a wide range of personal beauty products for skin, hand & nail, body, hair, pedicure, makeup, and fragrance ("Products"). The Debtor formulates its own unique Products and contracts with third parties to manufacture those company-formulated Products. The Debtor also designs its own packaging for the Products and contracts with third parties in China to produce that packaging. The Debtor then arranges for the packaging to be shipped to the manufacturer, who then combines the Products and their packaging and delivers the finished products to the Debtor at its office and warehouse at 1361 Mountain View Circle,

1  Azusa, California, 91702. From there, the Debtor distributes the Products to retail stores and also sells

2  the Products directly through e-commerce.

3          As a consequence of the filing of its chapter 11 petition, the Debtor is precluded from

4  paying and/or honoring unsecured claims that arose prior to the commencement of the case without

5  Court authorization. The prohibition applies to amounts owed to the Debtor's employees that relate to

6  the pay periods for which the Debtor's employees had not been compensated at the time of the

7  commencement of the case.

8                                          **III.**

9                          **THE DEBTOR'S BUSINESS AND EMPLOYEES**

10          The Debtor's principal place of business is located at 1361 Mountain View Circle,

11  Azusa, CA 91702 (the "Business"), where it operates pursuant to a lease. The Business was

12  established in 2006 by Helga Arminak, who is its Operating Manager and also is a 99% owner of the

13  Debtor.

14          The Debtor spends significant resources in training and developing its staff, which has

15  contributed to the efficiency and success of the Business. As of the Petition Date, the Debtor had 23

16  employees (the "Employees").

17          The Debtor through ADP pays its Employees every other Friday for the work period

18  covering a two-week period ending the previous week. For example, on Friday, January 22, 2016, the

19  Debtor through ADP paid, prior to the commencement of this case, the Employees for work

20  performed for the period between Monday, January 4, 2016 and Sunday, January 17, 2016.

21  Additionally, the Employees have worked from Monday, January 18, 2016 to Thursday, January 21,

22  2016 (the "Gap Period"), and would normally receive payment for this work when they receive their

23  paychecks on February 5, 2015.

24          During the Gap Period, the Employees will be owed a total of $17,653. A list of each

25  of the Employees, their hourly or salary rate, and the amount of wages to which each employee is

26  entitled for work performed during the Gap Period, and their estimated accrued but unpaid vacation as

27  of the Petition Date is attached hereto as **Exhibit 1**. All of the employees identified on Exhibit 1 are

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  currently employed by the Debtor. The amounts requested for each individual are within the limits

2  established by 11 U.S.C. § 507.

3        None of the Employees are insiders of the Debtor, with the exception of two

4  individuals. The first is Tom Habrock, who is the Debtor's Chief Financial Officer, and the second is

5  Carolina Kishimoto, who is the Debtor's Chief Operations Officer. By this Motion, the Debtor seeks

6  authority to pay Mr. Habrock and Ms. Kishimoto only for work performed during the Gap Period.

7  The Debtor will seek authority to pay Mr. Habrock and Ms. Kishimoto for post-petition work

8  performed for the Debtor pursuant to separate Notices Setting Insider Compensation which will be

9  separately filed with the Court.

10        Adequate staffing and positive employee morale are absolutely essential to the

11  Debtor's ability to operate its business without substantial disruption. The Debtor's last payroll was

12  made on January 22, 2016. Absent authority to meet payroll for the Gap Period, the Debtor will suffer

13  unmanageable staff turnover or employee frustration that would likely jeopardize the Debtor's ability

14  to remain a going concern. Accordingly, the Debtor requests authority to pay and/or honor the

15  employee obligations in the ordinary course.

16        In the ordinary course of its business, the Debtor sometimes reimburses travel expenses

17  of certain of its employees. As of the Petition Date, one of the Debtor's sales employees submitted a

18  request to reimburse $738.96 as a travel expense, however the Debtor had not reimbursed this expense

19  as of the Petition Date. By this Motion, the Debtor seeks authority to reimburse this expense.

