# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, February 03, 2016**      **Hearing Room**    **1568**

<u>10:00 AM</u>
**2:16-10799**     **BBeautiful, LLC, a California limited liability co**     **Chapter 11**

    **#4.00**    Hearing
RE: [7] Motion Regarding Chapter 11 First Day Motions -- Motion For Order Authorizing Payment And/Or Honoring Of Prepetition Employee Compensation, Benefits, Withholding Taxes, And Related Employee Claims

                          Docket     7

   **Matter Notes:**

     2/3/2016

     The tentative ruling will be the order.
     Party to lodge order: movant

     **POST PDF OF TENTATIVE RULING TO CIAO**

     Also docket the following comments:

     Order will clarify that expense reimbursement not going to insider. Further ordered: Re insider compensation. Notice has been filed and served. Seven days to object. No further hearing as to this.

     Re: contractors - Hearing continued to 3/9/16 (10) but may be vacated if Debtor files declarations concerning compensation it pays to independent Chinese contractors.

   **Tentative Ruling:**

     2/2/2016:

     **Pleadings Filed and Reviewed**

        1. Motion for Order Authorizing Payment and/or Honoring of Prepetition

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, February 03, 2016**                                                                 **Hearing Room     1568**

10:00 AM
**CONT...**       **BBeautiful, LLC, a California limited liability co**                                              **Chapter 11**

Employee Compensation, Benefits, Withholding Taxes, and Related Employee Claims ("Motion") [Doc. No. 7]
   a. Application for Order Setting Hearing on Shortened Notice ("Application") [Doc. No. 11]
   b. Order Granting Application [Doc. No. 12]
   c. Notice of Hearing on Debtor's First Day Motions ("Notice") [Doc. No. 15]
   d. Proof of Service [Doc. No. 16]
   e. Declaration of Steven Frederick Werth Regarding Telephonic Notice Personally Given of Debtor's "First Day" Motions ("Declaration of Werth") [Doc. No. 22]
   f. Supplement to Motion ("Supplement") [Doc. No. 14]
2. Omnibus Declaration of Helga Arminak In Support of Debtor's "First Day" Motions ("Declaration of Arminak") [Doc. No. 10]
3. United States Trustee's Limited Opposition to Motion ("UST Opposition") [Doc. No. 21]

**Facts and Summary of Pleadings**

Chapter 11 debtor BBeautiful, LLC ("Debtor") requests that the Court authorize (but not direct) the payment and/or honoring of prepetition employee compensation, employee benefits, withholding and payroll taxes, accrued vacation time, and related employee claims ("Motion"). Doc. No. 7. The Debtor also requests that the Court authorize and direct the Debtor's bank, Bank of America, N.A., to honor prepetition checks based on such employee claims. On January 28, 2016, the Debtor filed emergency first day motions to order authorizing payment of prepetition employee compensation [Doc. No. 7], authorizing debtor's to maintain bank account and cash management system [Doc. No. 8], and to deem utilities adequately assured of future performance [Doc. No. 9]. The Court granted the Debtor's Application for Order Setting Hearing on Shortened Notice ("Order") and set the matters for hearing on February 3, 2016, at 10:00 a.m. ("Hearing"). *See* Order [Doc. No. 12]. The Debtor was instructed to give notice of the Hearing by January 29, 2016, at 5:00 p.m., and file a declaration of notice and service evidencing its compliance with the Order. The Debtor filed the required notice and proof of service as instructed. Doc. Nos. 15, 16 & 22. The Order also stated that oppositions to the Motion, if any, may be made orally at the Hearing. The tentative ruling is to GRANT IN PART AND DENY IN PART

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, February 03, 2016**                                                                 Hearing Room    1568

10:00 AM
CONT...        BBeautiful, LLC, a California limited liability co                                  Chapter 11
the Motion as set forth below.

The Debtor commenced the instant chapter 11 bankruptcy case on January 22, 2016 ("Petition"). Doc. No. 1. The Debtor, a California limited liability company, was established in 2006 by Helga Arminak, who is the current operating manager and also a 99% owner of the Debtor. The Debtor's principal place of business is located at 1361 Mountain View Circle, Azusa, California 91702 ("Business"), where the Debtor operates pursuant to a lease. Since commencement, the Debtor has operated the Business as the debtor-in-possession. The Debtor is a brand-maker and retailer of a wide range of personal beauty products for skin, hand, nail, body, and hair ("Products"). The Debtor formulates its own unique products and contracts with manufacturers to produce them. The Debtor arranges its own packaging to be delivered from China to the manufacturers, who then combines the Products and their packing and deliver the finished products to the Debtor at its office in Azusa, California. The Debtor distributes the Products to retail stores and also sells the Products directly through e-commerce.

