

**FILED & ENTERED**

**FEB 29 2016**

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez  DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:   BBeautiful, LLC,<br><br>         Debtor(s). | Case No.:  2:16-bk-10799-ER<br>Chapter:    11<br><br>**ORDER VACATING HEARING AND GRANTING  DEBTOR'S MOTION FOR ORDER AUTHORIZING PAYMENT AND/OR HONORING OF PREPETITION EMPLOYEE COMPENSATION AND RELATED EMPLOYEE CLAIMS  [Doc. No. 7]**<br><br>Date:       March 9, 2016<br>Time:       10:00 a.m.<br>Location:  Ctrm. 1568<br>              Roybal Federal Building<br>              255 East Temple Street<br>              Los Angeles, CA 90012 |

   The Debtor commenced the instant chapter 11 bankruptcy case on January 22, 2016 ("Petition").  Doc. No. 1.  The Debtor requested the Court to authorize (but not direct) the payment and/or honoring of prepetition employee compensation, employee benefits, withholding and payroll taxes, accrued vacation time, and related employee claims ("Motion").  Doc. No. 7.  The Debtor filed a supplement to the Motion, identifying three additional individuals ("Contractors") that the Debtor sought authority to compensate for services provided prepetition ("Supplement").  Doc. No. 14.  On February 4, 2016, the Court entered an order granting-in-part and denying-in-part the Motion ("Order").  Doc. No. 28.  The Court continued the hearing on the

Motion, as it relates to the Contractors identified in the Supplement and ordered the Debtor to file further documents and pleadings in support of its proposed payments to the Contractors under § 507.

On February 19, 2016, the Debtor filed a further supplement ("Further Supplement"). Doc. No. 43.  The Debtor currently seeks authorization to pay prepetition compensation to two independent contractors based in China: Ms. Meiping Chen ("Ms. Chen") and Mr. Tong Hongfeng ("Mr. Hongfeng").  Ms. Chen began working for the Debtor on December 6, 2015, and is owed $1,431.30 for work performed prepetition in January.  Mr. Hongfeng began working for the Debtor on November 23, 2015, and is owed $2,133.07 for work performed and expenses incurred prepetition in January.  Both Ms. Chen and Mr. Honfeng work with Debtor's manufacturers in China to set up specific processes needed to create the Debtor's products, perform quality control, and negotiate prices on behalf of the Debtor.  Both individuals continue to provide such services to the Debtor.  Both receive a fixed monthly compensation without any sales commissions.  The Debtor does not seek authorization to pay prepetition compensation to the third independent contract mentioned in the Supplement.

Section 507 designates "wages, salaries, or commissions, including vacation, severance, and sick leave pay" that are earned by an individual "within 180 days before the date of the filing of the petition" as a fourth-priority claim. 11 U.S.C. § 507(a)(4)(A).  Section 507 also designates "sales commissions earned by an individual . . ., acting as an independent contractor in the sale of goods or services for the debtor in the ordinary course of the debtor's business, if, and only if, during the 12 months preceding that date, at least 75% percent of the amount that the individual . . . earned by acting as an independent contractor in the sale of goods or services was earned from the debtor." 11 U.S.C. § 507(a)(4)(B).  The Debtor contends that Ms. Chen and Mr. Hongfeng do not have to satisfy the additional requirement imposed under § 507(a)(4)(B) because they are not seeking payment on account of sales commissions.  The fact that Ms. Chen and Mr. Honfeng are independent contractors, according to the Debtor, does not prevent them from receiving priority status under § 507(a)(4)(A).  The only case law cited by the Debtor in support of such contention is *In re EcoSmart, Inc. (EcoSmart)*, No. 2:15-BK-27139-RK, 2015 WL 9274245, at *7 (Bankr. C.D. Cal. Dec. 18, 2015).  EcoSmart stands for the proposition that, if independent contractors seeking payment on account of sales commissions cannot satisfy the requirements of § 507(a)(4)(B), they cannot receive priority status by qualifying under § 507(a)(4)(A).  *Id.* EcoSmart does not provide guidance on the issue of whether independent contractors are entitled to priority status if they are not seeking payment on account of sales commissions.  The Debtor does not offer any other applicable statutory or case law.

Despite lack of binding authority, however, the Court finds Debtor's argument persuasive.  Plain reading of § 507(a)(4)(A) does not distinguish between employees and independent contractors.  Section 507(a)(4)(B) imposes additional requirements for independent contractors seeking payment *on account of sales commissions*.  Therefore, the Court finds that Ms. Chen and Mr. Hongfeng are not prohibited from receiving priority status under § 507(a)(4)(A) solely based on the fact that they are independent contractors.  The Order also stated that interested parties "may file an opposition to the [Supplement] within seven (7) days of service of the [Supplement].  Failure to file any such opposition to the [Supplement] may be deemed by the Court to be consent to granting the relief requested by the Debtor, and the Court

may in that instance take the March 9, 2016 hearing off-calendar." Order, at 4. The Supplement was served on all interested parties on February 19, 2016. As the date of entry of this order, no opposition has been filed. Since Ms. Chen and Mr. Hongfeng satisfy the requirements of § 507(a)(4)(A), the Court finds that they are entitled to receive priority status.

Based on the foregoing, the Debtor is HEREBY AUTHORIZED to make the proposed payments to Ms. Chen and Mr. Hongfeng for prepetition compensation. The hearing currently set for March 9, 2016, at 10:00 a.m., is HEREBY VACATED.

IT IS SO ORDERED.

###

Date: February 29, 2016

Ernest M. Robles
United States Bankruptcy Judge