# EXHIBIT 1

# EXHIBIT 1

MARCUS A. MANCINI, ESQ.  (State Bar No. 146905)
CHRISTOPHER BARNES, ESQ. (State Bar No. 206186)
TARA J. LICATA, ESQ. (State Bar No. 266111)
ARMANDO SOLORZANO, ESQ. (State Bar No. 282650)
**MANCINI & ASSOCIATES**
A Professional Law Corporation
15303 Ventura Boulevard, Suite 600
Sherman Oaks, CA 91403
Telephone: (818) 783-5757
Fax          (818) 783-7710

Attorneys for Plaintiff **XI "SUNNY" ZHANG**

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| XI "SUNNY" ZHANG,<br><br>    Plaintiff,<br><br>    *vs.*<br><br>BBEAUTIFUL, LLC;<br>BBEAUTIFUL, LLC dba<br>CHRISLIE FORMULATIONS;<br>CHRISLIE FORMULATIONS;<br>HELGA ARMINAK;<br>and DOES 1 through 100, Inclusive,<br><br>    Defendants. | ) Case No.<br>)<br>) **PLAINTIFF'S COMPLAINT FOR**<br>) **DAMAGES:**<br>)<br>) **(1)    FOR VIOLATION OF**<br>)           **CALIFORNIA** <u>**BUSINESS AND**</u><br>)           <u>**PROFESSIONS CODE**</u> **§17200 ET.**<br>)           **SEQ. (Unfair Business Practices);**<br>)<br>) **(2)    FOR VIOLATION OF**<br>)           **CALIFORNIA** <u>**LABOR CODE**</u><br>)           **§§1102.5 ET. SEQ. (Whistleblower**<br>)           **Statute);**<br>)<br>) **(3)    FOR RETALIATION AND**<br>)           **WRONGFUL TERMINATION IN**<br>)           **VIOLATION OF PUBLIC**<br>)           **POLICY.**<br>)<br>)    <u>**JURY TRIAL DEMANDED**</u><br>)<br>)    <u>**UMLIMITED JURISDICTION:**</u><br>)    <u>**VALUE IN EXCESS OF $25,000.00**</u><br>) |

  **COMES NOW** Plaintiff **XI "SUNNY" ZHANG** (hereinafter "ZHANG" and/or

"Plaintiff") and complains against the above-named Defendants, and each of them, and DOES 1

through 100, Inclusive, and for causes of action against the Defendants, and each of them, alleges

as follows:

---

1

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

# I.

## FIRST CAUSE OF ACTION

### (Violation Of California Business and Professions Code §17200

### [Unfair Business Practices]

### Against all Defendants and DOES 1-100, Inclusive)

1.    Plaintiff is an individual residing in the County of Los Angeles, State of California.

2.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendants BBEAUTIFUL, LLC (hereinafter referred to collectively with other Defendants as "Defendants") and Does 1 through 100, were, and now are, business entities authorized to do business in, and conducting business in, the County of Los Angeles, State of California.

2.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendants BBEAUTIFUL, LLC dba CHRISLIE FORMULATIONS (hereinafter referred to collectively with other Defendants as "Defendants") and Does 1 through 100, were, and now are, business entities authorized to do business in, and conducting business in, the County of Los Angeles, State of California.

2.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendants CHRISLIE FORMULATIONS (hereinafter referred to collectively with other Defendants as "Defendants") and Does 1 through 100, were, and now are, business entities authorized to do business in, and conducting business in, the County of Los Angeles, State of California.

3.    At all times mentioned herein, Defendant HELGA ARMINAK (hereinafter referred to as "ARMINAK" and collectively with all other Defendants as "Defendants") was, and now is, an individual residing in the County of Los Angeles, State of California, and was an Owner, Officer, Shareholder, Director, Manager, Supervisor, Branch Manager, Managing Agent, Principal and Employee of Defendants, and each of them, and DOES 1-100.

4.    Plaintiff is ignorant of the true names and capacities, whether corporate, associate, successor, alter ego, individual or otherwise, of Defendants sued herein as DOES 1 through 100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   will seek leave of court to amend this Complaint to assert the true names and capacities of the

2   fictitiously named Defendants when the same have been ascertained.  Plaintiff is informed and

3   believes, and thereon alleges, that each Defendant designated as a "DOE" herein is legally

4   responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities

5   hereinafter alleged and caused injuries and damages proximately thereby to the plaintiff, as

6   hereinafter alleged.

7        5.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant

8   herein, each Defendant designated, including DOES 1 through 100, Inclusive, herein was the agent,

9   partner, joint venturer, joint employer, client employer, labor contractor, representative, alter ego,

10   servant, employee, managing agent, managing supervisor and/or co-conspirator of each of the other

11   Defendants, and was at all times mentioned herein acting within the course and scope of said

12   agency and employment, and that all acts or omissions alleged herein were duly committed with

13   the ratification, knowledge, permission, encouragement, authorization and consent of each

14   Defendant designated herein.

15        6.     At all times herein mentioned, until her wrongful termination on or about December

16   29, 2015, Plaintiff was employed as a Purchasing Manager by Defendants and DOES 1 through

17   100, Inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's

18   employers, managers and supervisors.

19        7.     During the course of Plaintiff's employment, Defendants' Owner, HELGA

20   ARMINAK, ordered and instructed Plaintiff to represent to potential and/or actual customers that

21   certain products were not tested on animals, if they so inquired.  Plaintiff is informed and believes,

22   and thereon alleges, that the products were in fact tested on animals.  Plaintiff complained and

23   protested what she reasonable and in good faith were violations of State and Federal law regarding

24   representations regarding products.

25        8.     During the course of Plaintiff's employment, employees of Defendants, and each of

26   them, would approach Plaintiff regarding being denied their legal rights to rest and meal breaks

27   and not receiving the full amount of their wages and/or payment of the wages being untimely.

28   Plaintiff complained and protested what she reasonable and in good faith were violations of State

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  and Federal law regarding failing and refusing to grant employees rest periods and meal breaks and

2  failing and refusing to pay employees wages and/or overtime wages.

3      9.      On or about December 24, 2015, Defendants' Owner, HELGA ARMINAK,

4  ordered and instructed Plaintiff to falsify a lab report to a potential and/or actual customer that

5  certain products were not tested on animals.  Plaintiff once again protested and complained that she

6  believed that was unethical and illegal, and did not want to be involved.  On or about December

7  28, 2015, Owner ARMINAK questioned Plaintiff about the report, and Plaintiff stated she forgot to

8  do it.  Incredibly, Owner ARMINAK gave Plaintiff a written warning for failing to submit the

9  report as requested.  Owner ARMINAK now ordered and instructed Plaintiff to meet with the

10 customer on December 29, 2015, who was challenging the truthfulness and/or correctness of the

11 report, and "Act stupid.  Tell them you are new.  If they ask to speak to lab technicians, tell them

12 none are available and the lab is locked."  Plaintiff agreed to the meeting, but she had no intention

13 of making misrepresentations.

14     10.     On or about December 29, 2015, not wanting to go to the meeting with the customer

15 in which she had been ordered and instructed to make misrepresentations, Plaintiff called

16 Defendants, and each of them, and told them she would not be in due to a family emergency.

17 Shortly thereafter, Plaintiff received a text message from Owner ARMINAK informing her she was

18 fired for abandoning her job.

