1  Alan G. Tippie (CA Bar No. 89587)
     atippie@sulmeyerlaw.com
2  Steven F. Werth (CA Bar No. 205434)
     swerth@sulmeyerlaw.com
3  **Sulmeyer**Kupetz
   A Professional Corporation
4  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California  90071-1406
5  Telephone: 213.626.2311
   Facsimile: 213.629.4520
6
   Bankruptcy Counsel for BBeautiful, LLC, Debtor
7  and Debtor in Possession

8

9              UNITED STATES BANKRUPTCY COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  LOS ANGELES DIVISION

12

13  In re                                Case No. 2:16-bk-10799-ER

14  BBEAUTIFUL, LLC,                      Chapter 11
    a California limited liability company,
15                                        SMALL BUSINESS CASE UNDER
                                          FRBP 1020
16        Debtor.
                                          **DEBTOR'S OPPOSITION TO XI
17                                        ZHANG'S MOTION FOR RELIEF FROM
                                          STAY TO COMMENCE LITIGATION
18                                        AGAINST DEBTOR**

19                                        Date:     April 4, 2016
                                          Time:     10:00 a.m.
20                                        Place:    Courtroom 1568
                                                    255 East Temple Street
21                                                  Los Angeles, CA 90012

22

23      **TO THE HONORABLE ERNEST ROBLES, UNITED STATES BANKRUPTCY**

24  **JUDGE, TO MOVANT AND HER COUNSEL OF RECORD:**

25          BBeautiful, LLC, debtor and debtor in possession in the above-captioned case ("Debtor")

26  opposes the "Notice Of Motion And Motion For Relief From The Automatic Stay Under 11

27  U.S.C. § 362" [Docket No. 54] (the "Motion") filed by Xi "Sunny" Zhang ("Movant"), and in

28  support of this opposition states and represents as follows:

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

## I.

## INTRODUCTION AND BACKGROUND

The Motion seeks relief from stay to commence litigation against the Debtor. While the Motion purports to be a motion seeking relief from stay to continue with an action in a nonbankruptcy forum, there is no pending action by Movant against the Debtor. Movant has not filed any complaint against the Debtor. Instead, Movant seeks relief to institute such litigation. The automatic stay should not be lifted for the Movant to commence litigation to prosecute a claim which the Movant can assert just as easily by filing a proof of claim. The Debtor should not be required to devote its attention, time and energies to defense of a disputed general unsecured claim, to the detriment of legitimate creditors. This case was just commenced and the Debtor's efforts are, and should be directed towards reorganizing its business, which can only be hampered if the Motion were granted.

As framed by the Motion, "cause" allegedly exists to grant the Motion because (1) Movant seeks recovery from the Debtor's insurance, but refuses to waive any deficiency claim against the Debtor, (2) Movant "seeks recovery from third parties" and agrees that the stay will remain in effect as to enforcement of any judgment against the Debtor, other than to file a proof of claim, (3) mandatory abstention applies under 28 U.S.C. § 1334(c)(2) or (c)(1); (4) the claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum, and (5) the claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum. Motion, ¶4. The Motion does not contain any memorandum of points and authorities supporting these assertions or conclusions, and attaches only a draft complaint ("Complaint") that Movant asserts she seeks to file in the California Superior Court.

The sole "evidence" proffered in support of a finding of cause to lift the automatic stay consists of the declaration of Tara Licata, Esq., an attorney for the Movant. Her declaration baldly contends that grounds exist to lift the stay for the reasons identified above. The Motion also contains a "Continuation Page Re Declaration Page Re Declaration Of Tara Licata, Esq.," but this document is not signed and, as such, cannot and does not constitute evidence to support a finding of cause or for any other reason. Nor is the Complaint evidence of any of the allegations

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    contained within it—though of course it is an indication that Movant intends to make those

2    assertions.  Moreover, while the Motion attaches as an exhibit the Debtor's insurance policies,

3    there is no evidence that any of the Debtor's insurers have assumed financial responsibility for

4    defending the Debtor in the proposed litigation.

5        If the Court were to grant relief from stay, the Debtor would be required to expend

6    significant resources to litigate an action at a time when it has very limited resources and needs to

7    focus instead on reorganizing its affairs and moving this bankruptcy case towards financial

8    stability.  Granting relief would unnecessarily penalize creditors of this estate that hold claims of

9    merit.  Movant can simply file a proof of claim, as is an option for all creditors of the estate.  This

10    case is still in its infancy, and it is too early for the Debtor know whether it makes economic sense

11    to object to Movant's claim.  Those decisions can be made later without any prejudice to Movant.

12        As will be further demonstrated below, Movant's character and the product of her prior bad

13    acts raise serious questions as to her credibility and any benefit that she might achieve even if she

14    were able to recover anything from her disputed claims.

15        Given the absence of "cause," the lack of prejudice to Movant, the questionable standing of

16    Movant, and the deleterious effect on the Debtor's reorganization efforts if the Motion were

17    granted, the Motion should be denied.

18 **II.**

19 **RELEVANT FACTS AND EVENTS IN THIS BANKRUPTCY CASE**

20        The Debtor commenced this case on January 22, 2016 (the "Petition Date").  After

21    applying for, and obtaining, two continuances of its deadline to file its Schedules and Statement of

22    Financial Affairs to March 4, 2016, the Debtor filed its Schedules and Statement of Financial

23    Affairs on March 10, 2016.

24        On the Petition Date, the Debtor filed three emergency "first day" motions in this case, one

25    which sought an order that its utility suppliers were adequately protected, a second to authorize the

26    Debtor to continue to use its pre-petition merchant bank account to processes the Debtor's credit

27    card transactions, and a third to pay employees' pre-petition wage claims.  The Court granted these

28    motions with certain modifications, and the Debtor is continuing to operate its business as a debtor

1  in possession.

2      On July 28, 2014, the Debtor submitted certain materials to the Office of the United States

3  Trustee ("OUST") as part of its "seven-day package." The Debtor is still in the process of

4  providing additional information to the OUST. The Debtor's Initial Debtor Interview with the

5  OUST occurred on February 10, 2016. Its meeting of creditors pursuant to 11 U.S.C. §341(a)

6  occurred on March 11, 2016 and was continued to April 1, 2016.

7  **III.**

8  **THERE IS NO CAUSE TO LIFT THE AUTOMATIC STAY**

9  **A.**    **Movant's First Grounds For Relief**

10      The Motion first asserts that there are grounds for relief from stay by stating: "Movant

11  seeks recovery from applicable insurance (identified below) and does NOT waive any deficiency."

12  Motion, ¶4(a). In modifying the existing language on Form F 4001-1.RFS (which states that

13  Movant seeks recovery only from applicable insurance, if any, and waives any deficiency against

14  the Debtor), Movant has converted the statement from one which potentially supports a finding of

15  cause, into a mere tautology—that Movant desires to pursue litigation against the Debtor.

16      Thus, the purported "grounds" for lifting the stay—that the Movant will pursue any

17  available insurance but will not waive any deficiency against the Debtor—instead highlights the

18  reason the stay should not be lifted. If the stay were lifted, the Debtor will need to devote

19  substantial resources to defend the action, which is true frankly even if Movant were willing to

20  waive any deficiency. In this instance, however, since the outcome of the litigation may affect the

21  estate, the Debtor would be required to retain counsel at the expense of the estate and be forced to

22  utilize precious resources (cash) to do so.

23  **B.**    **Movant's Second Grounds For Relief**

24      Movant next asserts that there is cause for relief as: "Movant seeks recovery from third

25  parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment

26  against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of

27  claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this

28  bankruptcy case."

SulmeyerKupetz, A Professional Corporation<br>333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR<br>LOS ANGELES, CALIFORNIA 90071-1406<br>TEL 213.626.2311 • FAX 213.629.4520

4

1    Again, Movant has modified the language of Form F 4001-1.RFS to state something other

2  than the original language which could possibly justify a finding of cause for relief.  The original

3  wording of that form states that the movant seeks recovery "primarily" from third parties.

