GREGORY M. SALVATO (SBN 126285)
Gsalvato@salvatolawoffices.com
JOSEPH BOUFADEL (SBN 267312)
Jboufadel@salvatolawoffices.com
SALVATO LAW OFFICES
Wells Fargo Center
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071-9500
Telephone:  (213) 484-8400
Facsimile:   (213) 402-3778

Attorneys for Claimant / Movant
XI "SUNNY" ZHANG

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES

| | |
|---|---|
| In re:<br><br>BBEAUTIFUL, LLC,<br><br>             Debtor. | Case No. 2:16-bk-10799-ER<br><br>Chapter 11<br><br>**Reply in Support of Motion for Relief from the Automatic Stay re Action in Non-Bankruptcy Forum; Supplemental Declaration of Tara Licata, Esq.**<br><br>**[Evidentiary Objections and Motion to Strike to Debtor's Request for Judicial Notice Filed Concurrently Herewith]**<br><br>          Hearing Date:<br>Date:    April 4, 2016<br>Time:   10:00 a.m.<br>Place:  Courtroom 1568<br>         255 East Temple Street<br>         Los Angeles, CA 90012 |

SALVATO LAW OFFICES

Reply iso Motion for Relief from the Automatic
Stay re: Action in Non-Bankruptcy Forum

-1-

In re BBeautiful, LLC, Debtor
Case No. 2:16-bk-10799-ER

# REPLY TO DEBTOR'S OPPOSITION TO MOTION
# FOR RELIEF FROM THE AUTOMATIC STAY

### 1. Introduction and General Statement

Debtor's Opposition – without seriously considering the benefits of granting relief from the stay to the bankruptcy estate – instead focuses on scandalous, *ad hominem* attacks against movant Xi "Sunny" Zhang that are misplaced and irrelevant.

As discussed below, Debtor's arguments against lifting the automatic stay are incongruent with the Debtor's own interests and that of the bankruptcy estate. Debtor's assertion that relief from stay will cause the estate unnecessary expense is wrong. The claims at issue are insured. Litigating in state court with insurance carriers assuming the costs of defense (and judgment up to the policy limits) is the most efficient and cost-effective manner in which to proceed. Debtor's bankruptcy counsel will not have to expend estate resources defending the Debtor in state court because the Debtor has insurance policies in place. There is also no prejudice to the Debtor because enforcement of any judgment obtained in state court will remain stayed.[1]

A more likely explanation for the Debtor's opposition and motivation in opposing state court litigation is that the Debtor wants to protect the interests of Ms. Helen Arminak, the operating manager and holder of 99% of the Debtor's membership interests, and one of the identified defendants in the state court complaint. (Dkt. No. 1: Voluntary Petition at ECF pp. 10-11). This is inappropriate. Debtor's bankruptcy counsel represents the interests of the corporate Debtor, not the *individual* interests of ownership. Likewise,

---

[1] The Debtor's requirement that Ms. Zhang waive her claim against the bankruptcy estate as a condition to relief from stay is inappropriate and unwise. Why should the movant have to waive her claim? And, because a waiver of claims against the Debtor may detrimentally affect her insurable interest, it would be particularly unwise for Ms. Zhang to waive such claim prior to concluding her litigation against the Debtor and exhausting all available insurance proceeds in state court.

as a Debtor-in-Possession, BBeautiful has fiduciary responsibilities to the estate and its creditors, not simply to ownership. *In re McConville*, 110 F.3d 47, 50 (9th Cir. 1997) ("Prior to the appointment of a trustee, the Debtors were fiduciaries of their own estate owing a duty of care and loyalty to the estate's creditors"). Indeed, only the Debtor's counsel would benefit by keeping this litigation in Bankruptcy Court, as the costs of defense will increase administrative fees to the detriment of creditors.

It is to the benefit of all parties that the stay be lifted so that Ms. Zhang may prosecute her employment claims in state court against all defendants, with insurance assuming and covering the cost of defense for the Debtor.

**2. Specific Responses to the Debtor's Arguments**

**Expending Resources of the Bankruptcy Estate:** The Debtor's primary argument is that *"[t]he Debtor would be required to expend significant resources to litigate an action at a time when it has very limited resources and needs to focus instead on reorganizing its affairs and moving this bankruptcy case towards financial stability."* (Opposition at p. 2, lines 5-8). This argument is repeated throughout the Debtor's opposition.

