Alan G. Tippie (CA Bar No. 89587)
  *atippie@sulmeyerlaw.com*
Steven F. Werth (CA Bar No. 205434)
  *swerth@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California  90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Bankruptcy Counsel for
BBeautiful, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>BBEAUTIFUL, LLC, a California limited liability company,<br><br>Debtor.<br><br>Tax ID # 20-5922946 | Case No.  2:16-bk-10799-ER<br><br>Chapter 11<br><br>SMALL BUSINESS CASE UNDER FRBP 1020<br><br>**NOTICE OF MOTION AND MOTION OF BBEAUTIFUL, LLC TO REJECT SERVICE CONTRACT BETWEEN THE DEBTOR AND TRUE ERP; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF HELGA ARMINAK IN SUPPORT**<br><br>Date:    [No Hearing Requested]<br>Time:<br>Place:   U.S. Bankruptcy Court<br>             Courtroom 1568<br>             255 East Temple Street<br>             Los Angeles, CA 90012 |

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, TRUE ERP INC., AND PARTIES ENTITLED TO NOTICE:**

**PLEASE TAKE NOTICE** that BBeautiful, LLC, dba Chrislie ("Debtor"), debtor in possession in the above-captioned Chapter 11 case, has filed this "Notice Of Motion And Motion Of BBeautiful, LLC To Reject Service Contract Between the Debtor And True ERP" (the

SFW\ 2468611.3

"Motion"). By this Motion, the Debtor seeks an order rejecting an executory contract entered into between the Debtor and True ERP Inc. ("ERP") on or about January 8, 2016.

**PLEASE TAKE FURTHER NOTICE THAT** this Motion is based on the attached Memorandum of Points and Authorities, the attached Declaration of Helga Arminak, the attached Exhibit 1, all judicially noticeable facts, the record in this case, and the arguments and representations of counsel made at any hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE THAT** any formal response in opposition to the Motion, and request for a hearing, must (1) be in the form required by Local Bankruptcy Rule 9013-1(f)(1), (2) be filed with the Clerk of the Court, and (3) be served upon the Debtor's counsel (whose name and contact information are indicated on the upper left-hand corner of the first page of this notice), and the Office of the United States Trustee within fourteen (14) days of the date this Notice was served, plus an additional 3 days unless this notice was served upon you by personal delivery or posting as described in Federal Rule of Civil Procedure 5(b)(2)(A)-(B). If any such response is timely received, the Debtor will set a hearing date and send out notice thereof. No hearing will be held if no response and request for hearing is received.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to Local Bankruptcy Rule 9013-1(h), the failure to timely file and serve an opposition to the Motion may be deemed as your consent to the granting of the Motion. If you do not oppose the Motion, you need not take any further action.

DATED: April 12, 2016                    Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation


By:  */s/ Steven F. Werth*
     Alan G. Tippie
     Steven F. Werth
     Attorneys for BBeautiful, LLC

SFW\ 2468611.3                    2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Debtor commenced its case by filing a voluntary chapter 11 petition on January 22, 2016 (the "Petition Date"). The Debtor is a brand-maker and retailer of a wide range of personal beauty products for skin, hand & nail, body, hair, pedicure, makeup, and fragrance ("Products"). The Debtor formulates its own unique Products and contracts with third parties to manufacture those company-formulated Products, then distributes the Products to retail stores and also sells them directly through e-commerce.

Approximately one month prior to the Petition Date, the Debtor entered into an agreement with ERP for ERP to provide to the Debtor its software-based inventory and account receivable tracking system (the "System"). The Debtor sought ERP's services so that ERP could provide the Debtor with a single integrated system for managing open purchase and sales orders, preventing orders from being shipped late, tracking shipments, and processing all orders for inventory. The parties formalized this agreement in a writing on or about January 13, 2016. A true and correct copy of the parties' agreement is attached hereto as **Exhibit 1** (the "Agreement").