20  <center>**IV.**</center>

21  <center>**INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 2081-1(a)(6)**</center>

22        Local Bankruptcy Rule ("LBR") 2081-1(a)(6) provides that in any motion by a debtor

23  to pay prepetition payroll and to honor prepetition employment procedures, the motion must be

24  supported by evidence that establishes that (A) the employees are still employed, (B), the necessity for

25  payment, (C) the benefit of the procedures, (D) the prospect of reorganization, (E), whether the

26  employees are insiders, (F), whether the employees' claims are within the limits established by 11

27  U.S.C. § 507, and (G) the payment will not render the estate administratively insolvent. This evidence

28  is identified below and is set forth in the concurrently-filed Berman Declaration.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    (A)    The Employees are Still Employed:  Each of the Employees are currently

2  employed by the Debtor.

3    (B)    The Necessity of Payment:  The Debtor requires a moderate staff to operate the

4  Business.  The Debtor's staff is required to oversee and facilitate the process through which third

5  parties manufacture the Products and their packaging for the Debtor, assemble them and deliver the

6  finished products to the Business, and then distribute and sell the Products.  The Employees provide

7  services to the Debtor relating to sales, logistics, purchasing, marketing, e-commerce, warehouse

8  management, quality control, inventory control, creative, graphic design, and international sales.  All

9  of these jobs are necessary for the Debtor operate the Business.  While the Debtor could train new

10  employees to perform these tasks, the Debtor's current employees are familiar with the Business's

11  operations and a substantial amount of efficiency would be sacrificed if the Debtor were not permitted

12  to pay all of its staff, or lost existing staff due to its inability to make its payroll and was required to

13  obtain new staff.

14    (C)    The Benefit of the Procedures:  The Debtor made its last payroll on January 22,

15  2016.  The Employees have thus worked from January 18, 2016 to the present date without payment.

16  Employees would normally expect payment for that work (along with work performed post-petition

17  through January 31, 2016), on February 5, 2016.  If the Debtor's bank is not authorized to deliver and

18  honor checks for this full period, but is permitted to pay the Employees only for the work they

19  performed after the Petition Date (that is, not for the four-day period between January 18, 2016 and

20  January 21, 2016), the morale of the Debtor's staff will decline significantly and the Debtor's ability to

21  efficiently operate the Business will decrease.

22    (D)    The Prospect of Reorganization:  The Debtor's efforts to reorganize are

23  discussed in the Arminak Declaration in paragraph 11.

24    (E)    Whether the Employees are Insiders:  None of the Employees are insiders with

25  the exception of Tom Habrock, who is the Debtor's Chief Financial Officer, and Carolina Kishimoto,

26  which is the Debtor's Chief Operations Officer.  By this Motion, the Debtor seeks authority to pay Mr.

27  Habrock and Ms. Kishimoto only for work performed during the Gap Period.  The Debtor will seek

28

1  authority to pay Mr. Habrock and Ms. Kishimoto for post-petition work performed for the Debtor

2  pursuant to Notices Setting Insider Compensation which will be separately filed with the Court.

3        (F)    <u>Whether the Employees Claims Are Within the Limits Established by 11 U.S.C.</u>

4  <u>§ 507(a)</u>:  As is demonstrated in Exhibit 1, no individual has a claim that will be paid in excess of

5  $12,475 (even when added to the amount of each Employee's accrued vacation), with the exception of

6  Carolina Kishimoto.  With respect to Ms. Kishimoto, the Debtor seeks authority to honor her accrued

7  but unpaid vacation in the amount of $11,917, as well as pay her on February 5, 2016 for work

8  performed during the Gap Period in the amount of $1,846.  That amount, when combined with her

9  unpaid vacation of $11,917, is $13,763.  This is greater than the $12,475 authorized to be paid by 11

10  U.S.C. § 507(a)(4), by $1,288.  In the alternative, the Debtor seeks the authority to honor all but

11  $909.15 of Ms. Kishimoto's accrued but unpaid vacation, without further order of this Court.