As of the Petition date, the Debtor had 23 employees ("Employees"). The Employees are paid bi-weekly, with each check covering a two-week period ending the previous week. The pay period in question covers Monday, January 18, 2016, to Thursday, January 21, 2016 ("Gap Period"). The proposed payments therefore cover a four-day prepetition period for a total of $17,653. *See* Motion, Ex. "1." Additionally, the Debtor seeks to pay the Employee's accrued but unpaid vacation pays in the amount of $22,525.63. *Id.* Lastly, the Debtor requests Court approval to reimburse $758.96 as travel expense to one of the Employees.

The Debtor contends that all of the Employees are still employed. Declaration of Arminak, ¶ 16. Next, the Debtor requires the Employees to operate the Business. While the Debtor can hire and train new staff, the current Employees are familiar with the Business' operations and substantial amount of efficiency would be sacrificed if the Debtor were not permitted to retain the Employees by making the proposed payments. *Id.* ¶ 20. Otherwise, the morale of the Employees would decline significantly and hinder the Debtor's ability to reorganize effectively. *Id.* ¶ 19. The Debtor is currently evaluating the Business to determine whether the Debtor has expenses that can be reduced or eliminated, and whether certain business operations should be modified in order to increase the Debtor's profits. *Id.* ¶ 11. Although Tom

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, February 03, 2016**                                                                  **Hearing Room    1568**

<u>10:00 AM</u>
**CONT...        BBeautiful, LLC, a California limited liability co                                           Chapter 11**

Habrock, the Debtor's Chief Financial Officer, and Carolina Kishimoto, the Debtor's Chief Operations Officer, are insiders, the proposed payments only include work performed during the Gap Period. *Id.* ¶ 18. The Debtor will be seeking Court authority to pay Mr. Habrock and Ms. Kishimoto for postpetition work performed for the Debtor pursuant to a separate Notices of Insider Compensation. *Id.* Lastly, the Debtor represents that no individual employee has a claim that will be in excess of $12,475 (including individual employee's respective accrued vacation pays), except for Ms. Kishimoto. *Id.* ¶ 15. Ms. Kishimoto has a claim of $13,763 ($1,846 for work performed during the Gap Period plus $11,917 for accrued but unpaid vacation pay), which is over the limit established by 11 U.S.C. § 507(a) by $1,288. If the Court is unwilling to grant Ms. Kishimoto's total claim of $13,763, the Debtor seeks the authority to pay all but $909.15 of the accrued but unpaid vacation pay. It is unclear how or where the Debtor obtained the amount $909.15. Lastly, the Debtor asserts that the Debtor holds $109,160 in unencumbered cash as the Petition date and thus will have sufficient funds to cover all payroll and related expenses to be paid through the Motion, as well as other administrative expenses of operating the Business. *Id.* ¶ 9.

On January 29, 2016, the Debtor filed a supplement to the Motion, identifying three additional individuals that the Debtor seeks authority to compensate for services provided prepetition ("Supplement"). Doc. No. 14. Meiping Chen, Tong Hongfeng, and Xu Yongjun are independent contractors located in China and they facilitate the manufacturing and assembly process, negotiate prices with manufacturers, and perform quality checks ("Contractors"). The Debtor contends that Ms. Chen is entitled to payment of $1,431.30 for work performed in January prior to the Petition date. While Mr. Hongfeng and Mr. Yongjun's compensation cannot be determined at this time, the Debtor estimates that they will be entitled to $1,767 and less than $1,000, respectively. The Contractors continue to provide necessary and beneficial services to the Debtor and are not insiders. Based on the foregoing, the Debtor requests that the Court approves the Motion and authorize the Debtor to pay prepetition wages and accrued but unpaid vacations.

On February 1, 2016, the United States Trustee ("UST") filed a limited opposition to the Motion ("UST Opposition"). Doc. No. 22. While the UST does not oppose the Debtor's proposed payments to its non-insiders Employees, the UST asserts that any proposed payments with respect to two insiders, Mr. Habrock and Ms. Kishimoto, are prohibited under the Local Bankruptcy Rule 2014-1(a)(1) until a

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, February 03, 2016**                                                                                      **Hearing Room**    **1568**

10:00 AM
**CONT...**        **BBeautiful, LLC, a California limited liability co**                                              **Chapter 11**

Notice of Insider Compensation is served and the objection period has expired. Additionally, the UST objects to any proposed payments over the limit established by § 507(a)(4), or $12,475. Specifically, the Debtor proposes to pay Ms. Kishimoto $13,763, which is $1,288 over the limit imposed under § 507(a)(4). The UST contends that Ms. Kishimoto should only be paid up to the statutory limit of $12,475.

**Findings of Fact and Conclusions of Law**

As a preliminary matter, the Court notes that the notice and the proof of service show compliance with the Court's order setting this matter on shortened notice. See Doc. Nos. 15 & 16. The Court finds that notice of the Hearing is adequate.