19     11.     California Business and Professions Code §17200 et seq. prohibits unfair business

20 practices by employers including, but not limited to, (1) Failing and refusing to grant employees

21 rest periods and meal breaks, in violation of California Labor Code §226 and 512 et seq.; (2)

22 Failing and refusing to pay employees wages and/or overtime wages, in violation of California

23 Labor Code §200 et seq.; (3)  Giving potential and/or actual customers false descriptions of fact, or

24 false or misleading representations of fact regarding goods, in violation of 15 U.S.C. §1125 and

25 California Business and Professions Code §17200; and (4)  Retaliating and Terminating employees

26 for expected and/or actual complaints of violations of State and/or Federal law.

27     12.     During the entire period of Plaintiff's employment, Plaintiff made numerous and

28 repeated complaints of Defendants' Unfair Business Practices to employees, managers, supervisors

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1 and managing agents of Defendants, and each of them, of Defendants' (1) Failing and refusing to

2 grant employees rest periods and meal breaks in violation of California Labor Code §226 and 512

3 et seq.; (2) Failing and refusing to pay employees wages and/or overtime wages in violation of

4 California Labor Code §200 et seq.; (3) Giving potential and/or actual customers false descriptions

5 of fact, or false or misleading representations of fact regarding goods, in violation of 15 U.S.C.

6 §1125 and California Business and Professions Code §17200; and (4) Retaliating and Terminating

7 employees for expected and/or actual complaints of violations of State and/or Federal law.

8   13. Defendants, and each of them, retaliated against Plaintiff for complaining about the

9 Unfair Business Practices by Defendants, and each of them, and wrongfully terminated Plaintiff on

10 or about December 29, 2015.  Plaintiff's complaints of Unfair Business Practices was a substantial

11 factor motivating and/or motivating reason in Defendants' conduct.

12   14. By the aforesaid acts and conduct of Defendants, and each of them, has been

13 directly and legally caused to suffer actual damages pursuant to California Civil Code §3333

14 including, but not limited to, loss of earnings and future earning capacity, medical and related

15 expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary

16 loss not presently ascertained, for which plaintiff will seek leave of court to amend when

17 ascertained.

18   15. As a direct and legal result of the acts and omissions of Defendants, and each of

19 them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

20 externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

21 discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff,

22 who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this

23 time know the exact duration or permanence of said injuries, but is informed and believes, and

24 thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

25   16. As a further legal result of the acts and omissions of the Defendants, and each of

26 them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

27 during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

28 Plaintiff  will in the future be forced to incur additional expenses of the same nature, all in an

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  amount which is at present unknown.  Plaintiff will pray leave of court to show the exact amount

2  of said expenses at the time of trial.

3     17.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

4  since said incidents Plaintiff has been unable to engage fully in Plaintiff's occupation, and is

5  informed and believes, and thereon alleges, that he will be incapacitated and unable to perform

6  Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an

7  amount which is at present unascertained.  Plaintiff will pray leave of court to show the total

8  amount of loss of earnings at the time of trial.

9     18.    As a further direct and legal result of the acts and conduct of Defendants, as

10 aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

11 emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

12 discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to

13 Plaintiff, who will pray leave of court to assert the same when they are ascertained.

14    19.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

15 this court.

16    20.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

17 malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

18 of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

19 Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

20 managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

21 awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

22    21.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

23 herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

24 provided in California Code Of Civil Procedure §1021.5 and California Business and Professions

25 Code §17200 et seq.

26    22.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

27 herein, Plaintiff is entitled to multiple damages as specifically provided in California Business and

28 Professions Code §17200 et seq.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## II.

## SECOND CAUSE OF ACTION

### (Violation Of California Labor Code § 1102.5 (Whistle-Blower Statute)

### Against all Defendants and DOES 1-100, Inclusive)

23.    Plaintiff incorporates herein by reference Paragraphs 1 through 22 of this Complaint as though set forth in full herein.

24.    During the course of Plaintiff's employment, Defendants' Owner, HELGA ARMINAK, ordered and instructed Plaintiff to represent to potential and/or actual customers that certain products were not tested on animals, if they so inquired.  Plaintiff is informed and believes, and thereon alleges, that the products were in fact tested on animals.  Plaintiff complained and protested what she reasonable and in good faith were violations of State and Federal law regarding representations regarding products.

25.    During the course of Plaintiff's employment, employees of Defendants, and each of them, would approach Plaintiff regarding being denied their legal rights to rest and meal breaks and not receiving the full amount of their wages and/or payment of the wages being untimely.  Plaintiff complained and protested what she reasonable and in good faith were violations of State and Federal law regarding failing and refusing to grant employees rest periods and meal breaks and failing and refusing to pay employees wages and/or overtime wages.

26.    On or about December 24, 2015,  Defendants' Owner, HELGA ARMINAK, ordered and instructed Plaintiff to falsify a lab report to a potential and/or actual customer that certain products were not tested on animals.  Plaintiff once again protested and complained that she believed that was unethical and illegal, and did not want to be involved.  On or about December 28, 2015, Owner ARMINAK questioned Plaintiff about the report, and Plaintiff stated she forgot to do it.  Incredibly, Owner ARMINAK gave Plaintiff a written warning for failing to submit the report as requested.  Owner ARMINAK now ordered and instructed Plaintiff to meet with the customer on December 29, 2015, who was challenging the truthfulness and/or correctness of the report, and "Act stupid.  Tell them you are new.  If they ask to speak to lab technicians, tell them none are available and the lab is locked."  Plaintiff agreed to the meeting, but she had no intention

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   of making misrepresentations.

2        27.    On or about December 29, 2015, not wanting to go to the meeting with the customer

3   in which she had been ordered and instructed to make misrepresentations, Plaintiff called

4   Defendants, and each of them, and told them she would not be in due to a family emergency.

5   Shortly thereafter, Plaintiff received a text message from Owner ARMINAK informing her she was

6   fired for abandoning her job.

7        28.    During the entire period of Plaintiff's employment, Plaintiff made numerous and

8   repeated complaints to employees, managers, supervisors and managing agents of Defendants, and

9   each of them, of what she reasonably and in good faith believed were violations of State and/or

10   Federal law by Defendants, and each of them, including, but not limited to, (1) Failing and refusing

11   to grant employees rest periods and meal breaks in violation of California Labor Code §226 and

12   512 et seq.; (2) Failing and refusing to pay employees wages and/or overtime wages in violation of

13   California Labor Code §200 et seq.; (3) Giving potential and/or actual customers false descriptions

14   of fact, or false or misleading representations of fact regarding goods, in violation of 15 U.S.C.

15   §1125 and California Business and Professions Code §17200; and  (4) Retaliating and Terminating

16   employees for expected and/or actual complaints of violations of State and/or Federal law.

17        29.    Defendants, and each of them, believed that Plaintiff did or might disclose

18   information to a law enforcement or government agency, or to a person with authority over

19   Plaintiff or another employee who has the authority to investigate, discover, or correct the violation

20   or noncompliance, or would provide information to, or testify before, any public body conducting

21   an investigation, hearing, or inquiry.

22        30.    By the acts herein alleged and in violation of California Labor Code §1102.5,

23   Defendants, and each of them made, adopted, and enforced rules, regulations, and policies

24   preventing Plaintiff from disclosing information to government and law enforcement agencies,

25   where Plaintiff had reasonable cause to believe that Plaintiff's employer, Defendants, were

26   violating labor, employment, wage and hour, penal and other laws.

27   / / /

28   / / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

31.     In retaliation for Plaintiff's disclosures to the Defendants that they were in violation of the aforementioned laws, as herein alleged, Defendants, and each of them, instead wrongfully terminated Plaintiff on or about December 29, 2015, in violation of California Labor Code §1102.5. When Plaintiff was wrongfully terminated, Plaintiff's complaints of violations of State and/or Federal law was/were a contributing factor and/or reason in Plaintiff's termination.