4  Movant, however, deletes that modifier.  Movant thus does not even maintain that it is seeking

5  recovery primarily from a source other than the Debtor.  Moreover, a review of the Complaint

6  demonstrates that the three causes of action asserted therein, for the violation of Business and

7  Professional Code, for violation of the California Labor Code, and for retaliation and wrongful

8  termination, would be claims primarily, if not exclusively, against the Debtor.

9    Movant can simply file a proof of claim now to assert her claim(s) against the Debtor, and

10  proceed against non-Debtor third parties separately if any such claims actually exist.  Movant's

11  assertion that it will not enforce any judgment obtained against the Debtor does not address the

12  underlying problem:  because Movant will not waive any deficiency against the Debtor, the

13  potential exists that an award will be made that will affect the estate.  This is true, even if Debtor

14  has an insurance policy where the carrier has assumed responsibility for the litigation.  The Debtor

15  will have to dedicate significant resources, including the attention of Debtor's principal and key

16  employees, away from reorganizing the estate and towards defending Debtor in the proposed

17  litigation.

18  **C.    Mandatory Abstention Does Not Apply**

19    Movant's third basis for a finding of cause is that mandatory abstention applies.  28 U.S.C.

20  §1334(c)(2) mandates abstention when certain factors are present:

21         Upon timely motion of a party in a proceeding based upon a State
           law claim or State law cause of action, related to a case under title
22         11 but not arising under title 11 or arising in a case under title 11,
           with respect to which an action could not have been commenced in
23         a court of the United States absent jurisdiction under this section,
           the district court shall abstain from hearing such proceeding if an
24         action is commenced, and can be timely adjudicated, in a State
           forum of appropriate jurisdiction.
25
     The prerequisites of mandatory abstention have been explained as follows:  (i) a timely
26
     motion is made; (ii) the proceeding is based upon a state law claim or state law cause of action;
27
     (iii) the proceeding is related to a case under title 11; (iv) the proceeding does not arise under title
28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1   11; (v) the action could not have been commenced in a federal court absent jurisdiction under 28

2   U.S.C. § 1334; and (vi) an action is commenced, and can be timely adjudicated, in a state forum of

3   appropriate jurisdiction. In re Container Transport, Inc., 86 B.R. 804, 806 (E.D. Pa. 1988);

4   Sedlachick v. National Bank (In re Kold Kist Brands, Inc.), 158 Bankr. 175, 178 (C.D. Cal. 1993).

5   The burden of satisfying the foregoing elements is on the moving party and the failure to prove a

6   single element defeats mandatory abstention. In re Ascher, 128 B.R. 639, 644 (Bankr. N.D. Ill.

7   1991).

8        The Motion contains only the bare statement that mandatory abstention applies in this

9   situation, and the Declaration of Tara Licata, Esq. (the "Licata Decl.") contains no further

10  evidence to support this finding. The "Continuation Page Re Declaration Of Tara Licata, Esq.,"

11  which is unsigned, does state that the Complaint alleges causes of action which arise under

12  California state law. However, Movant fails to set forth any evidence that the Complaint can be

13  timely adjudicated, stating only Movant will request a jury trial, which runs counter to the

14  argument of a more timely adjudication. Couple the additional burdens imposed by a jury trial

15  with the well know budget shortfalls of the Superior Court and the concomitant delays arising

16  therefrom, and Movant clearly loses her argument on this point. The Motion does not even make

17  the bare assertion that timely adjudication is possible. Instead, it states only that the action can be

18  "most efficiently litigated" in State court.

19       The Complaint has not been filed, no action has even been commenced (a fatal defect to

20  mandatory abstention), no discovery initiated, and there is no evidence as to how long it would

21  take to obtain a trial date. There is not even an allegation of timely adjudication here and, even if

22  there were, mere allegations are inadequate to satisfy Movant's statutory burden. See Georgou v.

23  Fritzshall, 157 B.R. 847, 850-51 (N.D. Ill. 1993) (burden of establishing timely adjudication is on

24  the party seeking mandatory abstention). The moving party does not carry its burden merely by

25  arguing that a proceeding can be adjudicated in state court. In re Leco Enterprises, 144 B.R. 244,

26  251 (S.D.N.Y. 1992).

27       There is nothing in the motion to which Movant can point which demonstrates that the

28  State court is more equipped to resolve the disputes raised in the State Court Action than its

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    Bankruptcy Court brethren.  To the contrary, the Bankruptcy Court is just as qualified to consider

2    the State law claims raised by the plaintiff as is the State court, and can accomplish this feat in a

3    much quicker time frame.  Due to Movant's inability to demonstrate (or even assert) each of the

4    required elements for mandatory abstention, the Court should deny this request.

5    **D.**    **The Claims Are Not Nondischargeable in Nature**

6        Movant further contends that "The Claims are nondischargeable in nature and can be most

7    expeditiously resolved in the nonbankruptcy forum".  Motion, ¶4.d.  Initially, this argument is

8    nonsensical as our debtor is a limited liability company and, as such, the nondischargeability

9    provisions of §523 of title 11, United States Code, do not apply.

10        And even if they did apply, the only claims asserted in the Complaint are for Unfair

11    Business Practices, violation of California Labor Code Sections 1102.5 et seq., and for retaliation

12    and wrongful termination in violation of public policy.  All of these claims are dischargeable

13    pursuant to 11 U.S.C. ¶1141(d)(1).  There is no law cited by Movant to the contrary, even if the

14    Debtor were an individual.

15    **E.**    **The Claims Cannot Be Most Expeditiously Resolved In A Nonbankruptcy Forum**

16        Movant further contends that "cause" exists to grant the Motion because her claims can be

17    most expeditiously resolved in the state court.  Motion, ¶4.e.  However, the Licata Decl. admits

18    that the action (1) is not set for trial, and (2) is not in advanced stages of discovery.  Ms. Licata's

19    declaration baldly proclaims only that the action "involves non-debtor parties and a single trial in

20    the nonbankruptcy forum is the most efficient use of judicial resources." Tacata Decl., ¶5.d.3.

21        ·The Debtor believes that the opposite is true.  If it becomes necessary, it will be more

22    efficient for this Court to resolve Movant's claim via the regular claim objection process.  The

23    Ninth Circuit has stated that if litigation against a debtor in another forum will interfere with the

24    administration of the bankruptcy estate, that "may be enough to preclude relief in the absence of a

25    commensurate benefit." In re Landmark Fence Co., 2011 U.S. Dist. LEXIS 150928, *10 (C.D.

26    Cal. Dec. 9, 2011) (citing In re Curtis, 40 B.R. 795, 800 (Bankr. D. Utah 1984)).  The Landmark

27    Court goes further to say that "even slight interference with the administration may be enough to

28    preclude relief..." Id.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 · FAX 213.629.4520

1  Courts in the Ninth Circuit typically look at a series of nonexclusive factors (the "Curtis

2  Factors") when determining whether relief from stay is appropriate.  Kronemyer v. Am. Contrs.

3  Indem. Co. (In re Kronemyer), 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009).  Those factors are:

4  (1) Whether the relief will result in a partial or complete resolution of the issues.

5  (2) The lack of any connection with or interference with the bankruptcy case.

6  (3) Whether the foreign proceeding involves the debtor as a fiduciary.

7  (4) Whether a specialized tribunal has been established to hear the particular cause

8  of action and that tribunal has the expertise to hear such cases.

9  (5) Whether the debtor's insurance carrier has assumed full financial responsibility

10  for defending the litigation.

11  (6) Whether the action essentially involves third parties, and the debtor functions

12  only as a bailee or conduit for the goods or proceeds in question.

13  7) Whether litigation in another forum would prejudice the interests of other

14  creditors, the creditors' committee and other interested parties.

15  (8) Whether the judgment claim arising from the foreign action is subject to

16  equitable subordination under Section 510(c).

17  (9) Whether movant's success in the foreign proceeding would result in a judicial

18  lien avoidable by the debtor under Section 522(f).