**Movant's Response:** The Debtor turns the logic of this argument on its head. The Debtor has the benefit of numerous insurance policies, as described in the Debtor's 7-day package and attached to Ms. Zhang's Motion. (Motion at **Exhibit 2**). Litigating Ms. Zhang's causes of action in state court will actually save the estate time and resources because defense of the state law claims is covered by insurance. State court counsel will be retained and insurance will assume defense costs. Any judgment will be covered up to the policy limits, and enforcement of any judgment against the Debtor will remain stayed. The estate, including Debtor's counsel, will not incur the expense of defending Ms. Zhang's claims if relief from stay is granted to prosecute in state court. The Debtor, the bankruptcy estate, and its creditors will benefit by Ms. Zhang prosecuting her action in state court. *In re Santa Clara County Fair Ass'n*, 180 B.R. 564, 566 (B.A.P. 9th Cir.

SALVATO LAW OFFICES

Reply iso Motion for Relief from the Automatic Stay re: Action in Non-Bankruptcy Forum    -3-    In re BBeautiful, LLC, Debtor
Case No. 2:16-bk-10799-ER

1995) ("Ordinarily, litigation costs to a bankruptcy estate do not compel a court to deny stay relief").

On the other hand, Debtor's proposal to require Ms. Zhang to litigate in bankruptcy court does not serve the interests of the bankruptcy estate or its creditors. The Debtor and the estate will benefit from its insurance policies once relief from stay is granted and the state court complaint is filed. By arguing against lifting the automatic stay, the Debtor is arguing against its own interests (and that of its creditors) by increasing the administrative fees of this estate, since Debtor's counsel will have primary responsibility of defending and contesting Movant's claims in bankruptcy court.

**Efficiency through two proceedings?:** The Debtor's second argument opposing relief from stay is that the claims may be most efficiently resolved through the claims objection process: *"Movant can simply file a proof of claim now to assert her claim(s) against the Debtor, and proceed against non-Debtor third parties separately if any such claims actually exist."* (Opposition at p. 5, lines 9-10; pp. 7-8).

**Movant's Response:** Again, Debtor's contention ignores the purpose and effect of having insurance policies that assume the cost of defense in state court. How are two proceedings more efficient than one? Ms. Zhang will be unable to exercise her right to a jury trial and to include all defendants in a single proceeding. And, the Debtor's proposed solution creates piecemeal litigation that the Debtor will have to address in both state and bankruptcy courts. Instead, lifting the automatic stay would permit these claims to be litigated in one forum, with all parties, and will provide the Debtor the benefit of insurance assuming the costs of defense.

Furthermore, the Debtor contends that the state court action cannot be timely adjudicated in any case, and that *"the additional burdens imposed by a jury trial with the well know [sic] budget shortfalls of the Superior Court and the concomitant delays arising therefrom"* justifies denying relief from stay. (Opposition at p. 6, lines 12-16). It is clear that the Debtor's objective is to deny Ms. Zhang of her right to a jury trial, or to

require the trial take place in the district court. Likewise, the causes of action in Ms. Zhang's complaint are all California state law causes of action that are best resolved in Superior Court. And again, the Debtor's estate will incur significant administrative expense claims if the matter is litigated in bankruptcy court. Granting relief from stay to prosecute the entire action in state court will alleviate this burden on the estate.

**Misunderstanding the Declaration Form:** The Debtor argues that the Motion contained a "Continuation Page Re Declaration of Tara Licata, Esq.,'" that it states is not authenticated evidence because the continuation page itself is not signed, even though those statements are incorporated in the form declaration. (Opposition at p. 2, lines 25-28).

Without filing separate evidentiary objections, the Debtor contests the continuation page attached to attorney Tara Licata's declaration. Debtor's argument ignores the statements made in the form declaration. The declarant—Movant's state court counsel—signed the form declaration under penalty of perjury. Debtor strains to avoid a straightforward and common sense reading of the form declaration. Paragraph 5.f. of the declaration provides for attaching a continuation page that is clearly incorporated. To put the issue at rest, declarant Tara Licata, Esq. has signed a supplemental declaration with this Reply, incorporating the statements made in the continuation page.