As set forth in Exhibit 1, in exchange for ERP's services in installing and maintaining the System, and training the Debtor's employees on how to operate the System, the Debtor was to make payments in installments to ERP in the total amount of $141,500. This did not include an installation fee of $299.00 and monthly payments of $340.00 for hosting the System. As of the Petition Date, the Debtor had made only the 20% down payment as required by the Agreement, as well as the installation fee and one monthly payment. As such, as of the Petition Date, the Agreement was an executory contract. After the Petition Date, the Debtor mistakenly paid the remaining amounts owing under the Agreement to ERP.

Since making these payments to ERP, the Debtor has discovered that despite reassurances that the Debtor's accounting systems and ERP would integrate seamlessly, the systems have not integrated at all. As a result, the Debtor cannot and has not been using the System in its business operations, and instead is using its old inventory management system. The Debtor does not wish

3

to incur any further expenses relating to the Agreement, and respectfully requests that the Court enter an order authorizing the Debtor's rejection of the Agreement.

## II.

## DISCUSSION

Bankruptcy Code § 365 provides that "[e]xcept as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365.[1] Section 365 applies equally to debtors in possession, who have the rights and powers of a trustee. 11 U.S.C. § 1107(a). The authority to reject an executory contract is vital to the basic purpose of a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization. *See* Nat. Labor Relations Board v. Bildisco & Bildisco, 465 U.S. 513, 528 (1984).

Section 365(a) does not provide a standard for determining when assumption or rejection of an unexpired lease or executory contract is appropriate. *See* 11 U.S.C. § 365(a); In re Monarch Tool & Mfg. Co., 114 B.R. 134, 137 (Bankr. S.D. Ohio 1990). However, courts hold that "[s]ection 365(a) gives debtors wide latitude in deciding whether to assume or reject a contract…" In re Pomona Valley Medical Group, Inc., 476 F.3d 665, 670 (9th Cir. 2006) ("Specifically, a bankruptcy court applies the business judgment rule to evaluate a [debtor in possession]'s rejection decision…"); In re G.I. Industries, Inc., 204 F.3d 1276, 1282 (9th Cir. 2000); Robertson v. Pierce (In re Huang), 23 B.R. 798, 800-01 (9th Cir. B.A.P. 1982). Under this rule, a court will approve an assumption or rejection that is based on the sound business judgment of the trustee or debtor in possession. See, e.g., In re Pomona Valley Medical Group, Inc., 476

---

[1] "An executory contract is one 'on which performance remains due to some extent on both sides.'" In re Robert Helms Construction and Development Co., Inc., 139 F.3d 702, 705 (9th Cir. 1998) (citing Nat. Labor Relations Board v. Bildisco & Bildisco, 465 U.S. 513, 522 n.6 (1984). "More precisely, a contract is executory if 'the obligations of both parties are so unperformed that the failure of either party to complete performance would constitute a material breach and thus excuse the performance of the other." Id.

SFW\ 2468611.3                                 4

F.3d at 670 ("[The court] should approve the rejection of an executory contract under § 365(a) unless it finds that the debtor-in-possession's conclusion that rejection would be advantageous 'is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whom or caprice.'"); In re G.I. Industries, Inc., 204 F.3d at 1282; Robertson v. Pierce (In re Huang), 23 B.R. at 800.

"In making its determination, a bankruptcy court need engage in 'only a cursory review of a [debtor in possession]'s decision to reject the contract." In re Pomona Valley Medical Group, Inc., 476 F.3d at 670. Furthermore, the court should presume that the debtor in possession acted in its sound business judgment. Id., at 670 ("Thus, in evaluating the rejection decision, the bankruptcy court should presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate.").

Here, as of the Petition Date, the Agreement was an executory contract as obligations remained on both sides. As of that date, the Debtor had not made all payments required to be made under the Agreement, and the Agreement required ERP to continue to provide services to the Debtor in installing the System and training the Debtor's employees on how to utilize the System.