12        (G)    <u>The Payment Will Not Render the Estate Administratively Insolvent</u>  As set

13  forth in the Arminak Declaration at paragraph 9, the Debtor has $109,160 in unencumbered cash as of

14  the Petition Date and thus will have sufficient funds to cover all payroll and related expenses to be

15  paid through this Motion, as well as other administrative expenses of operating the Business as a

16  going concern.

17  <div align="center">V.</div>

18  <div align="center"><b><u>THE DEBTOR SHOULD BE PERMITTED TO PAY ITS</u></b></div>

19  <div align="center"><b><u>EMPLOYEES' PREPETITION WAGES</u></b></div>

20        As a result of the commencement of the Debtor's chapter 11 case, unless authorized by

21  the Court, the Debtor will be restricted from paying and/or honoring accrued and unpaid wages,

22  salaries, and other compensation and benefits attributable to the pre-petition period.  In large part, the

23  Debtor's ongoing operations, the viability of the Debtor's reorganization, and the Debtor's ability to

24  meet its obligations is dependent upon a stable and productive work force.  In order to maintain

25  employee stability, morale, and loyalty and to sustain the work effort and ethic being demonstrated by

26  its employees, the Debtor believes that it is imperative that payment to all of its employees remain

27  current.  The majority of the employees simply cannot afford to miss a pay period or be deprived of

28  other benefits (such as overtime pay) they receive in the ordinary course of their employment.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    The stability of the employee pool is tenuous. It may not be difficult for the Debtor's

2  employees to shift to a work environment where there is perceived to be less risk to wage and

3  employment stability.   At the same time, it would be difficult for the Debtor to find qualified

4  replacement employees in an employment environment with the unfavorable publicity of disrupted

5  pay or benefits. Even if replacements could be hired, it could take significant time before they could

6  be fully trained and qualified for the jobs, resulting in further disruption and harm to the Debtor's

7  business operations and the pending reorganization process. Any interruption in the Debtor's business

8  or downturn in productivity could undermine the reorganization process and detrimentally impact the

9  value of the estate to the detriment of all creditors of the Debtor.

10    With respect to hourly employees, the market for such employees with similar skills

11  and experience may be favorable to the employees.  If the pre-petition wage obligations owed to these

12  employees are not paid in the ordinary course of business, these employees may not have difficulty in

13  obtaining comparable employment with other employers seeking similar services.   Finding and

14  training qualified replacement workers would be difficult and disruptive to the Debtor's ongoing

15  business operations and the pending reorganization process.   As a result, it is critical that the

16  employees be compensated for their pre-petition wage obligations and also be allowed to receive

17  customary benefits in order to minimize disruption of the Debtor's business as a going concern.

18    If pre-petition compensation, reimbursement amounts and customary benefits are not

19  received and honored in the ordinary course, some of the employees will suffer extreme personal

20  hardship and in many cases may be unable to pay basic living expenses.   Such a result would

21  obviously devastate employee morale.  At this time, any serious deterioration in employee morale

22  would substantially and adversely impact the Debtor and its ability to successfully complete its

23  reorganization in a manner that maximizes the value of the estate. The Debtor submits that the total

24  amount to be paid to or for the benefit of its employees if the requested relief is granted ($17,653)

25  which does not include Debtor's additional taxes of $2,560 is small compared with the importance and

26  necessity of the employees and the magnitude of loss of business value the Debtor would suffer if

27  those amounts are not paid.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1       The Debtor seeks to pay the compensation, benefit, and reimbursement obligations

2 described in detail below in accordance with the policies, plans, and programs in place before the

3 Petition Date. This Motion is intended only to permit the Debtor, in its discretion, to make payments

4 consistent with those pre-petition policies to the extent that, without the benefit of an order approving

5 this Motion, such payments would be inconsistent with the Bankruptcy Code. Authorization of such

6 payment by the Court shall not be deemed to constitute post-petition assumption or adoption of any

7 policy, plan, or program. The Debtor reserves all of its rights under the Bankruptcy Code with respect

8 to such matters. Authorization to pay the amounts sought under this Motion shall not affect the

9 Debtor's right to contest the amount or validity of any employee obligations, including any payroll tax

10 obligations that may be due to any taxing authority.