Section 507(a)(4) designates "wages, salaries, or commissions, including vacation, severance, and sick leave pay" that are earned by an individual "within 180 days before the date of the filing of the petition" as a fourth-priority claim. Since the Debtor filed its voluntary chapter 11 petition on January 22, 2016, only wages that were earned by the end of the day on January 22, 2016, are entitled to priority. Additionally, § 507(a)(4) imposes a limit of $12,475 for each individual employee for priority status.

"Because wages are priority claims, courts have often permitted debtors to pay prepetition wage claims in the ordinary course in response to a motion filed by a debtor in possession at the commencement of a chapter 11 case. The ability to ensure that the employees receive their unpaid prepetition salary and do not miss a paycheck is critical to obtaining the stability necessary for the transition to operating as a debtor in possession. If wage claims were not entitled to priority, it would be difficult to justify 'first day' orders approving payments of prepetition wages. There is no clear statutory authority for such first day orders, although a court with some confidence in the debtor's ability to satisfy claims through the third priority could justify the order under section 105." Collier on Bankruptcy, § 507.05[2] (rev'd 15th ed.).

Local Bankruptcy Rule 2081-1(a) provides that a motion to pay prepetition payroll must be supported by evidence that establishes the following: "(A) The employees are still employed; (B) The necessity for payment; (C) The benefit of the procedures; (D) The prospect of reorganization; (E) Whether the employees are

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, February 03, 2016**                                              **Hearing Room    1568**

10:00 AM
**CONT...        BBeautiful, LLC, a California limited liability co                            Chapter 11**

insiders; (F) Whether the employees' claims are within the limits established by 11 U.S.C. § 507; and that (G) The payment will not render the estate administratively insolvent."

As indicated by the Declaration of Arminak, all employees to whom the Debtor seeks to pay prepetition wages and accrued but unpaid vacation days are still employed. The Declaration of Arminak further provides that payment is necessary and will benefit the estate. As to the prospects for reorganization, the Debtor states that it can continue to operate as an ongoing concern while the Debtor evaluates the Business to increase profit. Payment of prepetition wages and accrued but unpaid vacation pays will not render the estate administratively insolvent. However, the Court finds that Debtor's proposed payments for Mr. Habrock and Ms. Kichimoto are inappropriate as they are insiders. As stated by the UST in its opposition, the Debtor must first file a Notice of Insider Compensation pursuant to the Local Bankruptcy Rule before the proposed payments can be made. The proposed payments for the non-insiders for <u>wages earned</u> during the Gap Period are approved. Next, it is unclear to the Court whether the proposed payments of accrued but unpaid vacation pays were earned within 180 days prior to the Petition date. If all or portions of such compensation were earned prior to the time-frame prescribed under § 507(a)(4), they cannot be treated as priority claims. The Debtor must provide clarification on this issue. The UST's objection with respect to Ms. Kishimoto's proposed payment exceeding the statutory limit set by § 507(a)(4) is moot since Ms. Kishimoto cannot be compensated until a Notice of Insider Compensation is filed by the Debtor.

Additionally, the Debtor needs to submit additional evidence in order for the Court to determine whether the proposed payments to the Contractors constitute priority claims pursuant to § 507. Under § 507(a)(4)(B), independent contractors must satisfy an additional requirement for their claims to be treated as priority claims, which the Debtor fails to discuss. *See* 11 U.S.C. § 507(a)(4)(B) (". . . if, and only if, during the 12 months preceding that date, at least 75 percent of the amount that the individual or corporation earned by acting as an independent contractor in the sale of goods or services was earned from the debtor."); *In re: EcoSmart, Inc.*, No. 2:15-BK-27139-RK, 2015 WL 9274245, at *8 (Bankr. C.D. Cal. Dec. 18, 2015).

For these reasons, the Court's tentative ruling is to GRANT IN PART AND DENY IN PART the Motion as set forth above. Wages earned during the Gap Period

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, February 03, 2016**             **Hearing Room**    **1568**

### 10:00 AM
**CONT...**     **BBeautiful, LLC, a California limited liability co**            **Chapter 11**

for non-insiders are APPROVED.  Reimbursement of $758.96 for travel expense to one of the Employees is GRANTED, unless it is made to an insider.  Waged earned during the Gap Period for insiders are DENIED.  The Debtor must submit additional evidence with respect to the accrued but unpaid vacation pays and the Contractors.  The Debtor's bank, Bank of America, N.A., is authorized and directed to honor any prepetition checks in payment of obligations granted above as part of the Motion.

The Debtor must lodge a conforming proposed order within 7 days of the hearing.

| Party Information |
|---|

**Debtor(s):**

   BBeautiful, LLC, a California            Represented By
                                                          Steven Werth