32.     By the aforesaid acts and conduct of Defendants, and each of them, has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which plaintiff will seek leave of court to amend when ascertained.

33.     As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

34.     As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

35.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents Plaintiff has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that he will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  amount which is at present unascertained.  Plaintiff will pray leave of court to show the total

2  amount of loss of earnings at the time of trial.

3      36.    As a further direct and legal result of the acts and conduct of Defendants, as

4  aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

5  emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

6  discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to

7  Plaintiff, who will pray leave of court to assert the same when they are ascertained.

8      37.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

9  this court.

10     38.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

11  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

12  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

13  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

14  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

15  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

16     39.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

17  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

18  provided in California <u>Code Of Civil Procedure</u> §1021.5.

19                                    **III.**

20                        **THIRD CAUSE OF ACTION**

21        **(For Retaliation and Wrongful Termination in Violation of Public Policy**

22              **Against Defendants and DOES 1 -100, Inclusive)**

23     40.    Plaintiff incorporates herein by reference Paragraphs 1 through 39 as though set

24  forth in full herein.

25     41.    At all times herein mentioned, the public policy of the State of California, as

26  codified, expressed and mandated in California <u>Labor Code</u> § 1102.5, was to prohibit employers

27  from discriminating against, retaliating against and terminating any individual on the grounds of

28  their complaining of unlawful activity or refusing to commit an unlawful act, i.e. complaining of

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  failing and refusing to grant employees rest periods and meal breaks in violation of California

2  Labor Code §226 and 512 et seq.; failing and refusing to pay employees wages and/or overtime

3  wages in violation of California Labor Code §200 et seq.; and giving potential and/or actual

4  customers false descriptions of fact, or false or misleading representations of fact regarding goods,

5  in violation of 15 U.S.C. §1125 and California Business and Professions Code §17200.  This

6  public policy of the State of California is designed to protect all employees and to promote the

7  welfare and well being of the community at large.  Accordingly, the actions of Defendants, and

8  each of them, in discriminating, harassing and retaliating and constructively terminating Plaintiff

9  on the grounds alleged and described herein were wrongful and in contravention and violation of

10  the express public policy of the State of California, to wit, the policy set forth in California Labor

11  Code § 1102.5,  et seq., and the laws and regulations promulgated thereunder.

12      42.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has

13  been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333

14  including, but not limited to, loss of earnings and future earning capacity, medical and related

15  expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary

16  loss not presently ascertained, for which Plaintiff will seek leave of court to amend when

17  ascertained.

18      43.    As a direct and legal result of the acts and omissions of Defendants, and each of

19  them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

20  externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

21  discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff,

22  who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this

23  time know the exact duration or permanence of said injuries, but is informed and believes, and

24  thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

25      44.    As a further legal result of the acts and omissions of the Defendants, and each of

26  them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

27  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that he

28  will in the future be forced to incur additional expenses of the same nature, all in an amount which

1  is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses

2  at the time of trial.

3      45.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

4  since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and

5  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

6  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

7  which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of

8  loss of earnings at the time of trial.

9      46.    As a further direct and legal result of the acts and conduct of Defendants, as

10 aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

11 emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

12 discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to

13 plaintiff, who will pray leave of court to assert the same when they are ascertained.

14     47.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

15 this court.

16     48.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

17 malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

18 of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

19 Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

20 managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

21 awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

49. As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

**WHEREFORE**, Plaintiff **XI "SUNNY" ZHANG,** prays for judgment against the Defendants, and each of them, as follows:

1. For general damages in an amount within the jurisdictional limits of this Court;

2. For medical expenses and related items of expense, according to proof;

3. For loss of earnings, according to proof;

4. For loss of earning capacity, according to proof;

5. For reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5, according to proof;

6. For reasonable attorneys' fees and costs of said suit as specifically provided in California Business and Professions Code §17200 et seq., according to proof;

7. For multiple damages as specifically provided in California Business and Professions Code §17200 et seq., according to proof;

8. For prejudgment interest according to proof;

9. For punitive and exemplary damages, according to proof;

10. For costs of suit incurred herein; and

11. For such other and further relief as the court may deem just and proper.

DATED:  February 9, 2016                    MANCINI & ASSOCIATES
                                            A Professional Law Corporation


                                            By:_____
                                                MARCUS A. MANCINI, ESQ.
                                                Attorneys for Plaintiff
                                                **XI "SUNNY" ZHANG**

13

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

# EXHIBIT 2

# EXHIBIT 2

Attorney or Party Name, Address, Telephone and FAX
Alan G. Tippie (CA State Bar No. 89587); *atippie@sulmeyerlaw.com*
Steven F. Werth (CA State Bar No. 205434); *swerth@sulmeyerlaw.com*
**SulmeyerKupetz, A Professional Corporation**
333 South Hope Street, 35th Floor
Los Angeles, CA 90071
Telephone: 213.626.2311; Facsimile: 213.629.4520
☐ Pro Se Debtor

| OFFICE OF THE UNITED STATES TRUSTEE LOS ANGELES DIVISION | SUBMIT TO UNITED STATES TRUSTEE - Do not file with the Court |
|---|---|
| In Re:<br><br>BBEAUTIFUL, LLC, a California limited liability company,<br><br><div align=right>Debtor-In-Possession</div> | Case Number:<br>2:16-bk-10799-ER<br><br>**Attorney's 7 Day Package Checklist**<br><br>☐ Check this box to indicate that this checklist amends or supplements a previously filed checklist<br><br>Amendment No. _____ |

**You must attach each of the following documents or a satisfactory explanation of your failure to attach a document. Failure to submit these documents in a timely fashion may result in a motion to convert or dismiss the case. The submission of documents that are incomplete or not prepared in accordance with UTSP guidelines and requirements will be treated as a failure to submit.**

| Document Attached | Previously Submitted | Explanation Attached | REQUIRED DOCUMENTS | | |
|---|---|---|---|---|---|
| X | | | 1. | Declaration of Debtor Regarding Compliance with UST Guidelines and Requirements for Chapter 11 Debtors in Possession | |
| X | | | | 1.1. | Real Property |
| X | | | | 1.2. | Bank Account Information |
| X | | | | 1.3. | Insurance Coverage |
| X | | | | 1.4. | Proof of Required Certificates and Licenses |
| X | | | | 1.5. | List of Insiders |
| | | X | | 1.6. | Financial Statements |
| | | N/A | | 1.7. | Health Care Business |
| | | N/A | | 1.8. | Trust Agreements |
| | | N/A | | 1.9. | Recordation of Chapter 11 Petition |
| X | | | | 1.10. | Federal and State Tax Returns |
| X | | | | 1.11. | Employee Benefit Plans |
| | | X | 2. | Projected cash flow statement for the first ninety (90) days from the initial filing date | |
| X | | | 3. | Statement of Major Issues and Timetable Report | |

☒   I have read and understood the Guidelines and Requirements for Chapter 11 Debtors In Possession.