19  (10) The interest of judicial economy and the expeditious and economical

20  determination of litigation for the parties.

21  (11) Whether the foreign proceedings have progressed to the point where the

22  parties are prepared for trial.

23  (12) The impact of the stay on the parties and the "balance of hurt."

24  Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.), 311

25  B.R. 551, at 559 (Bankr. C.D. Cal. 2004).

26  Here, none of these factors weigh in favor of lifting the stay so that the Movant can

27  proceed.  While a jury trial in State court may someday result in a judgment for or against the

28  Debtor, relief will at best result in a partial completion of the issues and require a lengthy litigation

1    process. There is no foreign proceeding but even if the action were commenced, there is no cause

2    of action asserting that the Debtor is a fiduciary. There is no specialized tribunal required to

3    determine the asserted causes of action. The Debtor's insurance carrier has not assumed financial

4    responsibility for defending the litigation. The causes of action identified in the Complaint

5    primarily involve the Debtor, and the Debtor cannot be held to function as only a bailee or

6    conduit. Litigation in State court would prejudice the interests of other creditors, as the Debtor's

7    principal and key employees would be required to divert attention away from reorganization

8    efforts and toward litigation. If Movant obtains a judgment, it does not appear that that judgment

9    would be subject to equitable subordination under Section 510(c). It does not appear, either, that

10   success would give the Movant an avoidable lien. Because no action has been commenced yet,

11   there is no balance of judicial economy to weigh: the Complaint is no closer to trial in State court

12   than it is before this Court. Movant will suffer no harm by leaving the stay in place, as Movant

13   can file a proof of claim which will preserve her rights. The Debtor, in contrast, will suffer harm

14   if required to divert attention from what the Debtor should be focusing on at this moment, which is

15   reorganizing its estate.

16          For these reasons, and the reasons discussed more fully above, there is absolutely no

17   urgency to lift the automatic stay with respect to the Complaint. This case is less than two months

18   old. The State Court Action is the last thing to which the Debtor's estate needs to devote its time

19   and attention, and any resources dedicated to that process will simply be resources that could be

20   better utilized advancing this case and the interests of all of the Debtor's general unsecured

21   creditors, not simply the Movant.

22   **F.    Movant's Character and Financial Motivations**

23          As a Court of equity, this Court should give consideration to the character of the Movant,

24   as reflected in recent criminal and civil judgments entered against her. Such evidence has a

25   bearing on the credibility of the allegations of the complaint (which are conveniently not verified),

26   the likelihood of recovery, the financial implications of a successful prosecution, and the likely

27   motivations for prosecution of the claim.

28          Though Debtor has not conducted a search to determine what additional judgments or

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  evidence of bad acts may exist, it did learn that less than 6 years ago, the California Court of

2  Appeals affirmed the criminal conviction of Movant under 18 U.S.C. §2232(b) (Impairment of In

3  Rem Jurisdiction) and 18 U.S.C. §371 (Conspiracy to Impair In Rem Jurisdiction).  The

4  affirmance was the product of a conviction following a federal grand jury indictment in Los

5  Angeles for Movant's involvement in a conspiracy to sell a piece of real property that had been

6  previously seized by the United States and was the subject of civil forfeiture proceedings in

7  federal court.  Movant Sunny Zhang, along with a co-conspirator, transferred title to real property

8  located at 3320 Big Dalton Avenue, Baldwin Park, California to a third party without any

9  permission or consent by the court. The real property was the subject of a civil forfeiture action

10  filed by the United States government in the District Court and was subject to the in rem

11  jurisdiction of the court.

12      On February 9, 2009, the United States District Court found movant guilty on both counts

13  of the indictment and sentenced her to probation for two years.[1]  Movant thereafter appealed the

14  conviction, which was affirmed by the 9th Circuit.[2]

15      Not learning a lesson from her criminal conviction, Movant continued her fraudulent

16  conduct and misappropriated money from an individual by the name of Gerardo Verdusco in 2011

17  and thereafter.  When Mr. Verdusco learned of the fraud, he initiated a lawsuit against Movant and

18  obtained a judgment against her on September 23, 2014 in the amount of $60,416.27.[3]

19      In the lawsuit, Movant was sued for, among other things, conversion, breach of fiduciary

20  duty, and fraud.

21

22  [1] A true and correct copy of the Criminal Judgment is attached hereto as **Exhibit 1** and by this
23  reference is incorporated herein.  Pursuant to Federal Rule of Evidence 201, Debtor requests that
    the Court take judicial notice of the Judgment.

24  [2] A true and correct copy of the Appellate Court Memorandum submitted April 6, 2010 is attached
    hereto as **Exhibit 2** and by this reference is incorporated herein.  Pursuant to Federal Rule of
25  Evidence 201, Debtor requests that the Court take judicial notice of the Memorandum.

26  [3] A true and correct copy of the Verdusco Judgment, entered September 23, 2014, and the
    complaint from which it was issued are collectively attached hereto as **Exhibit 3** and by this
27  reference are incorporated herein.  Pursuant to Federal Rule of Evidence 201, Debtor requests that
    the Court take judicial notice of the Judgment and the Complaint.
28

1   Debtor became aware of the Verdusco Judgment when it received a garnishment order

2   from the Los Angeles County Sheriff on or about January 7, 2016, a true and correct copy of

3   which is attached hereto as **Exhibit 4**.[4]   The Order indicates that Mr. Verdusco holds a judgment

4   against the Movant in the amount of $66,933.51, which accrues interest per day of $16.55.

5   The above judgments, both civil and criminal, demonstrate the untrustworthy and

6   fraudulent character of the Movant.  She should be forced, like all other creditors, to file her claim

7   under penalty of perjury under the laws of the United States of America and subject herself to the

8   consequences of potentially another fraudulent claim.  These recent federal and state law

9   violations reveal the true character of Movant – that she will intentionally flaunt federal criminal

10   statutes and commit fraud upon individuals for financial gain.  The action that she seeks to file

11   against the Debtor smells of the same motivation and the Court should not facilitate such conduct.

12   **IV.**

13   **CONCLUSION**

14   Based on the foregoing, the Debtor respectfully requests that the Motion be denied in all

15   respects, and for such other and further relief as this Court deems just and proper under the

16   circumstances.

17   DATED: March 21, 2016            Respectfully submitted,
                                       **Sulmeyer**Kupetz
18                                     A Professional Corporation

19

20

                                       By:  */s/Steven F. Werth*
21                                          _____
                                            Alan G. Tippie
22                                          Steven F. Werth
                                            Bankruptcy Counsel for Bbeautiful, LLC

23

24

25

26

27   [4] Pursuant to Federal Rule of Evidence 201, Debtor requests that the Court take judicial notice of
the Earnings Withholding Order.

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

# EXHIBIT 1

# United States District Court
# Central District of California

UNITED STATES OF AMERICA vs.                    Docket No.    CR07-215-SVW

Defendant    Xi Chaidez                         Social Security No.  3    4    1    0

akas:   (nee: Zhang) Sunny Chaidez; Sunny Zhang;    (Last 4 digits)

---

## JUDGMENT AND PROBATION/COMMITMENT ORDER

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 02 | 09 | 2009 |

| COUNSEL | [X] WITH COUNSEL | Michael Brennan, retained |
|---|---|---|
| | | *(Name of Counsel)* |

| PLEA | ☐ GUILTY, and the court being satisfied that there is a factual basis for the plea. ☐ | NOLO CONTENDERE ☐ | NOT GUILTY |
|---|---|---|---|

| FINDING | There being a finding/verdict of [X] GUILTY, defendant has been convicted as charged of the offense(s) of: Conspiracy in violation of 18 USC 371 as charged in Count 1, and Impairment of In Rem Jurisdiction in violation of 18 USC 2232(b) as charged in Count 2 of the Indictment |
|---|---|

| JUDGMENT AND PROB/ COMM ORDER | The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: |
|---|---|

**PROBATION for a term of TWO (2) YEARS.**

This term consists of two years on each of Counts 1 and 2, all such terms to run concurrently and under the following terms and conditions:

1.    The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2.    The defendant shall participate for a period of 6 months in a home detention program which may include electronic monitoring, GPS, or voice recognition and shall observe all rules of such program, as directed by the Probation Officer. The defendant shall maintain a residential telephone line without devices and/or services that may interrupt operation of the monitoring equipment. In the alternative, should the defendant be found unsuitable for the home detention program, the defendant shall reside for a period of 6 months in a community corrections center (community corrections component), as directed by the Probation Officer, and shall observe the rules of that facility;

3.    During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

4.    The defendant shall comply with the immigration rules and regulations of the United States, and if deported from this country, either voluntarily or involuntarily, not reenter the United States illegally. The defendant is not required to report to the Probation Office while residing outside of the United States; however, within 72 hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the United States Probation Office, located at:

United States Court House
312 North Spring Street, Room 600
Los Angeles, California  90012

---

USA vs.   Xi Chaidez                                    Docket No.:    CR07-215-SVW

It is ordered that the defendant shall pay to the United States a special assessment of $200, which is due immediately to the Clerk of the Court.