**Court of Equity**: Finally, the Debtor argues that the Court should exercise its authority as a court of equity and deny Movant's request for relief from the automatic stay because her alleged moral character and purported financial motivations are suspect. (Opposition at pp. 9-11).

**Movant's Response:** This kind of *ad hominem* attack is inappropriate. Debtor's contentions are unmeritorious and frankly incredible. These unsupported aspersions about Ms. Zhang's moral character are completely irrelevant and have no bearing on this Motion.

SALVATO LAW OFFICES

Reply iso Motion for Relief from the Automatic Stay re: Action in Non-Bankruptcy Forum    -5-    In re BBeautiful, LLC, Debtor
Case No. 2:16-bk-10799-ER

1. The statements made by counsel in the Debtor's opposition (as no declaration is attached under penalty of perjury) -- including the unauthenticated exhibits proffered in support -- are scandalous. They disparage Ms. Zhang and are meant to be offensive and discredit her for purported actions wholly unrelated to the issues before the Court. (Opposition at p. 9, lines 23-24; p. 11, lines 5-11).

2. The Debtor has no qualms in asking the Court to deny Ms. Zhang's motion based on her alleged moral character in an attempt to litigate claims in an improper forum. While offering up hearsay allegations purportedly demonstrating Ms. Zhang's evil character and fraudulent intent, the Debtor asks the Court to deny Ms. Zhang the opportunity to bring her California employment-related claims against the Debtor and its owner in state court. The Court should not entertain these derogatory attacks on Ms. Zhang's character, especially where the purported bad acts are irrelevant and have no bearing on the merits of Ms. Zhang's relief from stay motion. Simply put, the exhibits relied upon by the Debtor for its offensive attacks are irrelevant to any issue before the Court.

3. Importantly, Debtor's contentions belittle the serious allegations in her state court complaint made against the Debtor and Ms. Arminak.

4. Debtor's contentions would deny the Movant her right to a jury trial on her California state law causes of action.

5. The arguments made in Debtor's opposition are scandalous. The sole purpose of the documents is to attack the character of Ms. Zhang *in opposition to a relief from stay motion* to evoke an emotional response, to downplay the serious allegations made by Ms. Zhang against the Debtor and its principal in the state court complaint, and to divert attention from the issues before the Court in a relief from stay motion. This is highly inappropriate, and the Debtor's allegations and exhibits should be stricken from the record.

### 3. Conclusion

For the foregoing reasons and those set forth in the Motion, cause exists to lift the automatic stay so that Ms. Zhang may prosecute her California state law causes of action against all defendants before a jury in the California Superior Court.

Dated:  March 28, 2016                                SALVATO LAW OFFICES

                                                  */s/ Gregory M. Salvato*
                                                  By: _____
                                                       Gregory M. Salvato
                                                       Joseph Boufadel

                                                  Attorneys for Claimant
                                                  XI "SUNNY" ZHANG

SALVATO LAW OFFICES

Reply iso Motion for Relief from the Automatic    -7-    In re BBeautiful, LLC, Debtor
Stay re: Action in Non-Bankruptcy Forum                  Case No. 2:16-bk-10799-ER

**SUPPLEMENTAL DECLARATION OF TARA LICATA, ESQ**.

I, Tara Licata, declare:

1. I am an attorney duly licensed to practice before the courts of the State of California. I am the state court attorney for claimant and Movant Xi "Sunny" Zhang. I submit this supplemental declaration in support of Ms. Zhang's Motion for Relief from the Automatic Stay, and in response to the arguments and testimony proffered by the Debtor in his Opposition to Ms. Zhang's Motion (Dkt. No. 59). I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify thereto.

2. On March 9, 2016, I executed my declaration in support of Ms. Zhang's Motion for Relief from the Automatic Stay. (Dkt. No. 54). My declaration was part of the Bankruptcy Court's form motion (Form No. F4001-1.RFS.NONBK.MOTION).

3. As part of my original declaration, I attached a continuation page with additional testimony, as required by the form declaration in paragraph 5.f. It was my intention that this testimony would be authenticated by, and incorporated as part of, my original declaration.