The Debtor has concluded in its business judgment that the System does not benefit, and will not benefit, the Debtor's operations. ERP informed the Debtor that the System would integrate with the Debtor's main shipping carriers Federal Express, UPS, and DHL, in order to track shipments accurately. The System does not accurately provide this information, however. ERP also stated that the System would be able to scan verify orders, however that feature has not functioned either. These systems are essential in order for the Debtor to guaranty that its orders will go to the correct recipient and that shipments will be processed efficiently. Further, ERP's server hosting service did not work effectively, and as a result the Debtor had to move the System to the Debtor's own hosting service, which also resulted in frequent "freezing" of the system. Critically, the System was supposed to, but currently does not, allow retailers to submit purchase

orders automatically to the Debtor. As such, the System does not assist the Debtor with its sales or operations.

The Debtor has therefore concluded that it would be in the best interests of this estate and its creditors if the Agreement was rejected. Debtor respectfully requests the Court enter an order stating that the Agreement is rejected as of the Petition Date. The Debtor further requests that the Court order that the Debtor's rights against ERP relating to the Agreement are preserved, which includes a claim against ERP for breach of contract, fraud in the inducement, and restitution of all amounts previously paid to ERP by the Debtor.

## III.

## CONCLUSION

Wherefore, for the reasons described herein, the Debtor respectfully requests that this Court enter an order:

1. Granting the Motion;

2. Stating that the Agreement is rejected as of the Petition Date;

3. Preserving all of Debtor's rights against ERP with respect to the Agreement; and

4. granting such other and further relief as this Court deems just and proper under the circumstances.

DATED: April 12, 2016                    Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation


By:  */s/ Steven F. Werth*
     Alan G. Tippie
     Steven F. Werth
     Bankruptcy Counsel for BBeautiful, LLC

SFW\ 2468611.3                                6

## **DECLARATION OF HELGA ARMINAK**

I, Helga Arminak, declare:

1. I have personal knowledge of the facts stated herein. If called as a witness, I could and would so competently testify that said facts are true and correct.

2. I am the President of BBeautiful, LLC, a California limited liability company. I am also a 99% interest holder in the Debtor. This declaration is submitted in connection with the *Notice Of Motion And Motion Of BBeautiful, LLC To Reject Service Contract Between The Debtor And True ER* (the "Motion").

3. Capitalized terms not otherwise defined herein have the meaning given them in the Motion.

4. The Debtor commenced its case by filing a voluntary chapter 11 petition on January 22, 2016. The Debtor is a brand-maker and retailer of a wide range of personal beauty products for skin, hand & nail, body, hair, pedicure, makeup, and fragrance. The Debtor formulates its own unique Products and contracts with third parties to manufacture those company-formulated Products, then distributes the Products to retail stores and also sells them directly through e-commerce.

5. Approximately one month prior to the Petition Date, the Debtor entered into an agreement with ERP for ERP to provide to the Debtor its software-based inventory and account receivable tracking system. The Debtor sought ERP's services so that ERP could provide the Debtor with a single integrated system for managing open purchase and sales orders, preventing orders from being shipped late, tracking shipments, and processing all orders for inventory. The parties formalized this agreement in a writing on or about January 13, 2016. A true and correct copy of a the parties' agreement is attached hereto as **Exhibit 1**.

6. As set forth in Exhibit 1, in exchange for ERP's services in installing and maintaining the System, and training the Debtor's employees on how to operate the System, the Debtor was to make payments in installments to ERP in the total amount of $141,500. This did not include an installation fee of $299.00 and monthly payments of $340.00. As of the Petition Date, the Debtor had paid the initial 20% down as required by the Agreement, as well as the

1 installation fee and first monthly payment.  After the Petition Date, the Debtor mistakenly paid the
2 remaining amounts owing under the Agreement to ERP.

3     7. Since the dates these payments were made to ERP, I discovered that, despite ERP's
4 reassurances that the Debtor's existing inventory control system would integrate seamlessly with
5 the System, the systems have not integrated at all.  As a result, the Debtor cannot and has not been
6 using the System in its business operations, and instead is using its old inventory management
7 system.

8     8. I have concluded in my business judgment that the System does not benefit, and
9 will not benefit, the Debtor's operations.  ERP informed the Debtor that the System would
10 integrate with the Debtor's main shipping carriers Federal Express, UPS, and DHL, in order to
11 track shipments accurately.  The System does not accurately provide this information, however.
12 ERP also stated that the System would be able to scan verify orders.  However, that feature has not
13 functioned correctly, either.  These systems are essential in order for the Debtor to guaranty that its
14 orders will go to the correct recipient and that shipments will be processed efficiently.