11 <div align="center">**VI.**</div>

12 <div align="center">**DETAIL OF RELIEF REQUESTED**</div>

13       By this Motion, the Debtor requests authorization to honor its obligations to its

14 employees for compensation and benefits that were accrued but unpaid as of the Petition Date. The

15 Debtor also requests that the Court confirm that the Debtor shall be permitted to pay any and all local,

16 state and federal withholding and payroll taxes related to pre-petition periods. The Debtor further

17 requests that the Court direct applicable banks and financial institutions, including, but not limited to

18 Bank of America, which maintains the account through which the Debtor pays its payroll, to honor

19 such checks and electronic fund transfers related to payment of the pre-petition obligations set forth as

20 follows.

21     A.    **Compensation of Employees**

22       The Debtor's employees receive compensation for services rendered in amounts that are

23 competitive within the Debtor's industry. The Debtor's employees are compensated every two weeks,

24 with payment made one week in arrears. As set forth above, the Employees have worked during the

25 Gap Period and would normally receive paychecks for those four days on February 5, 2016.

26       The Debtor utilizes ADP as its payroll service. ADP issues payroll checks to the

27 Debtor's employees from the Debtor's general deposit account at Bank of America, and handles the

28 employee direct deposits and pays the payroll taxes.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    **B.    Employee Benefits**

2    Similar to other companies within its industry, the Debtor offers its employees various

3    benefits including paid vacation, occupational disability leave, time off for school visits, bereavement

4    leave, pregnancy-related disability leave, non-occupational disability leave, military leave, and paid

5    family leave. As with the payment of wages, it is important that these expenses paid for by the Debtor

6    be provided on an uninterrupted basis.  As set forth in Exhibit 1, the Debtor estimates that the total

7    amount of accrued but unpaid vacation due to the Employees as of the Petition Date is approximately

8    $22,526.

9    **C.    Pre-Petition Checks**

10    As a result of the commencement of the Debtor's chapter 11 case, certain pre-petition

11    checks for pre-petition wages or salaries that were issued on January 22, 2016 by ADP to certain

12    Employees may be dishonored or voided, unless the Court authorizes the Debtor to pay such items and

13    directs all applicable banks and other financial institutions, including Bank of America, to honor such

14    checks and electronic fund transfers

15    **VII.**

16    **IT IS NECESSARY AND APPROPRIATE THAT THE COURT AUTHORIZE THE**

17    **DEBTOR TO HONOR EMPLOYEE AND EMPLOYEE-RELATED OBLIGATIONS AND**

18    **TO DIRECT APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS TO**

19    **HONOR PRE-PETITION CHECKS AND ELECTRONIC TRANSFERS RELATED**

20    **THERETO**

21    The pre-petition employee-related wages and expenses that the Debtor seeks

22    authorization to pay are entitled to priority treatment.

23    Section 507 of the Bankruptcy Code, as amended by Section 1401 of the Bankruptcy

24    Abuse Prevention and Consumer Protection Act of 2005, sets forth the disbursement priorities of

25    expenses and claims. Subsections 507(a)(4) and (5) describe the priority provided employee-related

26    claims and expenses as follows:

27    (4)    Fourth, allowed unsecured claims, but only to the
extent of $12,475 for each individual... earned within 180

28    days before the date of the filing of the petition... for --

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1

        (A)    wages, salaries, or commissions, including
2    vacation, severance, and sick leave pay earned by an
individual…

3

    (5)    Fifth, allowed unsecured claims for contributions to
4    an employee benefit plan --

5        (A)    arising from services rendered within 180 days
before the date of the filing of the petition… but only

6

        (B)    for each such plan, to the extent of --
7

        (i)    the number of employees covered by
8    each such plan multiplied by $12,475; less

9        (ii)    the aggregate amount to be paid to
such employees under paragraph (3) of this
10    subsection, plus the aggregate amount paid by
the estate on behalf such employees to any
11    other employee benefit plan.