Dated:   January 28, 2016                    **SulmeyerKupetz, A Professional Corporation**
                                            Law Firm Name

                                        By:  *Steve Werth*

                                            Attorney for Debtor or Debtor In Pro Per
                                            BBeautiful, LLC

Dated:   January 28, 2016                    I HEREBY APPROVE THE ATTACHED

                                            _____
                                                    Signature of Debtor

**(Image of Original Signatures Required)**

*Revised September 1, 2011*                                                                USTLA-4

**1**

| In Re: | Case No.: |
|---|---|
| BBEAUTIFUL, LLC, a California limited liability company,<br><div align="right">Debtor.</div> | 2:16-bk-10799-ER |

2.2.2.  Account Name: <u>Payroll Account</u>

Depository: <u>Bank of America</u>

Last 4 digits of Account Number: <u>6855</u>

Opening Date: <u>1/28/2016</u>

Initial Deposit: <u>-0-</u>

The beginning balance of this account differs from the ending balance of the pre-petition account because: <u>N/A</u>

2.2.3.  Account Name: <u>Tax Account</u>

Depository: <u>Bank of America</u>

Last 4 digits of Account Number: <u>6868</u>

Opening Date: <u>1/28/2016</u>

Initial Deposit: <u>-0-</u>

The beginning balance of this account differs from the ending balance of the pre-petition account because: <u>-0-</u>

☐  Additional sheets are attached hereto, marked Attachment 2.2, and incorporated herein by reference.

## 3. **INSURANCE COVERAGE**

3.1.  Debtor will maintain appropriate insurance coverage for all estate property, including vacant land, throughout the pendency of this proceeding.

3.2.  Debtor has named the United States Trustee, 915 Wilshire Boulevard, Suite 1850, Los Angeles, CA 90017, as an **additional interest party** on each and every insurance policy listed herein and any other policies, throughout the pendency of this proceeding.

3.3.  If, for any reason, an insurance policy shall lapse, not be renewed, or fails to be in full force and effect, debtor will **immediately** provide updated proof of insurance to the United States Trustee.

3.4.  The following policies are in effect as of the date of this declaration.

| | Name of Insurance Carrier | Type of Insurance | Policy Number |
|---|---|---|---|
| 3.4.1. | Cosmetic Insurance Services (Nova Casualty Company) | Property/General Liability | CIS-CL-0010198-3 |
| 3.4.2. | E-Risk Services, LLC (Scottsdale Insurance Company) | Business & Management | EKS3151473 |
| 3.4.3. | Landmark American Insurance Company | Professional Liability | LHR826107 |
| 3.4.4 | Hartford Insurance | Workers' Compensation | 72WECDQ1957 |
| 3.4.4. | PLEASE SEE ATTACHED DECLARATION OF HELGA ARMINAK | | |

3.5.  *COPIES OF THE DECLARATION PAGE(S) for each policy listed herein are attached hereto as Attachment 3.5. Each declaration page(s) reflects (1) the name of insured, the additional interest party(ies), type and extent of coverage; policy expiration date; and the account or policy number (or other identifying information).*

# INSURANCE:
# GENERAL LIABILITY/PROPERTY

# NOVA CASUALTY COMPANY

A STOCK INSURANCE COMPANY

726 EXCHANGE STREET, SUITE 1020 BUFFALO, NY 14210

1-866-633-6945

## COMMON POLICY DECLARATIONS
### RENEWAL DECLARATION

**POLICY NO. CIS-CL-0010198-3**
RENEWAL OF  CIS-CL-0010198-2

## NAMED INSURED AND MAILING ADDRESS

B BEAUTIFUL LLC DBA CHRISLIE FORMULA
TIONS
1350 MOUNTAIN VIEW CIRCLE
AZUSA CA 91702

## AGENCY AND MAILING ADDRESS          10110

Cosmetic Insurance Services
601 Plaza 3, 6th Flr,
Harbor Side Financial Center
Jersey City NJ   07311

POLICY PERIOD:  From 03/05/2015 to 03/05/2016 AT 12:01 A.M. STANDARD TIME AT YOUR MAILING ADDRESS SHOWN ABOVE.

**THE NAMED INSURED IS :**  LIMITED LIAB COMPANY   **BUSINESS DESC :**  MANU/IMPORTER OF HAIR CARE PRODUCTS

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED.   THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

| | PREMIUM |
|---|---|
| COMMERCIAL PROPERTY | 1,260 |
| COMMERCIAL GENERAL LIABILITY | 5,449 |
| COMMERCIAL CRIME | NOT COVERED |
| COMMERCIAL INLAND MARINE | NOT COVERED |
| COMMERCIAL AUTO | NOT COVERED |
| GARAGE | NOT COVERED |
| ESTIMATED TOTAL PREMIUM | $6,709 |
| CALIFORNIA SEISMIC SAFETY FEE | .30 |
| GRAND TOTAL | $6,709.30 |

THE POLICY WRITING NONREFUNDABLE MINIMUM PREMIUM IS    $500

PREMIUM SHOWN IS PAYABLE:  $6,709.30  AT INCEPTION;          1ST ANNIVERSARY;          2ND ANNIVERSARY

A

Insured



# NOVA CASUALTY COMPANY

A STOCK INSURANCE COMPANY

726 EXCHANGE STREET, SUITE 1020 BUFFALO, NY 14210

1-866-633-6945

## COMMON POLICY DECLARATIONS
### RENEWAL DECLARATION

---

**POLICY NO. CIS-CL-0010198-3**
RENEWAL OF  CIS-CL-0010198-2

---

**NAMED INSURED AND MAILING ADDRESS**          **AGENCY AND MAILING ADDRESS**          10110

B BEAUTIFUL LLC DBA CHRISLIE FORMULA
TIONS
1350 MOUNTAIN VIEW CIRCLE
AZUSA CA 91702

Cosmetic Insurance Services
601 Plaza 3, 6th Flr,
Harbor Side Financial Center
Jersey City NJ  07311

POLICY PERIOD:   From 03/05/2015 to 03/05/2016 AT 12:01 A.M. STANDARD TIME AT YOUR MAILING ADDRESS SHOWN ABOVE.

---

**FORMS AND ENDORSEMENTS APPLICABLE TO ALL COVERAGE PARTS**
IL0017 (11-98)   IL0270 (09-12)   IL0985 (01-08)   AIL00140211      AIL00150211

---

THESE DECLARATIONS AND THE COMMON POLICY DECLARATIONS, IF APPLICABLE, TOGETHER WITH THE COMMON POLICY CONDITIONS,
COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

COUNTERSIGNED AT: _____   DATE: _____   BY: _____

                                                              AUTHORIZED REPRESENTATIVE

IL DS 00 09 08       03-16-15              Page   2 of   7                              USTLA-3

**18**



# NOVA CASUALTY COMPANY

A STOCK INSURANCE COMPANY

726 EXCHANGE STREET, SUITE 1020 BUFFALO, NY 14210

1-866-633-6945

## COMMERCIAL PROPERTY
### RENEWAL DECLARATION

**POLICY NO. CIS-CL-0010198-3**
RENEWAL OF   CIS-CL-0010198-2

## NAMED INSURED AND MAILING ADDRESS        AGENCY AND MAILING ADDRESS        10110

B BEAUTIFUL LLC DBA CHRISLIE FORMULA
TIONS
1350 MOUNTAIN VIEW CIRCLE
AZUSA CA 91702

Cosmetic Insurance Services
601 Plaza 3, 6th Flr,
Harbor Side Financial Center
Jersey City NJ   07311

POLICY PERIOD:   From 03/05/2015 to 03/05/2016 AT 12:01 A.M. STANDARD TIME AT YOUR MAILING ADDRESS SHOWN ABOVE.