Defendant shall pay restitution in the total amount of $9,000 to victims as set forth in a separate victim list prepared by the probation office which this court adopts and which reflects the Court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

The bond is exonerated.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

_____
March 5, 2009
_____
Date                                    STEPHEN V. WILSON, U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

_____
March 9, 2009                    By            /s/
_____          _____
Filed Date                                    Paul M. Cruz, Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

### While the defendant is on probation or supervised release pursuant to this judgment:

1.  The defendant shall not commit another Federal, state or local crime;
2.  the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3.  the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4.  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5.  the defendant shall support his or her dependents and meet other family responsibilities;
6.  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7.  the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8.  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9.  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

USA vs.   Xi Chaidez                                    Docket No.:   CR07-215-SVW

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).  Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
        Private victims (individual and corporate),
        Providers of compensation to private victims,
        The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

### SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs.  Xi Chaidez                                    Docket No.:  CR07-215-SVW

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal .

_____          By _____

    Date                            Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____          By _____

    Filed Date                       Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
              Defendant                                    Date

_____          _____
U. S. Probation Officer/Designated Witness         Date

# EXHIBIT 2

**FILED**

**NOT FOR PUBLICATION**

APR 09 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>    v.<br><br>XI CHAIDEZ, AKA Seal A, AKA Xi Zhang, AKA Sunny Zhang,<br><br>    Defendant - Appellant. | No. 09-50137<br><br>D.C. No. 2:07-cr-00215-SVW-1<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted April 6, 2010 [**]
Pasadena, California

Before: D.W. NELSON and REINHARDT, Circuit Judges, and GERTNER, [***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Nancy Gertner, United States District Judge for the District of Massachusetts, sitting by designation.

Xi Chaidez appeals her conviction on one count of Impairment of In Rem Jurisdiction in violation of 18 U.S.C. § 2232(b) and one count of Conspiracy to Impair In Rem Jurisdiction in violation of 18 U.S.C. § 371. We affirm.

First, we hold that Chaidez cannot challenge the sufficiency of the evidence underlying her convictions. Chaidez waived her right to seek appellate review of the sufficiency of the evidence by failing to move for a judgment of acquittal before her case was submitted to the jury. *United States v. Tisor*, 96 F.3d 370, 379 (9th Cir. 1996).

Next, we reject Chaidez' argument that the Government committed prosecutorial misconduct by stating during its closing argument that Chaidez stipulated to an element of the charged offenses. "We review claims of prosecutorial misconduct for plain error when the defendant fails to object at trial. We find plain error only when there is: 1) error; 2) that was clear or obvious; 3) that affected substantial rights; and 4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Washington*, 462 F.3d 1124, 1136 (9th Cir. 2006) (internal citations omitted).

Chaidez' counsel agreed in open court on the record that the defense would "not . . . tell the jury that the government ha[dn't] proven beyond a reasonable doubt that there wasn't permission to sell." The district court and the Government

2

17

made clear on the record that they believed this statement was "a factual

stipulation" that Chaidez never received permission to sell. Nothing in the record

suggests to us that this belief was in error. Chaidez did not object when the court

stated on the record that a stipulation had been made, when the Government asked

for and received permission to mention the stipulation during closing arguments,

nor when the Government stated during its closing argument that Chaidez made a

stipulation. The most reasonable explanation for Chaidez' silence is that Chaidez'

counsel did in fact stipulate that she lacked permission to transfer the property.

Even if Chaidez did not intend to stipulate this point, her intent was not "clear or

obvious" and the Government and the court's mutual failure to discern her

undisclosed intent did not "seriously affect[] the fairness, integrity, or public

reputation of the judicial proceedings." *Washington*, 462 F.3d at 1136.

Accordingly, we hold that the Government did not commit plain error in asserting

during its closing argument that Chaidez stipulated that she lacked court authority

to transfer the property at issue.

**AFFIRMED.**

3

18

# EXHIBIT 3

JUD-100

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>CURT S STEINDLER (SBN 143381)<br>11901 SANTA MONICA BLVD STE 618<br>LOS ANGELES, CA 90025<br>TELEPHONE NO.: 424-243-6460    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* steindler@laevictionlawyers.com<br>ATTORNEY FOR *(Name):* plaintiff, GERARDO VERDUSCO | **RECEIVED**<br>South Central District<br>SEP 19 2014<br>By: Gil Ortega, Deputy |

**RECEIVED**
South Central District
SEP 19 2014
By: Gil Ortega, Deputy

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 23 2014

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Santa Monica

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 200 WEST COMPTON BLVD
MAILING ADDRESS:
CITY AND ZIP CODE: COMPTON CA 90220
BRANCH NAME: SOUTH CENTRAL DIST, Compton Courthouse

PLAINTIFF: GERARDO VERDUSCO

DEFENDANT: SUNNY ZHANG, aka XI CHAIDEZ, et al.

| JUDGMENT | CASE NUMBER: |
|---|---|
| ☐ By Clerk    ☑ By Default    ☐ After Court Trial<br>☑ By Court    ☐ On Stipulation    ☐ Defendant Did Not<br>Appear at Trial | TC028150 |

**JUDGMENT**

1. ☑ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ Clerk's Judgment (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. ☑ Court Judgment (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☑ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☐ **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. ☐ the signed written stipulation was filed in the case.
   c. ☐ the stipulation was stated in open court    ☐ the stipulation was stated on the record.

3. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time):*
      before *(name of judicial officer):*
   b. Appearances by:
      ☐ Plaintiff *(name each):*                    ☐ Plaintiff's attorney *(name each):*
         (1)                                            (1)
         (2)                                            (2)
      ☐ Continued on Attachment 3b.

      ☐ Defendant *(name each):*                    ☐ Defendant 's attorney *(name each):*
         (1)                                            (1)
         (2)                                            (2)
      ☐ Continued on Attachment 3b.