4. To put this issue at rest and to address Debtor BBeautiful, LLC's red herring and nonsensical argument that my testimony was somehow not authenticated, I incorporate my previous statements in the "Continuation Page re Declaration of Tara Licata, Esq." in full herein. (Dkt. No. 54 at p. 9). To wit:

> 1. Upon lifting of the automatic stay in this bankruptcy case, Movant Zhang shall commence a state court action against the Debtor BBeautiful, LLC and non-debtor parties Helga Arminak, an individual, and Chrislie Formulations (assuming it is a separate entity) in the Los Angeles Superior Court.
>
> 2. As previously indicated, attached as **Exhibit 1** is a copy of the draft state court complaint against the defendants.

3. The complaint alleges three causes of action: (1) Violation of California Business and Professions Code § 17200 et seq. (Unfair Business Practices); (2) Violation of California Labor Code Sections 1102.5 et seq. (Whistleblower Statute); & (3) Retaliation & Wrongful Termination in Violation of Public Policy.

4. Each of the causes of action arise solely under California state law, and can be most efficiently litigated in California Superior Court.

5. Movant Zhang will also demand a jury trial.

6. This Bankruptcy Court does not have jurisdiction over all of the co-defendants (the non-debtor parties). Absent relief, Movant Zhang will need to proceed with the same case under the same set of facts in both the Bankruptcy Court and Superior Court to protect her interests. This would be a very costly and time-consuming endeavor with potentially inconsistent and unfair results.

7. The Debtor is vital party to the state court action. Its actions are intertwined with the factual and liability matters at issue, especially with regards to the pattern of wrongful and discriminatory conduct, and retaliatory actions in which the Debtor engaged with its co-defendants against Zhang.

8. Attached as **Exhibit 2** are true and correct copies of the declaration pages for each insurance policy as contained in the Debtor's 7-day package filed with the U.S. Trustee.

9. Therefore, Movant Zhang respectfully requests that the stay be lifted to permit her to prosecute her claims against the Debtor and non-debtor parties in California state court."

//
//
//

SALVATO LAW OFFICES

Reply iso Motion for Relief from the Automatic Stay re: Action in Non-Bankruptcy Forum    -9-    In re BBeautiful, LLC, Debtor
Case No. 2:16-bk-10799-ER

1  I declare under penalty of perjury under the laws of the United States of America that
2  the foregoing is true and correct. Executed on March 28, 2016, at Sherman Oaks, California.

*Tara Licata*
Tara Licata, Esq.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**Salvato Law Offices, 355 South Grand Avenue, Suite 2450, Los Angeles, California 90071-9500**

A true and correct copy of the foregoing document entitled (*specify*): ***Reply in Support of Motion for Relief from the Automatic Stay re Action in Non-Bankruptcy Forum; Supplemental Declaration of Tara Licata, Esq.*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>**03/28/2016**</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kelly L Morrison** on behalf of the United States Trustee's Office
  kelly.l.morrison@usdoj.gov
- **Hatty K Yip** on behalf of the United States Trustee's Office
  hatty.yip@usdoj.gov
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Gregory M Salvato** on behalf of Creditor Xi "Sunny" Zhang
  gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com
- **Howard Steinberg**   request for courtesy notification
  steinbergh@gtlaw.com, pearsallt@gtlaw.com; laik@gtlaw.com
- **Alan G Tippie**  on behalf of the Debtor
  atippie@sulmeyerlaw.com, ppenn@sulmeyerlaw.com; atippie@ecf.inforuptcy.com ;ppenn@ecf.inforuptcy.com
- **Steven Werth**  on behalf of the Debtor
  swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com; slee@sulmeyerlaw.com; slee@ecf.inforuptcy.com; asokolowski@ecf.inforuptcy.com; swerth@ecf.inforuptcy.com

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) <u>**03/28/2016**</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

    <u>Debtor</u>
    BBeautiful, LLC
    1361 Mountain View Circle
    Azusa, CA 91702

☐ Service information continued on attached page

//
//
//
//
//
//
//
//

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                             Page 1                         **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **03/28/2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Overnight
Honorable Ernest M. Robles
United States Bankruptcy Judge
255 E. Temple Street, Suite 1560
Los Angeles, California, 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/28/2016 | Rene Pena | /s/ Rene Pena |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    Page 2    **F 9013-3.1.PROOF.SERVICE**