15     9. Further, ERP's server hosting service did not work effectively, and as a result the
16 Debtor had to run the System on the Debtor's own hosting service, which also resulted in frequent
17 "freezing" of the system.  Critically, the System was supposed to, but currently does not, allow
18 retailers to submit purchase orders automatically to the Debtor.  As such, the System does not
19 assist the Debtor with its sales or operations.

20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

10. I have concluded that it would be in the best interests of this estate and its creditors if the Agreement was rejected, and I request that the Court order the Agreement rejected as of the Petition Date. As I believe that the Debtor may have substantial claims against ERP relating to the Agreement, I further request that the Court's order state that the Debtor's rights against ERP for breach of contract, fraud in the inducement, and restitution of all amounts previously paid to ERP pursuant to the Agreement are preserved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed April 12, 2016, at \_\_\_\_Azuza\_\_\_\_, California.

_____
Helga Arminak

# EXHIBIT 1



# Quotation

**No: 5811**

17744 Skypark Circle
Irvine
CA  92614

Phone:  (949) 474-4400
Fax:    (949) 474-4419

Date: 12/22/2015

| | |
|---|---|
| **Company:** Chrislie | **Contact:** Carolina Kishimoto |
| 1361 Mountain View Circle | **Phone:** (626) 385-5858 x217 |
| Azusa | **Email:** carolina@chrislie.com |
| CA    91703 | **Served By:** Haziel Mitchell |

| Qty | Product | Description | Price (Ex) | Total Line |
|---|---|---|---|---|
| 1 | Program and Database | ERP Software Business Management System as per brochure Inc 3 users 1 site. | $30,000.00 | $30,000.00 |
| 17 | Additional User | Additional Users. These are defined as additional people above the base pack of 3. So if 5 people wish to access ERP at the same time you will need 1 base pack plus 2 additional users. | $4,000.00 | $68,000.00 |
| 1 | Software Support 11 - 20 Licenses | Software Support. Up To 5 Licenses $6,400 per year. 6 - 10 Licenses $8,500. 11 - 20 Licenses $12,000. 21 - 25 Licenses $16,000. 26-35 Licenses $24,000. 36-50 Licenses $31,000. 51-99 Licenses $38,000. More than 99 Licenses $50,000 per year. | $12,000.00 | $12,000.00 |
| 21 | Software Training | Software Training and Implementation @ $1500 ex per 8 hour day. | $1,500.00 | $31,500.00 |
| 1 | Software Miscellaneous | Target go live date is March 1, 2016 the latest is April 1, 2016 | | |

**Comments:**

Payment would be a 20% deposit on signing of the order. 30k after 2nd week of training and configuration is completed. Another 30k after Training and Configuration is completed. With remaining balance due end of week of go live date.
Thank you for your business.

| | |
|---|---|
| Sub Total | $141,500.00 |
| Total Tax | $0.00 |
| **TOTAL  (inc Tax)** | **$141,500.00** |

Please Forward payments to:
JP Morgan Chase Bank, N.A.
Account Name:  TrueERP Inc
Swift Code  CHASUS33
Routing Number  322271627
Account Number: 561505053

(Signed) _Cani pro_
Name: _Carolina Kishimoto, coo_
Date: _1/13/2016_

The price for the TrueERP system to run on this hosted environment is as follows:
This monthly cost is to be added to the quote for the TrueERP Software Suite.