12    11 U.S.C. §§ 507(a)(4) and (5).

13        Payroll taxes are also entitled to priority treatment.  The third priority includes the so-

14    called "trust fund taxes," that is, withheld income taxes and the employee's share of social security

15    taxes.  See 4 Collier on Bankruptcy, ¶ 507.10[3][c], p. 507-72 (15 Ed. Rev. 2001).

16        With respect to wages earned before the petition but
actually paid by the trustee [Debtor in possession]
17    after the title 11 case commenced, taxes required to be
withheld receives the same priority as the wages
18    themselves.  Thus, the employees' share of taxes on
third priority wages also receives third priority.

19

20    S. Rep. No. 95-989, 95th Cong., 2d Sess., 71-72 (1982).

21        Trust fund taxes are given fourth priority if the underlying wages receive fourth

22    priority.  They are part of the wage claims and, therefore, are entitled to a fourth priority, although the

23    government is paid rather than the employee.  No express provision is contained in Section 507 to that

24    effect, because it is unnecessary.  Section 346(f) requires that a debtor in possession withhold from

25    any payment of claims for wages in the amount required to be withheld or collected under applicable

26    state or local tax law and pay it to the appropriate governmental unit, with the same priority as the

27    claim from which such amount was withheld.  The employer's portion of the employment tax and the

28    employer's portion of the social security tax on fourth priority compensation are included in the eighth

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  priority category for taxes. In addition, the failure to pay payroll taxes could result in tax liabilities

2  and penalties to the Debtor, and potentially to the Debtor's principals.

3  Courts have granted the relief sought in this matter in many other cases. Moreover,

4  such relief is generally granted on a routine "first day" basis in many cases. See In re Gulf Air, Inc.,

5  112 B.R. 152 (Bankr. W.D. La. 1989); In re Ionosphere Clubs, Inc., 98 B.R. 174 (Bankr. S.D.N.Y.

6  1989). Allowing relief for the payment of the employee-related expenses sought herein is based on

7  the recognition that the Debtor's employees are indispensably necessary to the continued operation of

8  the Debtor's business and the success of this chapter 11 case. Accordingly, such payment will

9  ultimately benefit all creditors. As stated by the court in In re CEI Roofing, Inc., 315 B.R. 50 (Bankr.

10  N.D. Tex. 2004):

11  "[T]here has evolved a rule for the payment of prepetition wages and
benefits which is based on both common sense and the express

12  provisions of the Bankruptcy Code. If employees are not paid, they
will leave. If they leave the Debtor's business, the bankruptcy case

13  fails shortly after the filing. No one will benefit from the process. The
Code gives employees a statutory priority that elevates the claims

14  above the general unsecured claims, and, in fact, most claims in the
bankruptcy case. To the extent that the existing holders of claims of

15  higher priority than the wage claims consent or do not timely object,
such priority claims may be made during the pendency of the

16  bankruptcy case. The treatment and payment of such claims before
confirmation does no violence to the Code or existing case law…. in

17  fact, such orders are usually "necessary" and "appropriate" to
implement a debtor's reorganization under chapter 11."

18

19  Id., at 60.

20  The "necessity of payment" doctrine "recognizes the existence of the judicial power to

21  authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential

22  to the continued operation of the debtor." Ionosphere Clubs, 98 B.R. at 176. The Third Circuit, in In

23  re Lehigh & New England Railway Co., 657 F.2d 570, 581 (3rd Cir. 1981), described the doctrine as

24  follows:

25  [T]he 'necessity of payment' doctrine… [permits] immediate payment
of claims of creditors where those creditors will not supply services

26  or materials essential to the conduct of the business until their pre-
reorganization claims shall have been paid.