PREM. NO.  1   BLDG. NO.  1

1350 MOUNTAIN VIEW CIRCLE,        AZUSA,CA 91702

### COVERAGES PROVIDED

INSURANCE AT THE DESCRIBED PREMISES APPLIES ONLY FOR COVERAGES FOR WHICH A LIMIT OF INSURANCE IS SHOWN

| COVERAGE | CAUSE OF LOSS | DED $ | COINSURANCE | LIMIT OF INSURANCE $ |
|---|---|---|---|---|
| BUSINESS PERSONAL PROPERTY | | | | |
| | SPECIAL-Incl theft | 1,000 | 100% | SEE BLANKET SUMMARY |
| AGREED VALUE | EXP DATE: 03-05-16 | | | SEE BLANKET SUMMARY |
| BUSINESS INCOME - INCLUDING RENTAL VALUE | | | | |
| BUSINESS INCOME WITH EXTRA EXPENSE | SPECIAL-Incl theft | | 100% | SEE BLANKET SUMMARY |
| AGREED VALUE | EXP DATE: 03-05-16 | | | SEE BLANKET SUMMARY |
| | 72-HOUR TIME PERIOD REPLACED BY 24 HRS | | | |

### OPTIONAL COVERAGES

PERSONAL PROPERTY: REPLACEMENT COST



# NOVA CASUALTY COMPANY

A STOCK INSURANCE COMPANY

726 EXCHANGE STREET, SUITE 1020 BUFFALO, NY 14210

1-866-633-6945

## COMMERCIAL PROPERTY
### RENEWAL DECLARATION

> **POLICY NO. CIS-CL-0010198-3**
> RENEWAL OF  CIS-CL-0010198-2

## NAMED INSURED AND MAILING ADDRESS

B BEAUTIFUL LLC DBA CHRISLIE FORMULA
TIONS
1350 MOUNTAIN VIEW CIRCLE
AZUSA CA 91702

## AGENCY AND MAILING ADDRESS          10110

Cosmetic Insurance Services
601 Plaza 3, 6th Flr,
Harbor Side Financial Center
Jersey City NJ  07311

POLICY PERIOD:   From 03/05/2015 to 03/05/2016 AT 12:01 A.M. STANDARD TIME AT YOUR MAILING ADDRESS SHOWN ABOVE.

---

PREM. NO.  2   BLDG. NO.  1

1361 MOUNTAIN VIEW CIRCLE          AZUSA,CA 91702

## COVERAGES PROVIDED

INSURANCE AT THE DESCRIBED PREMISES APPLIES ONLY FOR COVERAGES FOR WHICH A LIMIT OF INSURANCE IS SHOWN

| COVERAGE | CAUSE OF LOSS | DED $ | COINSURANCE | LIMIT OF INSURANCE $ |
|---|---|---|---|---|
| BUSINESS PERSONAL PROPERTY | | | | |
| | SPECIAL-Incl theft | 1,000 | 100% | SEE BLANKET SUMMARY |
| AGREED VALUE | EXP DATE: 03-05-16 | | | SEE BLANKET SUMMARY |
| BUSINESS INCOME - INCLUDING RENTAL VALUE | | | | |
| BUSINESS INCOME WITH EXTRA EXPENSE | SPECIAL-Incl theft | | 100% | SEE BLANKET SUMMARY |
| AGREED VALUE | EXP DATE: 03-05-16 | | | SEE BLANKET SUMMARY |
| | 72-HOUR TIME PERIOD REPLACED BY 24 HRS | | | |

### OPTIONAL COVERAGES

PERSONAL PROPERTY: REPLACEMENT COST

---

## BLANKET SUMMARY - BUILDING AND PERSONAL PROPERTY

| COVERAGE | CAUSE OF LOSS | DED $ | COINSURANCE | LIMIT OF INSURANCE $ |
|---|---|---|---|---|
| PERSONAL PROPERTY | SPECIAL-Incl theft | 1,000 | 100% | 50,000 |
| AGREED VALUE: $     50,000 | EXP DATE: 03-05-16 | | | |

---

CP DS 00 10 00       03-16-15 RT                Page    4 of    7                          USTLA-3

**20**

Insured



**NOVA CASUALTY COMPANY**

A STOCK INSURANCE COMPANY

726 EXCHANGE STREET, SUITE 1020 BUFFALO, NY 14210

1-866-633-6945

# COMMERCIAL PROPERTY

RENEWAL DECLARATION

---

**POLICY NO. CIS-CL-0010198-3**
RENEWAL OF  CIS-CL-0010198-2

---

## NAMED INSURED AND MAILING ADDRESS

B BEAUTIFUL LLC DBA CHRISLIE FORMULA
TIONS
1350 MOUNTAIN VIEW CIRCLE
AZUSA CA 91702

## AGENCY AND MAILING ADDRESS           10110

Cosmetic Insurance Services
601 Plaza 3, 6th Flr,
Harbor Side Financial Center
Jersey City NJ  07311

POLICY PERIOD:  From 03/05/2015 to 03/05/2016 AT 12:01 A.M. STANDARD TIME AT YOUR MAILING ADDRESS SHOWN ABOVE.

---

### BLANKET SUMMARY - TIME ELEMENT

| COVERAGE | CAUSE OF LOSS | DED $ | COINSURANCE | LIMIT OF INSURANCE $ |
|---|---|---|---|---|
| BUSINESS INCOME WITH EXTRA EXPENSE | | | | |
| | SPECIAL-Incl theft | | 100% | 400,000 |
| AGREED VALUE: $  400,000 | EXP DATE: 03-05-16 | | | |

TERRORISM RISK INSURANCE ACT (ANNUAL) CHARGE IS                                    $12

---

### TOTAL PROPERTY PREMIUM      $1,260

---

### FORMS AND ENDORSEMENTS

APPLYING TO COMMERCIAL PROPERTY COVERAGE PART AND MADE PART OF THIS POLICY AT TIME OF ISSUE:

CP0090 (07-88)   IL0102 (05-05)   IL0104 (09-07)   IL0935 (07-02)   CP0140 (07-06)   CP0449 (12-05)

CP1030 (10-12)   CP0010 (10-12)   CP1556 (06-07)   CP0030 (10-12)   CP1515 (10-12)   CP1540 (06-07)

APR00010207CA   ACP00770610   IL0952 (03-08)

---

THESE DECLARATIONS AND THE COMMON POLICY DECLARATIONS, IF APPLICABLE, TOGETHER WITH THE COMMON POLICY CONDITIONS,

COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

COUNTERSIGNED AT: _____ DATE: _____ BY: _____

                                                                              AUTHORIZED REPRESENTATIVE

CP DS 00 10 00     03-16-15 RT              Page   5 of   7                              USTLA-3

**21**

Insured



# NOVA CASUALTY COMPANY

A STOCK INSURANCE COMPANY

726 EXCHANGE STREET, SUITE 1020 BUFFALO, NY 14210

1-866-633-6945

## COMMERCIAL  GENERAL  LIABILITY

RENEWAL DECLARATION

**POLICY NO. CIS-CL-0010198-3**

RENEWAL OF  CIS-CL-0010198-2

| NAMED INSURED AND MAILING ADDRESS | AGENCY AND MAILING ADDRESS | 10110 |
|---|---|---|
| B BEAUTIFUL LLC DBA CHRISLIE FORMULA TIONS<br>1350 MOUNTAIN VIEW CIRCLE<br>AZUSA CA 91702 | Cosmetic Insurance Services<br>601 Plaza 3, 6th Flr,<br>Harbor Side Financial Center<br>Jersey City NJ  07311 | |

POLICY PERIOD:   From 03/05/2015 to 03/05/2016 AT 12:01 A.M. STANDARD TIME AT YOUR MAILING ADDRESS SHOWN ABOVE.