   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.

   d. ☐ A statement of decision (Code Civ. Proc., § 632) ☐ was not ☐ was   requested.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
JUD-100 [New January 1, 2002]

**JUDGMENT**

Code of Civil Procedure, §§ 585, 664.6

19

| PLAINTIFF: GERARDO VERDUSCO | CASE NUMBER: |
|---|---|
| DEFENDANT: SUNNY ZHANG, aka XI CHAIDEZ, et al. | TC028150 |

JUDGMENT IS ENTERED AS FOLLOWS BY: [✓] THE COURT  [ ] THE CLERK

4. [ ] **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is
  a. [✓] for plaintiff (name each):
    **GERARDO VERDUSCO**
    and against defendant (names):
    **SUNNY ZHANG, aka XI CHAIDEZ**

    [ ] Continued on Attachment 5a.

  b. [ ] for defendant (name each):

  c. [ ] for cross-complainant (name each):

    and against cross-defendant (name each):

    [ ] Continued on Attachment 5c.

  d. [ ] for cross-defendant (name each):

6. **Amount.**
  a. [✓] Defendant named in item 5a above must pay plaintiff on the complaint:

| | | | |
|---|---|---|---|
| (1) | [✓] | Damages | $ 57,137.50 |
| (2) | [✓] | Prejudgment interest at the annual rate of 10 % | $ 2,743.77 |
| (3) | [ ] | Attorney fees | $ |
| (4) | [✓] | Costs | $ 535.00 |
| (5) | [ ] | Other (specify): | $ |
| (6) | | **TOTAL** | $ 60,416.27 |

  c. [ ] Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| | | | |
|---|---|---|---|
| (1) | [ ] | Damages | $ |
| (2) | [ ] | Prejudgment interest at the annual rate of % | $ |
| (3) | [ ] | Attorney fees | $ |
| (4) | [ ] | Costs | $ |
| (5) | [ ] | Other (specify): | $ |
| (6) | | **TOTAL** | $ |

  b. [ ] Plaintiff to receive nothing from defendant named in item 5b.
    [ ] Defendant named in item 5b to recover costs $
      [ ] and attorney fees $

  d. [ ] Cross-complainant to receive nothing from cross-defendant named in item 5d.
    [ ] Cross-defendant named in item 5d to recover costs $
      [ ] and attorney fees $

7. [✓] Other (specify): Nothing

Date: 9/23/14

_____
JUDICIAL OFFICER

Date: _____ [ ] Clerk, by _____, Deputy

---

**CLERK'S CERTIFICATE (Optional)**

(SEAL)

I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by _____, Deputy

Page 2 of 2

JUD-100 [New January 1, 2002]    **JUDGMENT**

1  **CURT S. STEINDLER (SBN 143381)**
   **LAW OFFICES OF CURT S. STEINDLER**
2  11901 Santa Monica Blvd.
   Suite 616
3  Los, Angeles CA 90025
   (424) 243-6460
4  steindler@laevictionlawyers.com

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 27 2014

Sherri R. Carter, Executive Officer/Clerk
By F. Sprewell, Deputy

5

   Attorney for Plaintiff, GERARDO VERDUSCO
6

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **COUNTY OF LOS ANGELES**

10                    **SOUTH CENTRAL DISTRICT**

11 GERARDO VERDUSCO,                  | CASE NO.  **TC028150**

12          Plaintiff,                | **COMPLAINT FOR:**
                                       | 1. Breach of Contract
13 vs.                                | 2. Conversion
                                       | 3. Breach of Fiduciary Duty
14 SUNNY ZHANG aka XI CHAIDEZ, and    | 4. Fraud
   Does 1 to 20, Inclusive,           | 5. Accounting
15                                     | 6. Breach of Contract
           Defendant.                 | 7. Conversion
16                                     | 8. Breach of Fiduciary Duty
                                       | 9. Fraud
17                                     | 10. Accounting
                                       | 11. Breach of Contract
18                                     | 12. Fraud

19                                     | **DEMAND FOR JURY TRIAL**

20

21    Plaintiff GERARDO VERDUSCO alleges against Defendant SUNNY ZHANG, also known

22 as XI CHAIDEZ, as follows:

23                          **GENERAL ALLEGATIONS**

24    1.  At all relevant times, Plaintiff GERARDO VERDUSCO ("Plaintiff" or "Verdusco") has

25 been and is an individual residing in Compton, California.

26    2.  Plaintiff is informed and believes and thereon alleges that at all relevant times Defendant

27 SUNNY ZHANG, also known as XI CHAIDEZ, ("Zhang") has been and is an individual

28 residing in La Puente, California.

                                      1
                                **COMPLAINT**

3.  Plaintiff is informed and believes and thereon alleges that at all relevant times Global Source was a sole proprietorship wholly owned and operated by Zhang.

4.  Plaintiff does not know the true names of Defendants Does 1 through 20, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes and thereon alleges that each of these Doe Defendants was in some manner responsible for the events and happenings alleged in this Complaint and for Plaintiff's injuries and damages.

5.  Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants herein were the agents and/or co-conspirators with each of the remaining Defendants, and in acting or omitting to act as alleged were acting or omitting to act within the scope of such agency and/or conspiracy with the knowledge, permission, consent and/or approval of all Defendants, and each of them.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

6.  Plaintiff incorporates by reference and re-alleges paragraphs 1 through 5 herein as if fully set forth.

7.  Around May of 2011, Zhang solicited Plaintiff's investment in her business, Global Source.

8.  Zhang described Global Source as an import business.

9.  During her solicitation of Plaintiff's investment in Global Source, Zhang informed Plaintiff that in return for his investment of $5,000.00, he would be entitled to one-half of the gross profits of that enterprise.

10. Zhang never informed Plaintiff of any risks involved in his investment in Global Source or that there was a possibility that he could lose his investment.

11. Based upon Zhang's representations, on or about June 1, 2011 Plaintiff agreed to invest $5,000.00 in Global Source as evidenced by the undated Investment Contract between Plaintiff and Zhang attached hereto as Exhibit A.

12. On or about June 1, 2011, Plaintiff delivered $5,000.00 to Zhang, as he agreed.

13. Zhang made payments of $850 per month to Plaintiff as his share of the gross profits of

2

**COMPLAINT**

22

1  Global Source. However, in November 2012, the payments suddenly ceased.

2      14. Zhang has never given Plaintiff any explanation of the interruption of his payments on

3  this investment, nor has Plaintiff ever received an accounting or any explanation of what

4  happened to his principal.

5      15. Zhang has breached her contractual obligations to Plaintiff by failing to pay Plaintiff his

6  share of the profits of Global Source.

7      16. Plaintiff is informed and believes and thereon alleges that Zhang is no longer doing

8  business as Global Source.

9      17. Implicit in the Investor Contract is a requirement that Plaintiff's investment be returned,

10  or at least accounted for, upon the cessation of business by Global Source.

11      18. Zhang has additionally breached her contractual obligations to Plaintiff by failing to

12  account for and return Plaintiff's investment in Global Source when she had ceased its

13  operations.

14      19. Plaintiff has performed all obligations and satisfied all responsibilities arising on his

15  behalf pursuant to the written Investor Contract.

16      20. The wrongful conduct by Zhang alleged herein also constitutes a breach of the covenant

17  of good faith and fair dealing, which is implied in the agreement.

18      21. As a proximate result of Zhang's breach of the Investor Contract, Plaintiff has sustained

19  damages in an amount of at least $5,000.00, to be proved at trial.

20  **SECOND CAUSE OF ACTION**

21  **(Conversion)**

22      22. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 21 herein as if

23  fully set forth.

24      23. Zhang has misappropriated Plaintiff's investment in Global Source for her own benefit

25  and to Plaintiff's detriment, in violation of Plaintiff's property rights.

26      24. As a proximate result of Zhang's acts of conversion, Plaintiff has been deprived of his

27  property rights and suffered damages of at least $5,000.00, in an amount to be proved at trial.

28      25. The aforementioned acts by Zhang were wilful, wanton, malicious, and oppressive, were

3

**COMPLAINT**

1  undertaken with the intent to defraud, and justify the awarding of exemplary and punitive

2  damages.

### THIRD CAUSE OF ACTION

#### (Breach of Fiduciary Duty)

5  26. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 25 herein as if

6  fully set forth.

7  27. As the owner and operator of Global Source, Zhang owed a fiduciary duty to Plaintiff as

8  her investor to act at all times with the utmost care, honesty, undivided loyalty and fidelity in all

9  her business dealings with Plaintiff.

10  28. Zhang breached her fiduciary duty to Plaintiff by the acts of misfeasance and

11  malfeasance described herein.

12  29. As a proximate result of Zhang's breach of fiduciary duty, Plaintiff has been harmed as

13  alleged herein in an amount in excess of $5,000.00, in an amount to be proved at trial.

14  30. The aforementioned acts by Zhang were wilful, wanton, malicious, and oppressive, were

15  undertaken with the intent to harm Plaintiff, and justify the awarding of exemplary and punitive

16  damages.