☐ 10 User Scenario:
Dell PowerEdge CS-M600-B = $299 Monthly / $299 Setup
1 x Quad Core Xeon L5420 Processor
2 x 500GB SATA or 2x146GB SAS
8GB RAM
500GB Bandwidth
Windows Server 2008 R2 Standard

----

☒ 20 User Scenario:
Dell PowerEdge CS-M600-C = $340 Monthly / $299 Setup
1 x Quad Core Xeon L5430 Processor
2 x 500GB SATA or 2x146GB SAS
16GB RAM
1000GB Bandwidth
Windows Server 2008 R2 Standard

----

☐ 30 User Scenario:
Dell PowerEdge CS-M600-E = $529 Monthly / $299 Setup
2 x Quad Core Xeon L5430 Processor
2 x 1000GB SATA or 2x300GB SAS
32GB RAM
2000GB Bandwidth
Windows Server 2008 R2 Standard

----

☐ 50 User Scenario up to 100 user:
Dell PowerEdge CS-M610-4B = $679 Monthly / $299 Setup
2 x Hex Core Xeon L5639 Processor
2 x 1000GB SATA or 2x600GB SAS
48GB RAM
4500GB Bandwidth
Windows Server 2008 R2 Standard

Signed as understood and accepted

_____, COO                    1/13/2016
Director                                         Date



17744 Sky Park Circle Ste 100
Irvine CA 92614
**Phone: 949-474-4400**



Outlined below are a few important issues that will make your transition easier. We recommend that you document any questions you may have on the following, and raise them with your Project Manager on the introductory day.

Also ensure that you **fully understand** each of the major documents. Samples Included.
- **Preparation** *What is required before we start. See below*
- **Sample Data** *You should get a spreadsheet of sample data from your Project Manager, on the Introduction day.*
- **Implementation Planner** *You should get a completed copy of this spreadsheet from your Project Manager at the start or within 3 to 4 training days of the implementation starting.*
- **End of Period** *You should receive this report everyday of your implementation from your Project Manager. This must be signed by you or your representative each time.*
- **Training Assignment Sheet** *This is to be completed by yourself with your Project Manager on day 1.*
- **Training Postponed** *Included is a copy of this report. We do not recommend altering your training schedule for any reason, but if circumstances are unavoidable then please use this form to do so.*

Indicate below, what your Company " **Hopes to achieve with the Installation of TrueERP** " *Eg - Website to be fully integrated with ERP*

1. One integrated system - One Stop Shop
2. Manage all open sales orders and prevent orders from being shipped late
3. Manage all open purchase orders and track trajectory/status
4. ~~~~ Auto processing all weborders
5. Auto processing all EDI orders (beginning to end)

Please sign below to indicate that you understand each of the above documents and that you fully understand the consequences of postponing the training days.

Signed: _[signature]_ Date: 1/13/2016
Name: Carolina Kishimoto .cov
Company Name: Christie Formulations

---

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, CA 90071-1406.

A true and correct copy of the foregoing document entitled (*specify*):  NOTICE OF MOTION AND MOTION OF BBEAUTIFUL, LLC TO REJECT SERVICE CONTRACT BETWEEN THE DEBTOR AND TRUE ERP; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF HELGA ARMINAK IN SUPPORT  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 12, 2016 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached Service List

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)  April 12, 2016 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See Attached Service List

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  April 12, 2016      , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

TrueERP Inc.
E-Mail: haziel.mitchell@trueerp.com

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 12, 2016 | Shirley Lee | /s/Shirley Lee |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

SLL\ 2460731.1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                             F 9013-3.1.PROOF.SERVICE

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Kelly L Morrison - on behalf of U.S. Trustee (LA) - hatty.yip@usdoj.gov
Gregory M Salvato Courtesy NEF - gsalvato@salvatolawoffices.com
Howard Steinberg - Creditor Courtesy NEF - steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
U.S. Trustee (LA) - ustpregion16.la.ecf@usdoj.gov
Steven Werth on behalf of Debtor BBeautiful, LLC, a California limited liability company  - swerth@sulmeyerlaw.com,
Hatty K Yip on behalf of U.S. Trustee (LA) - hatty.yip@usdoj.gov

**2. TO BE SERVED U.S. MAIL**

The Honorable Judge Ernest Robles
U.S. Bankruptcy Court
255 East Temple Street
Courtroom 1560
Los Angeles, CA  90012

**Debtor**
BBeautiful, LLC
1361 Mountain View Circle
Azusa, CA  91702

**Office Of The United States Trustee**
Attn:  Hatty K. Yip
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

**Office Of The United States Trustee**
Attn:  Kelly L. Morrison
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

**Creditors Holding 20 Largest Unsecured Claims**

Federal Express
Agent for Service of Process
C T Corporation System
818 West Seventh St, Suite 930
Los Angeles, CA 90017