27

28  Id., at 581, quoting In re Penn Central Transp. Co., 467 F.2d 100, 102, n.1 (3rd Cir. 1972).

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    While the "necessity of payment" doctrine originally developed in the context of

2    railroad reorganizations under the Bankruptcy Act, it has been applied in non-railroad bankruptcies.

3    See Gulf Air, 112 B.R. at 153; In re Eagle-Picher Indus., Inc., 124 B.R. 1021, 1023 (Bankr. S.D. Ohio

4    1991) ('[T]o justify payment of a pre-petition unsecured creditor, a debtor must show that the payment

5    is necessary to avert a serious threat to the Chapter 11 process."); Ionosphere Clubs, 98 B.R. at 176

6    ("The rationale for the 'necessity of payment' rule, i.e., facilitating the continued operation and

7    rehabilitation of the debtor in railroad reorganization cases, is also a paramount goal of Chapter 11.").

8    Approval of the Motion is essential in order to maximize creditors' recovery and

9    preserve jobs for non-management level employees.   Courts have recognized that the need to pay

10    employee priority wage claims "in an ordinary course of business time frame is simple common

11    sense."   In re Equalnet Communications Corp., 258 B.R. 368, 370 (Bankr. S.D. Tex. 2001)

12    ("Employees are more likely to stay in place and to refrain from actions that could be detrimental to

13    the case and/or the estate if their pay and benefits remain intact and uninterrupted.").   These priority

14    wage claims are typically "payable out of necessity as well as by virtue of their priority."   In re

15    CoServ LLC, 273 B.R. 487, 493 n.10 (Bankr. N.D. Tex. 2002).

16    The Debtor possesses cash sufficient to pay the wages sought by this motion.  See

17    Arminak Declaration, ¶9(a).  There will be no prejudice to unsecured creditors resulting from the

18    Court's authorization for the Debtor to honor pre-petition employee-related obligations as requested

19    herein, as these employees would have a priority unsecured claim for the amount of their wages if

20    these amounts were not paid, pursuant to 11 U.S.C. § 507(a)(4).   Authorization to make such

21    payments is necessary so that the Debtor's continued operations and the pending reorganization

22    process designed to maximize creditor recovery are not jeopardized.  As set forth in paragraph 30 of

23    the Arminak Declaration, the Debtor believes that the majority of the Debtor's employees rely

24    exclusively on their full compensation, benefits and reimbursements of their expenses to continue to

25    pay their daily living expenses, and these employees will be exposed to significant financial

26    difficulties if the Debtor is not permitted to fund payroll for the unpaid pre-petition obligations.  As

27    such, the Debtor respectfully submits that, if it is unable to honor such obligations, employee morale

28    and loyalty will be jeopardized at a time when their support is critical.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# VIII.

## CONCLUSION

In order to ensure the continuity and quality of the Debtor's business operations and to avoid jeopardizing the Debtor's efforts to maximize the value of the estate, the Court should authorize the Debtor to pay and/or honor the above-discussed prepetition employee-related obligations, and, thus, enable the Debtor to successfully proceed, without unnecessary disruption, with the administration of this chapter 11 case. Such authorization will not prejudice creditors, but will protect their interests. A copy of the Debtor's proposed order approving this Motion is attached hereto as **Exhibit 2.**

**WHEREFORE,** the Debtor respectfully requests that the Court authorize it to pay and honor prepetition obligations owing to or for the benefit of the Employees, and authorize and direct the Debtor's bank to honor prepetition checks in payment of such obligations and that the Court grant such other and further relief as is just.