### LIMITS OF INSURANCE

| | | |
|---|---|---|
| GENERAL AGGREGATE | $ 2,000,000 | |
| PRODUCTS-COMPLETED OPERATIONS AGGREGATE | $ 2,000,000 | |
| PERSONAL INJURY & ADVERTISING INJURY | $ 1,000,000 | |
| EACH OCCURRENCE | $ 1,000,000 | |
| DAMAGE TO PREMISES RENTED TO YOU | $ 1,000,000 | ANY ONE PREMISES |
| MEDICAL EXPENSE | $    10,000 | ANY ONE PERSON |

**LOCATION OF ALL PREMISES YOU OWN, RENT OR OCCUPY:**

LOC #   1: 1350 MOUNTAIN VIEW CIRCLE, AZUSA,CA 91702
LOC #   2: 1361 MOUNTAIN VIEW CIRCLE        AZUSA, CA 91702
                WAREHOUSE

| LOC CLASSIFICATION | CODE | PREMIUM BASIS | | PMS RATE | PDTS RATE |
|---|---|---|---|---|---|
| 1   COSMETICS MFG. | 51970 | GROSS SALES | 1,000,001 | 1.433 | 3.163 |

**ADDITIONAL INSURED(S)**

BROAD FROM VENDORS COVERAGE                                                    PER FORM: CG2015 (04-13)

THE NORTHWESTERN MUTUAL LIFE INSURANCE CO A WISCONSIN CORP          PER FORM: CG2018 (04-13)
AND ITS WHOLLY OWNED SUBSIDIARIES AND AGENTS
PO BOX 578, BEVERLY HILLS, CA90212

CG DS 01 10 01        03-16-15                Page    6 of    7                          USTLA-3

**22**

Insured

# NOVA

NOVA CASUALTY COMPANY

## NOVA CASUALTY COMPANY

A STOCK INSURANCE COMPANY

726 EXCHANGE STREET, SUITE 1020 BUFFALO, NY 14210

1-866-633-6945

# COMMERCIAL GENERAL LIABILITY

RENEWAL DECLARATION

| POLICY NO. CIS-CL-0010198-3 |
|---|
| RENEWAL OF CIS-CL-0010198-2 |

| NAMED INSURED AND MAILING ADDRESS | AGENCY AND MAILING ADDRESS | 10110 |
|---|---|---|

| | |
|---|---|
| B BEAUTIFUL LLC DBA CHRISLIE FORMULA TIONS<br>1350 MOUNTAIN VIEW CIRCLE<br>AZUSA CA 91702 | Cosmetic Insurance Services<br>601 Plaza 3, 6th Flr,<br>Harbor Side Financial Center<br>Jersey City NJ  07311 |

POLICY PERIOD:   From 03/05/2015 to 03/05/2016 AT 12:01 A.M. STANDARD TIME AT YOUR MAILING ADDRESS SHOWN ABOVE.

**MANUSCRIPT FORMS:**

CGO435 (12-07) : EMPLOYEE BENEFITS LIABILITY COVERAGE

| Limit of Insurance | Deductible | Premium |
|---|---|---|
| $1,000,000 Each Employee<br>$1,000,000 Aggregate | $1,000  Each Employee | $249 |

Retroactive Date:  03/05/2012

TERRORISM RISK INSURANCE ACT (ANNUAL) CHARGE IS                                   $54

| TOTAL PREMIUM | $5,449 |
|---|---|

## FORMS AND ENDORSEMENTS

APPLYING TO COMMERCIAL GENERAL LIABILITY COVERAGE PART AND MADE PART OF THIS POLICY AT TIME OF ISSUE:

| | | | | | |
|---|---|---|---|---|---|
| IL0021 (09-08) | CG0001 (04-13) | AGL00570907 | CG2107 (05-14) | CG2147 (12-07) | CG3234 (01-05) |
| AIL00331011 | AIL00351011 | CG2015 (04-13) | CG0435 (12-07) | CG2422 (04-13) | CG2167 (12-04) |
| AGL01350408 | CG2170 (01-08) | CG2018 (04-13) | AGL03771010 | CG2155 (09-99) | |

THESE DECLARATIONS AND THE COMMON POLICY DECLARATIONS, IF APPLICABLE, TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

COUNTERSIGNED AT: _____  DATE: _____  BY: _____

AUTHORIZED REPRESENTATIVE

CG DS 01 10 01        03-16-15                    Page    7 of    7                                        USTLA-3

**23**

Insured

# NOVA CASUALTY COMPANY

A STOCK INSURANCE COMPANY

726 EXCHANGE STREET, SUITE 1020 BUFFALO, NY 14210

1-866-633-6945

## COMMON POLICY DECLARATIONS
### EXTENDED NAMED INSURED

**POLICY NO. CIS-CL-0010198-3**

RENEWAL OF  CIS-CL-0010198-2

## NAMED INSURED AND MAILING ADDRESS

B BEAUTIFUL LLC DBA CHRISLIE FORMULA
TIONS
1350 MOUNTAIN VIEW CIRCLE
AZUSA CA 91702

## AGENCY AND MAILING ADDRESS                 10110

Cosmetic Insurance Services
601 Plaza 3, 6th Flr,
Harbor Side Financial Center
Jersey City NJ  07311

POLICY PERIOD:   From 03/05/2015 to 03/05/2016 AT 12:01 A.M. STANDARD TIME AT YOUR MAILING ADDRESS SHOWN ABOVE.

IL DS 00 09 08        03-16-15              Page   1 of   1        SIGNATURE OF AUTHORIZED REPRESENTATIVE

**24**

Insured

# NOVA

**NOVA CASUALTY COMPANY**
726 Exchange Street, Suite 1020, Buffalo, NY 14210
Phone: 716.856.3722 Fax: 716.856.4351

**In Witness Whereof, Nova Casualty Company has executed and attested these presents, and where required by law, has caused this Policy to be countersigned by its duly authorized Representative.**

_____
Charles Frederick Cronin
Corporate Secretary

_____
Frederick H. Eppinger
President

USTLA-3
Page **1** of 1

**25**

Insured

# INSURANCE:
# BUSINESS MANAGEMENT

USTLA-3

<u>26</u>

# SCOTTSDALE INSURANCE COMPANY®

A Stock Insurance Company, herein called the **Insurer**
Home Office:
One Nationwide Plaza • Columbus, Ohio 43215
Administrative Office:
8877 North Gainey Center Drive • Scottsdale, Arizona 85258
1-800-423-7675

## BUSINESS AND MANAGEMENT INDEMNITY POLICY DECLARATIONS

**THE EMPLOYMENT PRACTICES, DIRECTORS AND OFFICERS AND COMPANY, FIDUCIARY, BUSINESSOWNERS, PRIVACY PLUS, TECHNOLOGY, MEDIA AND PROFESSIONAL SERVICES AND MISCELLANEOUS PROFESSIONAL SERVICES COVERAGE SECTIONS OF THIS POLICY, WHICHEVER ARE APPLICABLE, COVER ONLY CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD OR, IF ELECTED, THE EXTENDED PERIOD AND REPORTED TO THE INSURER PURSUANT TO THE TERMS OF THE RELEVANT COVERAGE SECTION. THE CRIME COVERAGE SECTION, IF APPLICABLE, APPLIES ONLY TO LOSS DISCOVERED DURING THE POLICY PERIOD. PLEASE READ THIS POLICY CAREFULLY.**

**THE LIMITS OF LIABILITY AVAILABLE TO PAY INSURED LOSS SHALL BE REDUCED BY AMOUNTS INCURRED FOR COSTS, CHARGES AND EXPENSES, UNLESS OTHERWISE PROVIDED HEREIN. AMOUNTS INCURRED FOR COSTS, CHARGES AND EXPENSES AND LOSS SHALL ALSO BE APPLIED AGAINST THE RETENTION AND DEDUCTIBLE AMOUNTS.**