### FOURTH CAUSE OF ACTION

#### (Fraud)

19  31. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 29 herein as if

20  fully set forth.

21  32. Plaintiff is informed and believes and thereon alleges that from the initiation of her

22  solicitation of Plaintiff to invest in her business, Global Source, Zhang never intended to return

23  Plaintiff's investment and concealed this fact which she was bound to disclose and made all the

24  representations described, which she knew were false or had no reasonable ground for believing

25  they were true.

26  33. Zhang further concealed or suppressed material facts which she was bound to disclose,

27  namely the risks involved in investing in Global Source.

28  34. Zhang had a duty to disclose these material facts as a result of her fiduciary relationship

4

**COMPLAINT**

1  with Plaintiff. In addition, Zhang had an independent duty to disclose these material facts since

2  she undertook to make other affirmative representations about these matters, and was thus bound

3  to make full and fair disclosure of all material facts.

4       35. Zhang suppressed or concealed material facts and/or made the representations with the

5  intent to induce reliance and to defraud Plaintiff.

6       36. At all relevant times, Plaintiff was unaware of the material facts that were falsified,

7  suppressed and/or concealed by Zhang. Plaintiff acted in justifiable reliance upon the truth of the

8  representations. If Plaintiff had been aware, he would have taken steps to protect against Zhang's

9  wrongful conduct, and would not have invested in Global Source.

10      37. As a proximate result of Zhang's intentional and fraudulent misrepresentations and

11  suppression and concealment of the above-described material facts, Plaintiff has suffered, and

12  continues to suffer damages, in an amount currently unascertained, but according to proof at

13  trial.

14      38. The aforementioned conduct by Zhang constitutes fraud, suppression and/or concealment

15  of material facts known to her, with the intent on the part of Zhang of inducing reliance and

16  thereby depriving Plaintiff of property and/or legal rights or otherwise causing injury, and was

17  despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of

18  the Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

19                          **FIFTH CAUSE OF ACTION**

20                              **(Accounting)**

21      39.  Plaintiff incorporates by reference and re-alleges paragraphs 1 through 38 herein as if

22  fully set forth.

23      40. As a result of the aforementioned Investor Agreement, Zhang has received money, a

24  portion of which is due to Plaintiff, as previously alleged.

25      41. The amount of money due from Zhang to Plaintiff is unknown to plaintiff and cannot be

26  ascertained without an accounting of the receipts and disbursements of Global Source. Plaintiff is

27  informed and believes and thereon alleges that the amount due to Plaintiff exceeds $5,000.00.

28      42. Plaintiff has  demanded an accounting of the aforementioned transactions from Zhang

5

**COMPLAINT**

1   and payment of the amount found due but Zhang has failed and refused, and continues to fail and

2   refuse, to render such an accounting and to pay such sum.

3   ### SIXTH CAUSE OF ACTION

4   ### (Breach of Contract)

5   43. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 5 herein as if

6   fully set forth.

7   44. Around September of 2012, Zhang solicited another investment by Plaintiff. (This

8   investment deal will be described as the "September 2012 Investment".)

9   45. Zhang described the September 2012 Investment as being an import business similar to,

10   but separate from Global Source.

11   46. During her solicitation of Plaintiff's September 2012 Investment, Zhang informed

12   Plaintiff that in return for his investment of $15,000.00, he would receive a profit of ten percent.

13   However, this was to be a one-time only, not recurring as was his investment in Global Source.

14   47. Zhang never informed Plaintiff of any risks involved in the September 2012 Investment

15   or that there was a possibility that he could lose his money.

16   48. Based upon Zhang's representations, on or about September 2012 Plaintiff and Zhang

17   orally agreed that Plaintiff would invest $15,000.00 with Zhang for the September 2012

18   Investment.

19   49. On or about September 28, 2012, pursuant to the oral September 2012 Investment

20   agreement, Plaintiff delivered $15,000.00 to "Pondo Electronic".

21   50. On or about September 29, 2012, Zhang informed Plaintiff that there was a problem with

22   the shipment and she needed another $20,000.00 in order to replace the shipment.

23   51. In order to raise the additional $20,000.00, Zhang took a personal loan for $10,000.00

24   from Plaintiff, which will be described below, and demanded that Plaintiff invest an additional

25   $10,000.

26   52. At that same time, Zhang represented that the supplier would refund the money once they

27   received the returned parts.

28   53. On or about October 1, 2012, Plaintiff gave $10,000.00 cash to Zhang as an additional

6

**COMPLAINT**

1  payment into the September 2012 Investment.

2      54. Plaintiff is informed and believes and thereupon alleges that the supplier has received the

3  returned parts and therefore has refunded the money to Zhang.

4      55. Plaintiff has never received any monies for the September 2012 Investment; his initial

5  investment $15,000.00 has not been repaid, he has never received a refund on his second

6  $10,000.00 payment, nor has he been paid any profit from the September 2012 Investment.

7      56. Zhang has never explained to Plaintiff what happened to the money he invested into the

8  September 2012 Investment, nor has Plaintiff ever received an accounting or any explanation of

9  what happened to his principal.

10      57. Zhang has breached her contractual obligations to Plaintiff by failing to pay Plaintiff for

11  the September 2012 Investment.

12      58. Implicit in the September 2012 Investment agreement is a requirement that Plaintiff's

13  investment be returned, or at least accounted for, at the conclusion of the investment.

14      59. Zhang has additionally breached her contractual obligations to Plaintiff by failing to

15  account for and return Plaintiff's investment into the September 2012 Investment after the deal

16  had concluded.

17      60. Plaintiff has performed all obligations and satisfied all responsibilities arising on his

18  behalf pursuant to the oral agreement on the September 2012 Investment.

19      61. The wrongful conduct by Zhang alleged herein also constitutes a breach of the covenant

20  of good faith and fair dealing, which is implied in the agreement.

21      62. As a proximate result of Zhang's breach of the September 2012 Investment agreement,

22  Plaintiff has sustained damages of at least $26,500.00, in an amount to be proved at trial.

23                          **SEVENTH CAUSE OF ACTION**

24                                  **(Conversion)**

25      63. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 5 and 44 through

26  62 herein as if fully set forth.

27      64. Pursuant to the oral September 2012 Investment agreement, Plaintiff deposited

28  $15,000.00 with Zhang as in investment in the September 2012 Investment, to be used only for

                                        7
                                  **COMPLAINT**

1 the purposes stated above.

2     65. Pursuant to Zhang's representations and demand, Plaintiff deposited an additional

3 $10,000 with Zhang as part of the September 2012 Investment.

4     66. Zhang has misappropriated Plaintiff's investment in the September 2012 Investment for

5 her own benefit and to Plaintiff's detriment, in violation of Plaintiff's property rights.

6     67. As a proximate result of Zhang's acts of conversion, Plaintiff has been deprived of his

7 property rights and suffered damages of at least $25,000.00, in an amount to be proved at trial.

8     68. The aforementioned acts by Zhang were wilful, wanton, malicious, and oppressive, were

9 undertaken with the intent to defraud, and justify the awarding of exemplary and punitive

10 damages.

11 **EIGHTH CAUSE OF ACTION**

12 **(Breach of Fiduciary Duty)**

13     69. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 5 and 44 through

14 68 herein as if fully set forth.

15     70. As the manager and solicitor of the September 2012 Investment, Zhang owed a fiduciary

16 duty to Plaintiff as her investor to act at all times with the utmost care, honesty, undivided

17 loyalty and fidelity in all her business dealings with Plaintiff.

18     71. Zhang breached her fiduciary duty to Plaintiff by the acts of misfeasance and

19 malfeasance described herein.

20     72. As a proximate result of Zhang's breach of fiduciary duty, Plaintiff has been harmed as

21 alleged herein in an amount in excess of $25,000.00, in an amount to be proved at trial.

22     73. The aforementioned acts by Zhang were wilful, wanton, malicious, and oppressive, were

23 undertaken with the intent to harm Plaintiff, and justify the awarding of exemplary and punitive

24 damages.