Federal Express
P.O. Box 7221
Pasadena, CA 91109-7321
Telephone:  (800) 662-1147

Federal Express
Corporate Office
3610 Hacks Cross Road, Building A
Memphis, TN  38132

FedEx Tech Connect Inc as Assignee
of FedEx Express/Ground/Freight/Office
3965 Airways Blvd, Module G, 3rd Floor
Memphis, Tennessee 38116

TrueERP Inc.
Agent - National Registered Agents, Inc.
C T Corporation System
818 West Seventh St, Suite 930
Los Angeles, CA 90017

TrueERP Inc.
17744 Skypark Circle
Irvine, CA 92614
Telephone: (949) 474-4400
E-Mail: haziel.mitchell@trueerp.com

Cal Western / Vanitas Inc.
21580 Wilmington Ave
Carson, CA 90810

FMK Labs
Agent - Alex Minsung Kim
1690 N Delilah St
Corona, CA 92879

Cosmetic Enterprises, Ltd
Agent - Randy S. Waier
20241 Birch Street, Suite 103
Newport Beach, CA 92660

Cosmetic Enterprises, Ltd
12846 Pierce St
Pacoima, CA 91331

Dot Graphics
Brian Whiteman, President
9655 De Soto Ave
Chatsworth, CA 91311

Successor Directors Management LLC
Agent - Armin Arminak
1125 E Broadway Ste. 85
Glendale, CA 91205
Telephone: (818) 421-2514

PR Newswire / MultiVu
G.P.O. Box 5897
New York, NY 10087-5897

A & K Labels Inc.
Agent - Varoujan K Simonian
3177 Glendale Blvd
Los Angeles CA 90039

Repertoire Consulting LLC – Compliance
Attn: Melanie Cummings, Regulatory Specialist
32740 Ortega Hwy
Lake Elsinore CA 92530

New Look Cosmetics
Agent - Amin A. Hoque
20200 Sunburst St
Chatsworth, CA 91311

Select Staffing
Corporate Office
3820 State Street
Santa Barbara, CA 93105

Select Staffing
969 N. Grand Ave
Covina, CA 91724

Multiview Inc.
7701 Las Colinas Ridge, Suite 800
Irving, TX 75063

Multiview Inc.
P.O. Box 202696
Dallas, TX 75320-2696

Wrike Inc.
Agent - Andrey Filev
200 W Evelyn Avenue
Mountain View, CA 94041

Panjiva Inc.
P.O. Box 674917
Detroit, MI 48267-4917

Panjiva Inc.
20 West 22nd Street, Suite 706
New York, NY, 10010

Acorn Paper Products Company
3686 E Olympic Blvd.
Los Angeles CA 90023

Creative Age / Lauchpad
Agent - Deborah Carver, President and CEO
7628 Densmore Ave
Van Nuys CA 91406

220 Labs
Yoram Fishman
2375 3rd Street
Riverside CA 92507

**Taxes**

IRS
300 N. Los Angeles St.
Los Angeles, CA 90012
Telephone: (213) 576-3009

IRS
P.O. Box 7346
Philadelphia, PA  19101

Franchise Tax Board
Bankruptcy Unit, MS:A-340
Post Office Box 2952
Sacramento, CA 95812-2952

**Creditors**

Wendi Alper-Pressman, Partner
Lathrop & Gage LLP
Pierre Laclede Center
7701 Forsyth Boulevard, Suite 500
Clayton, MO  63105

Maui and Sons, a California corporation
15165 Ventura Blvd., Suite 315
Sherman Oaks, CA 91403

**Parties Asserting Litigation Claims**

Too Faced Cosmetics, LLC
c/o J. Rick Taché
Greenberg Traurig, LLP
3161 Michelson Drive, Suite 1000
Irvine, CA 92612

Yes Online, Inc.
c/o Anne Singer
A. Singer & Associates, Inc.
199 W. Hillcrest Dr.