DATED: January 28, 2016

Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation


By: _/s/Steven F. Werth_
Steven F. Werth
Bankruptcy Counsel for BBeautiful, LLC

EXHIBIT 1

| Employee Name | Hourly rate | Bi-weekly rate | GAP Normal Hours | GAP Overtime Hours | Wages/ Salaries for GAP Period | Vacation Hours as of 1/21/2016 | $ Value of accrued Vacation |
|---|---|---|---|---|---|---|---|
| Employee: LOZANO, CHRISTINA M | | $ 3,076.92 | | | $ 1,230.77 | 0 | $ - |
| Employee: PATEL, KRISHNA K | $ 12.00 | | 32:00:00 | 3:39:00 | $ 449.70 | 6.18 | $ 74.16 |
| Employee: SEPULVEDA, LOREN E | $ 20.00 | | 32:00:00 | 3:16:00 | $ 738.00 | 1.87 | $ 37.40 |
| Employee: Habrock, Tom | | $ 4,615.38 | | | $ 1,846.15 | 7.45 | $ 429.81 |
| Employee: HOANG, MICHELE C | | $ 2,211.54 | | | $ 884.62 | 202.19 | $ 5,589.39 |
| Employee: Park, Kiwon | | $ 1,692.31 | | | $ 676.92 | 0 | $ - |
| Employee: Skeels, Amber R | $ 15.00 | | 32:00:00 | 3:57:00 | $ 568.88 | 0 | $ - |
| Employee: TANG, SUELLEN | | $ 2,884.62 | | | $ 1,153.85 | 54.22 | $ 1,955.05 |
| Employee: Chen, Cliff H | | $ 2,115.38 | | | $ 846.15 | 0 | $ - |
| Employee: GAMBOA, CLARIBEL | $ 12.00 | | 27:48:00 | | $ 333.60 | 0 | $ - |
| Employee: KISHIMOTO, CAROLINA | | $ 4,615.38 | | | $ 1,846.15 | 206.58 | $ 11,918.07 |
| Employee: Lin, Chuan Y | | $ 2,307.69 | | | $ 923.08 | 22.99 | $ 663.17 |
| Employee: Pan, Vivian | $ 15.00 | | 32:00:00 | 5:48:00 | $ 610.50 | 0 | $ - |
| Employee: REYES, CIPRIANO | | $ 3,461.54 | | | $ 1,384.62 | 0 | $ - |
| Employee: CARRILLO ACOSTA, BRENDA | $ 12.00 | | 32:00:00 | 2:45:00 | $ 433.50 | 9.67 | $ 116.04 |
| Employee: GREEN, EVELIA | $ 10.00 | | 32:00:00 | 0:18:00 | $ 324.50 | 0 | |
| Employee: LOPEZ, IRMA V | $ 10.00 | | 30:22:00 | 0:25:00 | $ 309.92 | 25.71 | $ 257.10 |
| Employee: MORALES, RAMIRO | $ 11.00 | | 29:40:00 | 0:29:00 | $ 334.31 | 25.71 | $ 282.81 |
| Employee: PULIDO, YOLANDA | $ 10.00 | | 27:57:00 | 0:14:00 | $ 283.00 | 0 | $ - |
| Employee: SILVA, MARIA F | $ 13.00 | | 32:00:00 | 5:40:00 | $ 526.50 | 91.23 | $ 1,185.99 |
| Employee: Velazquez, Elvia | $ 16.84 | | 32:00:00 | 0:28:00 | $ 550.67 | 0 | $ - |
| Employee: Slotemaker de Bruine, Delight | | $ 3,000.00 | | | $ 1,200.00 | 0 | |
| Employee: Hernandez, Bianca | $ 16.00 | | 11:09:00 | 0:48:00 | $ 197.60 | 1.04 | $ 16.64 |
| | | | | | $ 17,652.97 | | $ 22,525.63 |