**TERMS THAT APPEAR IN BOLDFACE TYPE HAVE SPECIAL MEANING. PLEASE REFER TO THE APPROPRIATE DEFINITIONS SECTIONS OF THIS POLICY.**

| Item 1. | **Parent Company** & Mailing Address: | BBeautiful, LLC dba Chrislie Formulations<br>1350 Mountain View Circle<br>Azusa, CA 91702 | **Policy** No:<br>Agent No:<br>Renewal No:<br>Agent Name & Mailing Address: | EKS3151473<br>29406<br>EKS3123412<br>E-Risk Services, LLC<br>Northwest Professional Center<br>227 US Hwy 206<br>Suite 302<br>Flanders, NJ 07836-9174 |
|---|---|---|---|---|

|  | Principal Address, if different from mailing address: | California Premium: | $8,743.00 |
|---|---|---|---|
|  |  | Filing Fee: |  |
|  |  | Fees: | $ 300.00 |
|  |  | Surplus Lines Tax: | $ 262.29 |
|  |  | Stamping Fee: | $ 17.49 |

**Item 2.**  **Policy Period**: From 3/5/2015 to 3/5/2016
12:01 A.M. local time at Principal Address shown above.

**Item 3.**  Coverage Sections and Limit of Liability

Employment Practices Coverage Section

1. Limit of Liability:

   a.   $1,000,000    aggregate for all **Loss**, subject to 1.b. and 1.c. immediately below.

   b.   $1,000,000    additional aggregate for all **Costs, Charges and Expenses**, subject to 1.c. immediately below.

   c.   $2,000,000    maximum aggregate for this Coverage Section

2. Retention:

   a.   $25,000    each **Employment Practices Claim**

   b.   $25,000    each **Third-Party Claim**

3. **Continuity Date**:    3/5/2012

4. **Third Party** Coverage: Yes  _X_    No ____

USTLA-3

Directors and Officers and Company Coverage Section

1. Limit of Liability:
   a. $1,000,000  aggregate for all **Loss**, subject to 1.b. and 1.c. immediately below.
   b. $1,000,000  additional aggregate for all **Loss** under Insuring Clause A.1., subject to 1.c, immediately below.
   c. $2,000,000  maximum aggregate for this Coverage Section

2. Retention:
   a. $0  each **Claim** under Insuring Clause 1.
   b. $25,000  each **Claim** under Insuring Clause 2.
   c. $25,000  each **Claim** under Insuring Clause 3.

3. **Continuity Date:** 3/5/2012


Fiduciary Coverage Section

1. Limit of Liability  $1,000,000  maximum aggregate for this Coverage Section
2. Retention  $25,000  each **Claim**
3. **Continuity Date:** 3/5/2012

---

**Item 4.**   Premium:   $8,743

---

**Item 5.**   **Discovery Period** options:

1. One (1) year =         100%         of the premium
2. Two (2) years =        125%         of the premium
3. Three (3) years =      150%         of the premium

As provided in Section H. of the General Terms and Conditions, only one of the above **Discovery Period** options may be elected and purchased.

---

**Item 6.**   **Run-Off Period**:

1. One (1) year =         110%         of the premium
2. Two (2) years =        112%         of the premium
3. Three (3) years =      115%         of the premium
4. Four (4) years =       120%         of the premium
5. Five (5) years =       122%         of the premium
6. Six (6) years =        125%         of the premium

As provided in Section I. of the General Terms and Conditions, only one of the above **Run-Off Period** options may be elected and purchased.

---

**Item 7.**   Forms and Endorsements Effective at Inception of **Policy:**

EKS-D-1 (04/08), NOTX0015CA (02/00), NOTS0021CA (07/11), EKS-1 (04/08), EKS-P-2 (04/08), EKS-P-1 (04/08), EKS-P-3 (04/08), EKS-782 (01/09), EKS-1133 (10/12), EKS-1137 (10/12), EKS-167 (04/08), EKS-1136 (10/12), EKS-787 (01/09), EKS-6 (04/08), EKS-7 (04/08), EKS-8 (04/08), EKS-9 (04/08), EKS-832 (05/09), EKS-810 (01/09), EKS-199 (04/08), EKS-200 (04/08), EKS-14 (01/09), EKS-846 (11/09), EKS-784 (01/09), EKS-15 (04/08), EKS-16 (04/09), UTS-253-CA (01/97), EKS-202 (04/08), EKS-17 (03/10), EKS-845 (05/09), EKS-783 (01/09), EKS-781 (01/09), EKS-775 (01/09), EKS-164 (05/09), EKS-21 (04/08), EKS-929 (02/11), EKS-788 (01/09), EKS-990 (09/11), EKS-785 (01/09), EKS-165 (04/08), EKS-37 (04/08), EKS-19 (04/08), UTS-9g (05/96), EKS-786 (01/09), EKS-20 (04/08), EKS-1144 (12/12), NOTS0164CW (1/08)

---

**Item 8.**   Notices to Company:

Notice of Claims to:                          Other Notices to:

Scottsdale Indemnity Company                  Scottsdale Indemnity Company

Attention: Claims Manager                     Attention: Claims Manager

7 World Trade Center, 37th Floor              7 World Trade Center, 37th Floor

250 Greenwich Street                          250 Greenwich Street

New York, NY 10007                            New York, NY 10007

FSReportALoss@freedomspecialtyins.com         FSReportALoss@freedomspecialtyins.com USTLA-3

---

These Declarations, together with the **Application**, Coverage Sections, General Terms and Conditions, and any written endorsement(s) attached thereto, shall constitute the contract between the **Insured** and the **Insurer**.

# SCOTTSDALE INSURANCE COMPANY ®

Home Office:
One Nationwide Plaza • Columbus, Ohio 43215
Administrative Office:
8877 North Gainey Center Drive • Scottsdale, Arizona 85258
1-800-423-7675
A STOCK COMPANY

In Witness Whereof, the Company has caused this policy to be executed and attested.

Secretary                    President

The information contained herein replaces any similar information contained elsewhere in the policy.

USTLA-3

UTS-COVPG (12/09)                                    **30**Page 1 of 1



## CALIFORNIA POLICYHOLDER NOTICE

### IMPORTANT INFORMATION FOR CALIFORNIA POLICYHOLDERS

In the event you need to contact someone about this policy for any reason, please contact your agent first. If you have additional questions, you may contact the insurance company issuing this policy at the following address and telephone number:

> **8877 North Gainey Center Drive**
> **Scottsdale, Arizona 85258**
> **Telephone: 1-800-423-7675**

If you have been unable to contact or obtain satisfaction from the company or agent, you may contact the California Insurance Department at:

> **California Department of Insurance**
> **Consumer Affairs Unit**
> **300 South Spring Street, 9th Floor, South Tower**
> **Los Angeles, California 90013**
> **Telephone: 1-800-927-4357 or 213-897-8921 (out of state)**

When contacting your agent, company or the Insurance Department, please have your policy number available.