25 **NINTH CAUSE OF ACTION**

26 **(Fraud)**

27     74. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 5 and 44 through

28 72 herein as if fully set forth.

8
COMPLAINT

1    75. Plaintiff is informed and believes and thereon alleges that from the initiation of her

2    solicitation of Plaintiff to invest in the September 2012 Investment, Zhang never intended to

3    return Plaintiff's investment and concealed this fact which she was bound to disclose and made

4    all the representations described, which she knew were false or had no reasonable ground for

5    believing they were true.

6        76. Zhang further concealed or suppressed material facts which she was bound to disclose,

7    namely the risks involved in the September 2012 Investment.

8        77. Zhang had a duty to disclose these material facts as a result of her fiduciary relationship

9    with Plaintiff. In addition, Zhang had an independent duty to disclose these material facts since

10   she undertook to make other affirmative representations about these matters, and was thus bound

11   to make full and fair disclosure of all material facts.

12       78. Zhang suppressed or concealed material facts and/or made the representations with the

13   intent to induce reliance and to defraud Plaintiff.

14       79. At all relevant times, Plaintiff was unaware of the material facts that were falsified,

15   suppressed and/or concealed by Zhang. Plaintiff acted in justifiable reliance upon the truth of the

16   representations. If Plaintiff had been aware, he would have taken steps to protect against Zhang's

17   wrongful conduct, and would not have invested in the September 2012 Investment.

18       80. As a proximate result of Zhang's intentional and fraudulent misrepresentations and

19   suppression and concealment of the above-described material facts, Plaintiff has suffered, and

20   continues to suffer damages, in an amount currently unascertained, but according to proof at

21   trial.

22       81. The aforementioned conduct by Zhang constitutes fraud, suppression and/or concealment

23   of material facts known to her, with the intent on the part of Zhang of inducing reliance and

24   thereby depriving Plaintiff of property and/or legal rights or otherwise causing injury, and was

25   despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of

26   the Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

27   ///

28   ///

9<br>**COMPLAINT**

## TENTH CAUSE OF ACTION

### (Accounting)

82. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 5 and 44 through 81 herein as if fully set forth.

83. As a result of the aforementioned Investor Agreement, Zhang has received money, a portion of which is due to Plaintiff, as previously alleged.

84. The amount of money due from Zhang to Plaintiff is unknown to plaintiff and cannot be ascertained without an accounting of the receipts and disbursements of the September 2012 Investment. Plaintiff is informed and believes and thereon alleges that the amount due to Plaintiff exceeds $25,000.00.

85. Plaintiff has demanded an accounting of the aforementioned transactions from Zhang and payment of the amount found due but Zhang has failed and refused, and continues to fail and refuse, to render such an accounting and to pay such sum.

## ELEVENTH CAUSE OF ACTION

### (Breach of Contract)

86. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 5 and 44 through 51 herein as if fully set forth.

87. On or around October 10, 2012, Plaintiff and Zhang agreed that Plaintiff would make a personal loan to Zhang in the amount of $10,000.00 as Zhang's share of the additional $20,000.00 needed to replace the shipment in the September 2012 Investment. (This transaction will be referred to as the "Personal Loan".)

88. Pursuant to the terms of that loan, Zhang was to repay Plaintiff for the actual cost of his having to borrow that money, that is, Zhang agreed to reimburse Plaintiff for his actual cost of that loan.

89. On or around October 20, 2012, Zhang deposited two checks into Plaintiff's bank account; one for $5,000.00 and one for $7,000.00.

90. Both of these checks were returned by the bank due to insufficient funds.

91. Plaintiff has never been repaid for the Personal Loan to Zhang.

10

**COMPLAINT**

1    92. Zhang has never explained to Plaintiff why she has not repaid the Personal Loan, nor why

2    her checks bounced.

3    93. Zhang has breached her contractual obligations to Plaintiff by failing to repay Plaintiff

4    for the Personal Loan.

5    94. Plaintiff has performed all obligations and satisfied all responsibilities arising on his

6    behalf pursuant to the oral agreement on the Personal Loan.

7    95. The wrongful conduct by Zhang alleged herein also constitutes a breach of the covenant

8    of good faith and fair dealing, which is implied in the agreement.

9    96. As a proximate result of Zhang's breach of the Personal Loan agreement, Plaintiff has

10   sustained damages of at least $10,000.00, in an amount to be proved at trial.

11   97. Plaintiff is further entitled to damages provided by state and federal law as a result of

12   Zhang knowingly and fraudulently writing checks without sufficient funds to cover them, in an

13   amount to be proved at trial.

**TWELFTH CAUSE OF ACTION**

**(Fraud)**

16   98. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 5, 44 through 51

17   and 87 through 97 herein as if fully set forth.

18   99. Plaintiff is informed and believes and thereon alleges that Zhang never intended to repay

19   the Personal Loan and concealed this fact which she was bound to disclose and made all the

20   representations described, which she knew were false or had no reasonable ground for believing

21   they were true.

22   100.    Zhang had a duty to disclose these material facts since she undertook to make

23   other affirmative representations about these matters, and was thus bound to make full and fair

24   disclosure of all material facts.

25   101.    Zhang suppressed or concealed material facts and/or made the representations

26   with the intent to induce reliance and to defraud Plaintiff.

27   102.    At all relevant times, Plaintiff was unaware of the material facts that were

28   falsified, suppressed and/or concealed by Zhang. Plaintiff acted in justifiable reliance upon the

11

**COMPLAINT**

31

1  truth of the representations. If Plaintiff had been aware, he would have taken steps to protect

2  against Zhang's wrongful conduct, and would not have made the Personal Loan to Zhang.

3      103.    As a proximate result of Zhang's intentional and fraudulent misrepresentations

4  and suppression and concealment of the above-described material facts, Plaintiff has suffered,

5  and continues to suffer damages, in an amount currently unascertained, but according to proof at

6  trial.

7      104.    The aforementioned conduct by Zhang constitutes fraud, suppression and/or

8  concealment of material facts known to her, with the intent on the part of Zhang of inducing

9  reliance and thereby depriving Plaintiff of property and/or legal rights or otherwise causing

10  injury, and was despicable conduct that subjected Plaintiff to cruel and unjust hardship in

11  conscious disregard of the Plaintiff's rights, so as to justify an award of exemplary and punitive

12  damages.

13

14                              **PRAYER**

15  WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

16                  **FIRST CAUSE OF ACTION (Breach of Contract)**

17      1.  For compensatory damages, in the amount of at least $5,000, to be proved at trial; and

18      2.  For prejudgment interest at the highest legal rate from the date of the breach.

19                      **SECOND CAUSE OF ACTION (Conversion)**

20      1.  For compensatory damages, in the amount of at least $5,000, to be proved at trial;

21      2.  For prejudgment interest at the highest legal rate from the date of the conversion; and

22      3.  For exemplary and/or punitive damages.

23              **THIRD CAUSE OF ACTION (Breach of Fiduciary Duty)**

24      1.  For compensatory damages, in the amount of at least $5,000, to be proved at trial;

25      2.  For interest at the highest legal rate from the date of the breach of fiduciary duties; and

26      3.  For exemplary and/or punitive damages.

27                      **FOURTH CAUSE OF ACTION (Fraud)**

28      1.  For compensatory damages, in the amount of at least $5,000, to be proved at trial;

1  2. For any and all special, incidental and/or consequential damages, according to proof; and

2  3. For exemplary and/or punitive damages.

3  ### FIFTH CAUSE OF ACTION (Accounting)

4  1. For an accounting between plaintiff and defendant with regard to Global Source;

5  2. For the amount found to be due from defendant to plaintiff as a result of the accounting

6  and interest thereon;

7  ### SIXTH CAUSE OF ACTION (Breach of Contract)

8  1. For compensatory damages, in the amount of at least $25,500, to be proved at trial; and

9  2. For prejudgment interest at the highest legal rate from the date of the breach.