# EXHIBIT 2

1  Alan G. Tippie (CA Bar No. 89587)
     *atippie@sulmeyerlaw.com*
2  Steven F. Werth (CA Bar No. 205434)
     *swerth@sulmeyerlaw.com*
3  **SulmeyerKupetz**
     A Professional Corporation
4  333 South Hope Street, Thirty-Fifth Floor
     Los Angeles, California 90071-1406
5  Telephone: 213.626.2311
     Facsimile: 213.629.4520
6
7  Bankruptcy Counsel for BBeautiful, LLC

8  **UNITED STATES BANKRUPTCY COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10  **LOS ANGELES DIVISION**

11  In re                                          Case No. 2:16-bk-10799-ER

12  BBEAUTIFUL, LLC,                    Chapter 11
     a California limited liability company,
13                                                   **ORDER GRANTING DEBTOR'S**
          Debtor.                            **MOTION FOR ORDER AUTHORIZING**
14                                                   **PAYMENT AND/OR HONORING OF**
                                                     **PREPETITION EMPLOYEE**
15                                                   **COMPENSATION, BENEFITS,**
                                                     **WITHHOLDING TAXES, AND**
16                                                   **RELATED EMPLOYEE CLAIMS**

17  Tax ID # 20-5922946               Date:
                                                     Time:
18                                                   Place:    Courtroom 1568
                                                        United States Bankruptcy Court
19                                                      255 East Temple Street
                                                        Los Angeles, CA 90012
20
                                                     I.
21
22              The Motion of BBeautiful LLC, debtor and debtor in possession (the "Debtor"), for

23  an Order Authorizing Payment and/or Honoring of Prepetition Employee Compensation, Benefits,

24  Reimbursements, Withholding Taxes, and Related Employee Claims (the "Motion") came on for a

25  hearing on January ___, 2016, the Honorable Ernest M. Robles, United States Bankruptcy Judge,

26  presiding.  Appearances were as noted on the record.

27              **WHEREAS**, the Court, having reviewed the Motion and the Omnibus Declaration

28  of Helga Arminak filed in support of the Debtor's first-day motions, and having considered the

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    representations made by counsel at the hearing, this Court finding that it has jurisdiction over this

2    core proceeding pursuant to 28 U.S.C. §§ 157 and 1334, adequate notice having been given, and

3    for good cause existing,

4          **THE COURT HEREBY ORDERS** that:

5          1.      The Motion is granted;

6          2.      The Debtor is authorized to pay and/or to honor prepetition employee

7    compensation, employee benefits, withholding taxes, accrued vacation, travel reimbursements, and

8    related claims as described in the Motion; and

9          3.      Bank of America is directed to honor prepetition checks in payment of

10   obligations set forth in the Motion and authorized by this Order.

11          **IT IS SO ORDERED**

12
                                    ###
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California  90071-1406.

A true and correct copy of the foregoing document entitled (*specify*):  **MOTION FOR ORDER AUTHORIZING PAYMENT AND/OR HONORING OF PREPETITION EMPLOYEE COMPENSATION, BENEFITS, WITHHOLDING TAXES, AND RELATED EMPLOYEE CLAIMS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 28, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kelly L Morrison on behalf of U.S. Trustee United States Trustee (LA)
kelly.l.morrison@usdoj.gov

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Steven Werth on behalf of Debtor BBeautiful, LLC, a California limited liability company
swerth@sulmeyerlaw.com,
asokolowski@sulmeyerlaw.com;slee@sulmeyerlaw.com;slee@ecf.inforuptcy.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,

first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 28, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to

**VIA HAND DELIVERY**
Honorable Ernest M. Robles
United States Bankruptcy Court
255 E Temple Street, Suite 1560
Los Angeles, CA  90012

such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

AGT\ 2460436.1 1/28/2016 (3:52 PM) This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                               **F 9013-3.1.PROOF.SERVICE**

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 28, 2016 | Patricia Penn | /s/ Patricia Penn |
|---|---|---|
| Date | Printed Name | Signature |

AGT\ 2460436.1 1/28/2016 (3:52 PM) This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    F 9013-3.1.PROOF.SERVICE