## CALIFORNIA SURPLUS LINES NOTICE

#### NOTICE TO CALIFORNIA INSURED

1. **THE INSURANCE POLICY THAT YOU [HAVE PURCHASED] [ARE APPLYING TO PURCHASE] IS BEING ISSUED BY AN INSURER THAT IS NOT LICENSED BY THE STATE OF CALIFORNIA. THESE COMPANIES ARE CALLED "NON-ADMITTED" OR "SURPLUS LINE" INSURERS.**

2. **THE INSURER IS NOT SUBJECT TO THE FINANCIAL SOLVENCY REGULATION AND ENFORCEMENT THAT APPLY TO CALIFORNIA LICENSED INSURERS.**

3. **THE INSURER DOES NOT PARTICIPATE IN ANY OF THE INSURANCE GUARANTEE FUNDS CREATED BY CALIFORNIA LAW. THEREFORE, THESE FUNDS WILL NOT PAY YOUR CLAIMS OR PROTECT YOUR ASSETS IF THE INSURER BECOMES INSOLVENT AND IS UNABLE TO MAKE PAYMENTS AS PROMISED.**

4. **THE INSURER SHOULD BE LICENSED EITHER AS A FOREIGN INSURER IN ANOTHER STATE IN THE UNITED STATES OR AS A NON-UNITED STATES (ALIEN)INSURER. YOU SHOULD ASK QUESTIONS OF YOUR INSURANCE AGENT, BROKER, OR "SURPLUS LINE" BROKER OR CONTACT THE CALIFORNIA DEPARTMENT OF INSURANCE AT THE FOLLOWING TOLL-FREE TELE-PHONE NUMBER: 1-800-927-4357. ASK WHETHER OR NOT THE INSURER IS LICENSED AS A FOREIGN OR NON-UNITED STATES (ALIEN) INSURER AND FOR ADDITIONAL INFORMATION ABOUT THE INSURER. YOU MAY ALSO CONTACT THE NAIC'S INTERNET WEB SITE AT WWW.NAIC.ORG.**

5. **FOREIGN INSURERS SHOULD BE LICENSED BY A STATE IN THE UNITED STATES AND YOU MAY CONTACT THAT STATES DEPARTMENT OF INSURANCE TO OBTAIN MORE INFORMATION ABOUT THAT INSURER.**                                         USTLA-3

6. **FOR NON-UNITED STATES (ALIEN) INSURERS, THE IN-SURER SHOULD BE LICENSED BY A COUNTRY OUTSIDE OF THE UNITED STATES AND SHOULD BE ON THE NAIC'S INTERNATIONAL INSURERS DEPARTMENT (IID) LISTING OF APPROVED AGENT, BROKER, OR "SURPLUS LINE" BROKER TO OBTAIN MORE INFORMATION ABOUT THAT INSURER.**

7. **CALIFORNIA MAINTAINS A LIST OF APPROVED SURPLUS LINE INSURERS. ASK YOUR AGENT OR BROKER IF THE INSURER IS ON THAT LIST, OR VIEW THAT LIST AT THE INTERNET WEBSITE OF THE CALIFORNIA DEPARTMENT OF INSURANCE: WWW.INSURANCE.CA.GOV.**

8. **IF YOU, AS THE APPLICANT, REQUIRED THAT THE INSURANCE POLICY YOU HAVE PURCHASED BE BOUND IMMEDIATELY, EITHER BECAUSE EXISTING COVERAGE WAS GOING TO LAPSE WITHIN TWO BUSINESS DAYS OR BECAUSE YOU WERE REQUIRED TO HAVE COVERAGE WITHIN TWO BUSINESS DAYS, AND YOU DID NOT RECEIVE THIS DISCLOSURE FORM AND A REQUEST FOR YOUR SIGNATURE UNTIL AFTER COVERAGE BECAME EFFECTIVE, YOU HAVE THE RIGHT TO CANCEL THIS POLICY WITHIN FIVE DAYS OF RECEIVING THIS DISCLOSURE. IF YOU CANCEL COVERAGE, THE PREMIUM WILL BE PRORATED AND ANY BROKERS FEE CHARGED FOR THIS INSURANCE WILL BE RETURNED TO YOU.**

(California D-2)

USTLA-3

# INSURANCE:
# PROFESSIONAL LIABILITY

USTLA-3

**34**



# *Professional Liability Insurance*

## CLAIM OFFICE:

**Mail claims to:**
945 E. Paces Ferry Rd.
Suite 1800
Atlanta, GA  30326-1160

**Fax claims to:**
(404) 231-3755
(Attn: Claims Department)

**Email claims to:**
reportclaims@rsui.com

USTLA-3



**PROFESSIONAL LIABILITY POLICY DECLARATIONS**
**(Claims-Made and Reported Form)**

# Landmark American Insurance Company

(An Oklahoma Stock Co.)
(hereinafter called "the Company")

EXECUTIVE OFFICES:     945 East Paces Ferry Road, Suite 1800, Atlanta, GA  30326-1160

**Policy Number:**   LHR826107                 **RENEWAL OF:**   LHR823301 00

**Named Insured and Mailing Address:**                 **Producer Name:**

B BEAUTIFUL LLC DBA CHRISLIE FORMULATIONS
1350 MOUNTAIN VIEW CIRCLE
AZUSA , CA 91702

**Policy Period:**   **From:**  3/5/2015   **To:**  3/5/2016     at 12:01 A.M. Standard Time at the Named Insured address as stated herein.

IN CONSIDERATION OF THE PAYMENT OF THE PREMIUM, IN RELIANCE UPON THE STATEMENTS HEREIN OR ATTACHED HERETO, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, THE COMPANY AGREES WITH THE NAMED INSURED AS FOLLOWS:

1. **NAMED INSURED'S PROFESSIONAL SERVICES:**     HEALTH AND BEAUTY MARKETING CONSULTING SERVICES ONLY

2. **LIMITS OF LIABILITY:**        $ 1,000,000   **Each Claim**

                                   $ 1,000,000   **Aggregate Limit**

3. **DEDUCTIBLE:**                 $ 2,500   **Each Claim**

4. **RETROACTIVE DATE:**           03/05/2012

5. **PREMIUM:**                    $ 2,500.00   Not Subject to Audit

| | |
|---|---|
| California Premium: | $2,500.00 |
| Filing Fee: | |
| Fees: | $  300.00 |
| Surplus Lines Tax: | $   75.00 |
| Stamping Fee: | $    5.00 |

6. **FORMS AND ENDORSEMENTS ATTACHED AT INCEPTION:**

   See attached forms list.

**THESE DECLARATIONS TOGETHER WITH A SIGNED COPY OF THE NAME INSURED'S APPLICATION FOR THIS POLICY, COVERAGE FORM(S), FORMS AND ENDORSEMENTS, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.**

**NOTICE:**  THIS IS A CLAIMS-MADE AND REPORTED POLICY.  PLEASE READ THE POLICY CAREFULLY AND DISCUSS THE COVERAGE AFFORDED BY THE POLICY WITH YOUR INSURANCE AGENT OR BROKER.

March 11, 2015                          By: _____
Date                                          Authorized Representative

SubIdID#:     140876        BinderID#
                            Created By:     EE

USTLA-3

RSG 50004 0714                                              **36**

LANDMARK AMERICAN INSURANCE COMPANY

**SCHEDULE OF POLICY ATTACHMENTS AND FORMS**

Form Number               Form Title

RSG 51025 0215            Miscellaneous Professional Liability Coverage Form Claims Made and Reported Basis

ENDT-01                   California - Service Of Suit - RSG 92062 0111

ENDT-02                   California Surplus Lines Disclosure Notice - RSG 99019 0711

ENDT-03                   Marketing & Public Relations Consultant Additional Exclusions - RSG 56052 0405

ENDT-04                   Minimum Retained Premium - RSG 54025 0405

ENDT-05                   Nuclear Energy Liability Exclusion - RSG 56058 0903

ENDT-06                   Products Liability Exclusion - RSG 56099 0405

ENDT-07                   State Fraud Statement - RSG 99022 0313

ENDT-08                   TCPA Exclusion - RSG 56121 1211

ENDT-09                   Warranty Endorsement - RSG 54024 0903