10  ### SEVENTH CAUSE OF ACTION (Conversion)

11  1. For compensatory damages, in the amount of at least $25,000, to be proved at trial;

12  2. For prejudgment interest at the highest legal rate from the date of the conversion; and

13  3. For exemplary and/or punitive damages.

14  ### EIGHTH CAUSE OF ACTION (Breach of Fiduciary Duty)

15  1. For compensatory damages, in the amount of at least $25,000, to be proved at trial;

16  2. For interest at the highest legal rate from the date of the breach of fiduciary duties; and

17  3. For exemplary and/or punitive damages.

18  ### NINTH CAUSE OF ACTION (Fraud)

19  1. For compensatory damages, in the amount of at least $25,000, to be proved at trial;

20  2. For any and all special, incidental and/or consequential damages, according to proof; and

21  3. For exemplary and/or punitive damages.

22  ### TENTH CAUSE OF ACTION (Accounting)

23  1. For an accounting between plaintiff and defendant with regard to the September 2012

24  Investment;

25  2. For the amount found to be due from defendant to plaintiff as a result of the accounting

26  and interest thereon.

27  ### ELEVENTH CAUSE OF ACTION (Breach of Contract)

28  1. For compensatory damages, in the amount of at least $10,000, to be proved at trial;

13

**COMPLAINT**

33

2. For additional damages provided for by state and federal law for knowingly and fraudulently writing checks without sufficient funds; and

3. For prejudgment interest at the highest legal rate from the date of the breach.

### TWELFTH CAUSE OF ACTION (Fraud)

1. For compensatory damages, in the amount of at least $10,000, to be proved at trial;

2. For any and all special, incidental and/or consequential damages, according to proof; and

3. For exemplary and/or punitive damages.

### ON ALL CAUSES OF ACTION

1. For costs of suit incurred;

2. Attorneys' fees, as allowed by law or contract; and

3. For such other and further relief as the Court may deem just and proper.

DATED:         January 8, 2014                LAW OFFICES OF CURT S. STEINDLER


                                              By
                                                 CURT S. STEINDLER
                                                 Attorney for Plaintiff
                                                 GERARDO VERDUSCO

14
**COMPLAINT**

34

# Exhibit "A"

# Investment contract:

# Investor: Jerry Verdusco

This agreement is between Global Source and Jerry Verdusco, Jerry is going to invest capital with Global Source on electronic components. Initial investment is $5000, profit is shared 80-50% on Gross Profits between Jerry and Sunny Zhang.

Jerry Verdusco

Sunny Zhang

36

# EXHIBIT 4

| Attorney or Party without Attorney:<br>VERDUSCO, GERARDO<br><br>14720 S FRAILEY AVE<br>COMPTON, CA 90221<br>TEL: (562)208-0762 | Levying Officer:<br>Sheriff's Department<br>Los Angeles County<br>Sheriff's Office<br>200 W. COMPTON BLVD., ROOM 404<br>COMPTON<br>CA 90220<br>TEL: (310)603-7422 |
|---|---|

| L.A. SUPERIOR COURT, COMPTON      19160      Court Case: TC028150<br>SOUTH CENTRAL DISTRICT                Levy.Ofcr.File.No: 3401601070084 |
|---|

| Plaintiff: VER DUSCO, GERARDO      Defendant: ZHANG, SUNNY/CAHIDEZ |
|---|

**EARNINGS WITHHOLDING ORDER (WAGE GARNISHMENT)**

Employee: Keep your copy of this legal paper.
Empleado: Guarde este papel oficial.

Employer: Enter the following date to assist your record keeping.
Date this order was received by employer (specify the date of personal delivery by
levying officer or the date mail receipt was signed).

TO THE EMPLOYER REGARDING YOUR EMPLOYEE:
Name and address of employer               Name and address of employee
CHRISLIE FORMULATIONS LLC                  ZHANG, SUNNY AKA CHAIDEZ, XI
ATTN PAYROLL
1350 MOUNTAIN VIEW CIR                     14347 BECKNER ST  #6
AZUSA, CA 91702                            CITY OF INDUSTRY, CA 91744

1. A judgment creditor has obtained this order to collect a court judgment against your
   employee. You are directed to withhold part of the earnings of the employee (see
   instructions on attached form). Pay the withheld sums to the LEVYING OFFICER (name and
   address above). If the employee works for you now, you must GIVE THE EMPLOYEE A COPY
   OF THIS ORDER AND THE EMPLOYEE INSTRUCTIONS within 10 days after receiving this order.
   COMPLETE ALL COPIES OF THE FORM EMPLOYER'S RETURN AND MAIL THEM TO THE LEVYING OFFICER
   within 15 days after receiving this order, whether or not the employee works for you.

2. THE TOTAL AMOUNT DUE IS $ 66933.51      PLUS $ 16.55     INTEREST PER DAY.

   Count 10 calendar days from the date when you received this order. If your employee's
   pay period ends before the tenth day, DO NOT withhold earnings for that pay period.
   Do withhold from earnings that are payable for any pay period ending on or after that
   tenth day. Continue withholding for all pay periods until you withhold the amount due.
   The levying officer will notify you of an assessment you should withhold in addition to
   the amount due. Do not withhold more than the total of these amounts. Never withhold
   any earnings payable before the beginning of the earnings withholding period.
   PLEASE CALL LEVYING OFFICER PRIOR TO MAKING FINAL PAYMENT.

3. The judgment was entered in the court on: 09/23/14
   The judgment creditor (if different from the plaintiff) is:

4. The employer's instructions on the attached form tell you how much of the employee's
   earnings to withhold each payday and answer other questions you may have.

                                              Jim McDonnell, SHERIFF
   Date: 01/07/16
            Levying officer, by: _____
                                              P. BACON, Deputy
            EARNINGS WITHHOLDING ORDER (WAGE GARNISHMENT)
Form adopted by the Judicial Council of California      CCP706.022, 706.108, 706.125
WG-002 (Rev. July 1, 2014)

37

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California  90071-1406.

A true and correct copy of the foregoing document entitled (*specify*):  **DEBTOR'S OPPOSITION TO XI ZHANG'S MOTION FOR RELIEF FROM STAY TO COMMENCE LITIGATION AGAINST DEBTOR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 21, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kelly L Morrison on behalf of U.S. Trustee United States Trustee (LA)
kelly.l.morrison@usdoj.gov

Gregory M Salvato on behalf of Creditor Courtesy NEF
gsalvato@salvatolawoffices.com,
calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Creditor Xi "Sunny" Zhang
gsalvato@salvatolawoffices.com,
calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com

Howard Steinberg on behalf of Creditor Courtesy NEF
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Alan G Tippie on behalf of Debtor BBeautiful, LLC, a California limited liability company
atippie@sulmeyerlaw.com, ppenn@sulmeyerlaw.com;atippie@ecf.inforuptcy.com;ppenn@ecf.inforuptcy.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Steven Werth on behalf of Debtor BBeautiful, LLC, a California limited liability company
swerth@sulmeyerlaw.com,
asokolowski@sulmeyerlaw.com;slee@sulmeyerlaw.com;slee@ecf.inforuptcy.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov

☐ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  March 21, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

AGT\ 2460436.1 3/21/2016 (10:21 AM) This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

Gregory M. Salvato
Joseph Boufadel
SALVATO LAW OFFICES
Wells Fargo Ceenter
355 South Grand Avenue, Suite 2450
Los Angeles, CA  90071-9500

☐ Service information continued on attached page.

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) March 21, 2016 , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to

**VIA HAND DELIVERY**
Honorable Ernest M. Robles
United States Bankruptcy Court
255 E Temple Street, Suite 1560
Los Angeles, CA  90012

such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 21, 2016 | Patricia Penn | /s/ Patricia Penn |
|---|---|---|
| Date | Printed Name | Signature |

AGT\ 2460436.1 3/21/2016 (10:21 AM) This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central
District of California.

June 2012                                                                    **F 9013-3.1.PROOF.SERVICE**