| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| GREGORY M. SALVATO (SBN 126285)<br>   Gsalvato@salvatolawoffices.com<br>JOSEPH BOUFADEL (SBN 267312)<br>   Jboufadel@salvatolawoffices.com<br>SALVATO LAW OFFICES<br>Wells Fargo Center<br>355 South Grand Avenue, Suite 2450<br>Los Angeles, California 90071-9500<br>Telephone:   (213) 484-8400<br>Facsimile:   (213) 402-3778<br><br>☐ Individual *appearing without an attorney*<br>☒ *Attorney for:*  XI "SUNNY" ZHANG | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>BBEAUTIFUL, LLC,<br><br><br><br><br><br><br><br>                                        Debtor(s) | CASE NO.:  2:16-10799-ER<br><br>CHAPTER: 11<br><hr>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** (*title of motion[1]*):<br>Notice of Motion and Motion for Relief from the Automatic Stay under 11 U.S.C. § 362 (with supporting declarations) (Action in Nonbankruptcy Forum) |

PLEASE TAKE NOTE that the order titled <u>Order Granting Motion for Relief from the Automatic Stay under 11 U.S.C. § 362 (Action in Nonbankruptcy Forum)</u> was lodged on (*date*) <u>5/2/2016</u> and is attached. This order relates to the motion which is docket number <u>54</u>.

---

[1] Please abbreviate if title cannot fit into text field.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*               Page 1             **F 9021-1.2.BK.NOTICE.LODGMENT**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**Salvato Law Offices, 355 South Grand Avenue, Suite 2450, Los Angeles, California 90071-9500**

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **_5/2/2016_**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kelly L Morrison** on behalf of the United States Trustee's Office
  kelly.l.morrison@usdoj.gov
- **Hatty K Yip** on behalf of the United States Trustee's Office
  hatty.yip@usdoj.gov
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
- **Gregory M Salvato** on behalf of Creditor Xi "Sunny" Zhang
  gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com
- **Howard Steinberg**  request for courtesy notification
  steinbergh@gtlaw.com, pearsallt@gtlaw.com; laik@gtlaw.com
- **Alan G Tippie**  on behalf of the Debtor
  atippie@sulmeyerlaw.com, ppenn@sulmeyerlaw.com; atippie@ecf.inforuptcy.com ;ppenn@ecf.inforuptcy.com
- **Steven Werth**  on behalf of the Debtor
  swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com; slee@sulmeyerlaw.com; slee@ecf.inforuptcy.com; asokolowski@ecf.inforuptcy.com; swerth@ecf.inforuptcy.com
- **William J Wall** on behalf of Creditor True ERP   wwall@wall-law.com, goceguera@wall-law.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On (*date*) **_5/2/2016_**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor, per Counsel's Instructions
BBeautiful, LLC
c/o SulmeyerKupetz, APC
Steven F. Werth, Esq.
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, CA 90071

☐ Service information continued on attached page

//
//
//
//
//
//
//

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) *5/2/2016*, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Overnight
Honorable Ernest M. Robles
United States Bankruptcy Judge
255 E. Temple Street, Suite 1560
Los Angeles, California, 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/2/2016 | Rene Pena | /s/ Rena Pena |
|----------|-----------|---------------|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| GREGORY M. SALVATO (SBN 126285)<br>    Gsalvato@salvatolawoffices.com<br>JOSEPH BOUFADEL (SBN 267312)<br>    Jboufadel@salvatolawoffices.com<br>SALVATO LAW OFFICES<br>Wells Fargo Center<br>355 South Grand Avenue, Suite 2450<br>Los Angeles, California 90071-9500<br>Telephone:       (213) 484-8400<br>Facsimile:       (213) 402-3778<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA –LOS ANGELES DIVISION

| In re:<br><br>BBEAUTIFUL, LLC, | CASE NO.: 2:16-10799-ER |
|---|---|
| | CHAPTER: 11 |
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(Action in Nonbankruptcy Forum)** |
| | <u>Continued Hearing</u>:<br>DATE: May 2, 2016<br>TIME: 10:00 a.m.<br>COURTROOM: 1568<br>PLACE: 255 East Temple Street<br>        Los Angeles, CA 90012<br><br><u>Original Hearing</u>:<br>DATE: April 4, 2016<br>TIME: 10:00 a.m. |
| Debtor(s). | |

| **MOVANT:** XI "SUNNY" ZHANG |
|---|

1.   The Motion was:       ☒ Opposed       ☐ Unopposed       ☐ Settled by stipulation

2.   The Motion affects the following Nonbankruptcy Action:

   Movant is permitted to file a Nonbankruptcy Action against the Debtor BBeautiful, LLC and non-debtor parties.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 1                          **F 4001-1.RFS.NONBK.ORDER**

3.  The Motion is granted under 11 U.S.C. § 362(d)(1).

4.  As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a.  ☒  Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b.  ☐  Modified or conditioned as set forth in Exhibit _____ to the Motion.

    c.  ☐  Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its
        remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5.  **Limitations on Enforcement of Judgment:**  Movant may proceed in the nonbankruptcy forum to final judgment
    (including any appeals) in accordance with applicable nonbankruptcy law.  Movant is permitted to enforce its final
    judgment only by *(specify all that apply)*:

    a.  ☒  Collecting upon any available insurance in accordance with applicable nonbankruptcy law **while the Debtor
        is in bankruptcy**.

    b.  ☐  Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6.  This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter
    of the Bankruptcy Code.

7.  ☐  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on
        the same terms and conditions as to the Debtor.

8.  ☐  The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9.  ☐  This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of
        180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐  This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without
        further notice.

11. ☒  Other *(specify)*:

    a.  **The Court's grants the Motion based upon the reasons and findings set forth in the Court's tentative
        ruling dated May 2, 2016 (Dkt. No. 85), which is attached hereto and incorporated herein by reference.**

    b.  **Movant retains the right to file a proof of claim under 11 U.S.C. § 501.**

    c.  **The Court declines to rule on the Movant's evidentiary objections filed on March 28, 2016 (Dkt. No. 63)
        at this time based on mootness.**

###

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                             Page 2                                    **F 4001-1.RFS.NONBK.ORDER**

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Monday, May 02, 2016**                                                          **Hearing Room    1568**

<u>10:00 AM</u>
**2:16-10799     BBeautiful, LLC, a California limited liability co**                         **Chapter 11**

> **#3.00**     Hearing
>            RE: [54] Notice of motion and motion for relief from automatic stay with
>            supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: .
>            (Salvato, Gregory)
>
>            fr: 4-4-16
>
>                                    Docket       54

**Matter Notes:**

>      5/2/2016
>
>
>      The tentative ruling will be the order.
>      Party to lodge order: Movant
>
>      **POST PDF OF TENTATIVE RULING TO CIAO**

**Tentative Ruling:**

>      4/28/2016: For the reasons set forth below, GRANT Motion.
>
>
>      **Pleadings Filed and Reviewed**
>      1. Notice of Motion and Motion for Relief from the Automatic Stay Under 11
>         U.S.C. § 362 ("Motion") [Doc. No. 54]
>      2. Debtor's Opposition to Motion ("Opposition") [Doc. No. 59]
>      3. Reply to Opposition ("Reply") [Doc. No. 62]
>      4. Evidentiary Objections and Motion to Strike Scandalous and Defamatory
>         Allegations In Motion ("Evidentiary Objection") [Doc. No. 63]
>      5. Debtor's Supplement to Opposition ("Supplemental Opposition") [Doc. No. 74]
>      6. Response to Supplemental Opposition ("Supplemental Reply") [Doc. No. 77]
>
>
>      **Facts and Summary of Pleadings**

# United States Bankruptcy Court
# Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Monday, May 02, 2016**                                    **Hearing Room    1568**

___

10:00 AM
**CONT...        BBeautiful, LLC, a California limited liability co                Chapter 11**

This is a continued hearing on a motion for relief from the automatic stay to proceed with an action in a non-bankruptcy forum.  The Court HEREBY GRANTS the Motion based on the reasons set forth below.  However, the Court finds it appropriate to stay the effect of the order granting the Motion for 14 days from the date of the entry of the order.

BBeautiful, LLC ("Debtor") filed a voluntary chapter 11 petition on January 22, 2016 ("Petition").  Doc. No. 1.  On February 5, 2016, the Debtor filed a notice that the Petition falls within the definition of "small business debtor" pursuant to 11 U.S.C. § 101(51D)(A).  Doc. No. 30.  The Debtor, a California limited liability company, was established in 2006 by Helga Arminak, who is the current operating manager and also a 99% owner of the Debtor ("Principal").  The Debtor's principal place of business is located at 1361 Mountain View Circle, Azusa, California 91702 ("Business"), where the Debtor operates pursuant to a lease.  Since commencement, the Debtor has operated the Business as the debtor-in-possession.  The Debtor is a brand-maker and retailer of a wide range of personal beauty products for skin, hand, nail, body, and hair.  The Debtor formulates its own unique products and contracts with manufacturers to produce them.  The Debtor arranges its own packaging to be delivered from China to the manufacturers, who then combine the merchandise and their packaging and deliver the finished products to the Debtor at its office in Azusa, California.  The Debtor distributes its products to retail stores and also sells the Products directly through e-commerce.

On March 9, 2016, Movant Xi "Sunny" Zhang ("Movant") filed a *Motion for Relief from the Automatic Stay* to proceed with an action in a non-bankruptcy forum ("Motion") and the matter for hearing on April 4, 2016 ("Initial Hearing").  Doc. No. 54.  The Motion seeks stay-relief to commence a state court action in the Los Angeles Superior Court against the Debtor and non-debtor parties Helga Arminak, as an individual, and Chrislie Formulations ("State Action").  Movant has not commenced the State Action, but attaches a draft of the state court complaint to the Motion as Exhibit "A" ("Complaint").  *See* Doc. No. 54, Ex. 1.  The Complaint is unverified and does not include supporting declarations.  The Complaint alleges three causes of action arising under California state employment law: (1) Violation of California Business and Professions Code § 17200 et seq. (Unfair Business Practices); (2) Violation of California Labor Code § 1102.5 et seq. (Whistleblower Statute); and (3) Retaliation and Wrongful Termination in Violation of Public Policy.  Movant asserts

___

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Monday, May 02, 2016**                                    **Hearing Room    1568**

10:00 AM

**CONT...        BBeautiful, LLC, a California limited liability co                        Chapter 11**

that sufficient grounds exist to grant stay-relief pursuant to 11 U.S.C. § 362(d)(1) because the claims arise under non-bankruptcy state employment law and can be most expeditiously resolved in state court. Movant seeks recovery from insurance policies identified by the Debtor in the Petition and does *not* waive any deficiency. However, Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate. The Motion also indicates that mandatory abstention applies under 28 U.S.C. § 1334(c)(2) and that the claims are nondischargeable in nature. In support, Movant attaches the Declaration of Tara Licata, the state court attorney for the Movant, and copies of Debtor's insurance policies. *See* Doc. No. 54, Ex. 2.

The Debtor opposes the Motion for lack of cause shown under § 362(d)(1) and contends that Debtor should be allowed to focus on its reorganization efforts ("Opposition"). Doc. No. 59. Granting stay-relief would require the Debtor to expend its limited resources to litigate the State Action. Opposition, at 4. The Debtor contends that Movant can simply file a proof of claim to assert her claims against the Debtor since the Complaint alleges causes of action "primarily, if not exclusively, against the Debtor." *Id.* at 5. Allowing the Movant to obtain potential judgment against the estate would also penalize other creditors of the estate. Next, the Motion contains only bare statements that mandatory abstention applies here without offering any evidence in support of such conclusion. *Id.* Additionally, the Movant's contention that her claims are nondischargeable in nature is nonsensical since nondischareability provisions of 11 U.S.C. § 523 do not apply given the fact that Debtor is a limited liability company. *Id.* at 7. The Debtor asserts that the State Action cannot be most expeditiously resolved in state court, as it will be more efficient to resolve the matter through the regular claim objection process.

The Debtor submits that denying the Motion is appropriate under a set of non-exclusive factors presented in *In re Curtis*, 40 B.R. 795, 799 (Bankr. D. Utah 1984), as adopted by the Ninth Circuit Bankruptcy Appellate Panel in *In re Kronemyer*, 405 B.R. 915, 921 (9th Cir. BAP 2009). The Debtor further submits that none of the twelve factors weigh in favor of lifting the stay for the following reasons:

1. *Whether the relief will result in a partial or complete resolution as a fiduciary* – the Debtor contends that any judgment entered by state court will be, at best, a partial completion of the issues and require a lengthy litigation

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Monday, May 02, 2016**                                    **Hearing Room      1568**

---

10:00 AM
**CONT...**        **BBeautiful, LLC, a California limited liability co**        **Chapter 11**

process.

2. *The lack of any connection with or interference with the bankruptcy case* – not discussed in the Opposition.

3. *Whether the foreign proceeding involves the debtor as a fiduciary* – the Complaint does not contain a cause of action asserting that the Debtor is a fiduciary.

4. *Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases* – there is no specialized tribunal required to determine the asserted causes of action.

5. *Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation* – the Debtor's insurance carriers have not assumed financial responsibility for defending the litigation.

6. *Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question* – the causes of action identified in the Complaint primarily involve the Debtor.

7. *Whether litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties* – litigation in state court would prejudice the interests of other creditors, as the Principal and key employees would be required to divert attention away from reorganization efforts and toward litigation.

8. *Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c)* – it does not appear that a potential judgment would be subject to equitable subordination under Section 510(c).

9. *Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f)* – it does not appear that a potential judgment would be an avoidable lien.

10. *The interest of judicial economy and the expeditious and economical determination of litigation for the parties* – there is no balance of judicial economy to weigh because the Complaint has not been filed yet; the Complaint is not closer to trial in state court that it is before this Court.

11. *Whether the foreign proceedings have progressed to the point where the parties are prepared for trial* – the Complaint has not been filed yet.

12. *The impact of the stay on the parties and the "balance of hurt"* - Movant will suffer no harm by leaving the stay in place, as Movant can file a proof of claim which will preserve Movant's rights; however, the Debtor will suffer

# United States Bankruptcy Court
# Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Monday, May 02, 2016**                                  **Hearing Room    1568**

---

10:00 AM
**CONT...**        **BBeautiful, LLC, a California limited liability co**        **Chapter 11**

harm if it is required to divert attention away from reorganizing its business.

Opposition, at 8-9. Lastly, the Debtor contends that Movant's character based on prior bad acts should be considered when determining "the credibility of the allegations of the [C]omplaint . . . and the likely motivations for prosecution of the claim." *Id.* at 9. The Debtor submits evidence of criminal and civil judgments entered against the Movant to "demonstrate the untrustworthy and fraudulent character of the Movant." *Id.* at 11. *See* Motion, Exs. 1-3 ("Exhibits").

The Movant responds to the Opposition ("Reply") and raises evidentiary objections. Doc. Nos. 63 & 64. The Movant contends that commencing the State Action would not require the Debtor to expend significant resources. The Debtor's insurance carriers will retain counsel to defend the State Action, thereby shifting financial burden from the estate and its creditors to the insurance carriers. Reply, at 3. Denying the Motion and forcing the Movant to file a claim against the Debtor would create piecemeal litigation that the Debtor will have to address in both state and bankruptcy courts. *Id.* at 4. Granting stay-relief would allow the claims to be litigated in one forum, with all parties, while the insurance carriers assuming the legal costs. *Id.* The Movant asserts that Debtor's *ad hominem* attacks are scandalous and defamatory, and raises evidentiary objections based on the Federal Rules of Evidence ("FRE") and the Federal Rules of Bankruptcy Procedure ("FRBP"). *Id.* at 5-6; Doc. No. 63. More specifically, the Debtor inappropriately requests the Court to take judicial notice of the Exhibits for the truth of the statements contained in the documents. Doc. 63, at 2. Additionally, the Motion contains three references to the Exhibits, which the Movant contends, are: (1) irrelevant, FRE 401 & 402; (2) inadmissible hearsay, FRE 801 & 802; and (3) argumentative and scandalous, FRBP 9018. *See* Opposition, at 10, fn. 1-3. Based on the foregoing, the Movant seeks to strike from the record all allegations relating to Movant's character and motivation of pursuing the State Action as well as the Exhibits.

Prior to the Initial Hearing, the Court issued a tentative ruling granting the stay-relief pursuant to § 362(d)(1) to permit Movant to proceed with the State Action ("Tentative Ruling"). In the Tentative Ruling, the Court made a finding that the Movant has a colorable claim against the Debtor. The Court further found that judicial economy and economy for the parties would be better served by allowing the State Action to proceed in state court. The Court did not find that it was necessary to list and discuss all

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Monday, May 02, 2016**                                      **Hearing Room    1568**

**10:00 AM**
**CONT...        BBeautiful, LLC, a California limited liability co**                **Chapter 11**

twelve *Curtis* factors.  The Court also declined to consider the evidentiary objections raised by the Debtor since such evidence did not impact the Court's ruling in the Tentative Ruling.

The Debtor and the Movant appeared at the Initial Hearing on April 4, 2016, and presented oral arguments.  The Debtor highlighted the relevancy of the *Curtis* factors and renewed its arguments presented in the Opposition as follows.  The Debtor submitted that granting the stay-relief would not result in a complete resolution of the State Action because the Complaint has not been filed.  However, the State Action would interfere with the administration of the instant bankruptcy case.  With respect to insurance, the Debtor was unable to determine if any of the policies covered the claims asserted in the State Action.  The Debtor was also uncertain about the amount of deductible that would apply.  Next, the Debtor contended that Movant failed to state a colorable claim: the copy of the submitted Complaint was not verified and was not supported by a declaration signed under the penalty of perjury.

The Debtor further contended that the factor of judicial economy did not weigh in favor of granting the stay-relief.  If the Movant were to file a claim, the Court only has to adjudicate the matter once with respect to the Debtor in the bankruptcy Court.  While it is true that Movant may have to litigate in two forums, the Debtor should not be pulled into a non-bankruptcy forum merely because the Debtor was listed as a defendant in the State Action.  Similarly, objection to claim is the most expeditious method of resolving the matter.  In addition, allowing the State Action to go forward will hurt the Debtor and its creditors.  The Debtor is a small company that is primarily managed by the Principal.  Having to defend itself in state court will divert the Debtor's resource away from the Debtor's primary focus of preparing and filing a reorganization plan.  Based on the foregoing, the Debtor requested an opportunity to brief on the issue of insurance.  In the alternative, the Debtor requested that an order granting the Motion be stayed for a period of 90 days to allow the Debtor sufficient time to prepare and file a chapter 11 plan of reorganization, obtain litigation counsel, and confer with its insurance carriers on its policies.

Movant submitted on the Tentative Ruling.  Movant contended that both the Debtor and the Principal are indispensable parties and requested that Movant be able to move forward in state court.  Based on the oral arguments, the Court continued the hearing to May 2, 2016, at 10:00 a.m., and ordered the Debtor to submit a brief by no

# United States Bankruptcy Court
# Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Monday, May 02, 2016**                                           **Hearing Room     1568**

**CONT...        BBeautiful, LLC, a California limited liability co**                **Chapter 11**

later than April 15, 2016, limited to the issues of: existence of policies; determination of coverage without binding any party with respect to such; and duty to defend.  The Movant was permitted to file a response to the Debtor's supplemental brief, if any, by no later than April 22, 2016.

On April 15, 2016, the Debtor filed a supplemental opposition to the Motion ("Supplemental Opposition").  Doc. 74.  The Debtor believes that two insurance policies may potentially cover the types of claims asserted in the State Action.  First is a policy issued by Scottsdale Insurance Company, policy number KES3151473, effective from March 5, 2015 to March 5, 2016, with a total coverage of $1 million for loss and an additional $1 million for costs, charges and expenses, and a retention of $25,000 for its employment practices coverage ("Scottsdale Policy").  Supplemental Opposition, Ex. 1.  Second is a policy issued by Ironshore Specialty Insurance Company, policy number 002678700, effective from March 5, 2016 to March 5, 2017, with a total potential coverage of $1 million, including costs of defense, and a retention of $150,000 for types of claims asserted in the State Action ("Ironshore Policy").  Supplemental Opposition, Ex. 2.  Ironshore Policy provides that costs of defense will be advanced without satisfying the $150,000 retention in the event the insured is a debtor-in-possession.

Both the Scottsdale Policy and the Ironshore Policy contain a duty to defend clause.  The Debtor submits that Movant's claims should be covered either by the Scottsdale Policy or the Ironshore Policy depending on when the claims are deemed to have been made.  While the effective dates of the two policies are clearly listed, the "period of coverage" for the policies are specifically defined and contain various notice requirements.  The Debtor is uncertain about which of the two policies is applicable to the claims asserted by the Movant.  The Debtor has tendered the claims to the insurance carriers but has yet received a response.  The Debtor asserts that the Motion should be denied notwithstanding the insurance policies as Movant has not agreed to limit her damages to the maximum coverage of the policies.  The Debtor also discusses the possibility that Debtor may be liable for the entire costs of litigation and damages if claims are excluded under the applicable policy.

On April 22, 2016, Movant filed a response to the Supplemental Opposition ("Supplemental Reply").  Doc. No. 77.  Movant requests that the Court adopt the Tentative Ruling based on the policy information provided by the Debtor.  Movant notes that the policies also include director and officer coverages, thereby protecting the

# United States Bankruptcy Court
# Central District of California
## Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Monday, May 02, 2016**                                    **Hearing Room    1568**

<u>10:00 AM</u>
**CONT...        BBeautiful, LLC, a California limited liability co                    Chapter 11**

interests of the Principal as well as the Debtor.  Movant further notes that the Debtor
will not incur any up front, out-of-pocket expenses under the policies if the Court grants
the Motion.  Any applicable "retention" is merely the amount of loss that the Debtor
agrees to retain after the insurer covers a loss, and not the amount the Debtor is
responsible to pay up front.  The Debtor's retention amount, once expended by the
carrier, would then result in a clam by the carrier for reimbursement that would be
treated as a prepetition claim.  Movant contends that the claims asserted under the State
Action are not excluded under either of the policies.

**Findings of Fact and Conclusions of Law**

As a preliminary matter, the Court notes that a motion for relief from the
automatic stay is a summary proceeding that does not involve an adjudication of the
merits of the underlying claims.  As recognized by the Ninth Circuit Bankruptcy
Appellate Panel in *In re Luz Int'l, Ltd.*:

> Given the limited grounds for obtaining a motion for relief
> from stay, read in conjunction with the expedited schedule for a
> hearing on the motion, most courts hold that motion for relief
> from stay hearings should not involve an adjudication of the
> merits of claims, defenses, or counterclaims, but simply
> determine whether the creditor has a colorable claim to the
> property of the estate. *See In re Johnson,* 756 F.2d 738, 740
> (9th Cir.), *cert. denied,* 474 U.S. 828, 106 S.Ct. 88, 88 L.Ed.2d
> 72 (1985) ("Hearings on relief from the automatic stay are thus
> handled in a summary fashion. The validity of the claim or
> contract underlying the claim is not litigated during the
> hearing.")

219 B.R. 837, 842 (9th Cir. BAP 1998) (citation omitted).  In a summary proceeding,
the court's discretion is broad.  *In re Santa Clara Cty. Fair Ass'n, Inc.*, 180 B.R. at
566.

A bankruptcy filing imposes an automatic stay of all litigation against the
debtor.  11 U.S.C. § 362(a).  Section 362(d)(1) permits a bankruptcy court to grant
relief from the automatic stay upon showing of "cause."  Cause is determined on a
case-by-case basis.  *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985). "Courts in

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

---

**Monday, May 02, 2016**                                                                 **Hearing Room      1568**

---

**10:00 AM**
**CONT...         BBeautiful, LLC, a California limited liability co**                          **Chapter 11**

the Ninth Circuit have granted relief from the stay under § 362(d)(1) when necessary to permit pending litigation to be concluded in another forum if the non-bankruptcy suit involves multiple parties or is ready for trial." *In re Quintrall*, 2007 WL 7540996, at *4 (9th Cir. BAP July 5, 2007) (citing *In re Plumberex Specialty Products, Inc.*, 311 B.R. 551, 556 (Bankr. C.D. Cal. 2004)).  The Motion is granted pursuant to 11 U.S.C. § 362(d)(1) to permit the Movant to proceed under applicable non-bankruptcy law to enforce its remedies to proceed to final judgment in the non-bankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or estate property.  The Court finds that the Movant has shown that she has a colorable claim against the Debtor based on the Complaint.  The fact that the Complaint was not verified or supported by a declaration does not change the result.

The Court is unpersuaded by the Debtor's contention that most if not all *Curtis* factors weigh in favor of denying the stay-relief.  Debtor's argument at the prior hearing still does not make clear why allowing the State Action to proceed against the Debtor and the Principal in state court would only result in a partial resolution of the asserted claims.  Second, while the Court acknowledges that granting of the stay-relief would require the Debtor to divert some resources and attention to defending itself in state court, the Court finds that denying the stay-relief would not relieve the Debtor of the same.  The Movant intends to pursue the claims against the Principal notwithstanding the Court's ruling on the Motion.  As the Principal is the main decision-maker of the Debtor, a litigation involving the Principal for actions taken on behalf of the Debtor would necessarily divert attention away from the Debtor's reorganization efforts.  The insurance carriers will undoubtedly require the Debtor's assistance, including access to the Debtor's employees and files.  Thus, denying the stay-relief would merely create a piecemeal litigation while further delaying the resolution of the matter without much benefit to the Debtor.  The same reasoning applies to the factor "balance of hurt."  Movant will suffer financial harm by having to litigate the same matter in multiple forums while the Debtor does not benefit much from the Court not lifting the stay.

Next, the Court is unpersuaded that granting stay-relief would prejudice the interest of other creditors.  It appears that the policies may also provide coverage to

---

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Ernest Robles, Presiding**
Courtroom 1568 Calendar

Monday, May 02, 2016                                        Hearing Room        1568

10:00 AM
CONT...         BBeautiful, LLC, a California limited liability co                      Chapter 11

the Principal as an officer of the Debtor.  If the Court denies the Motion and the
Movant proceeds against the Principal in state court, the insurance carriers will incur
further expense by having to defend the Debtor and the Principal in multiple forums.
Since Movant does not agree to limit its damages, higher expenses incurred by the
insurance carriers can potentially lead to a greater prepetition claim that can be
asserted against the estate at a later date.  Such possibility weakens the Debtor's
contention that granting stay-relief would prejudice the creditors of the estate.  As
long as the Movant is permitted to pursue the Principals for the claims asserted in the
State Action, which the Debtor does not dispute, it is in the interests of the estate and
its creditors to minimize the costs of litigation incurred by the insurance carriers to
minimize any prepetition claim that may be filed against the estate.

          The Court finds that judicial economy and economy for the parties would be
better served by allowing the State Action to proceed in state court.  While the
Movant has not commenced the State Action yet, all causes of action alleged in the
Complaint arise out of California state employment law.  As stated above, if the Court
denied stay-relief and instead required the Movant to file a proof of claim against the
Debtor, Movant would still have the right to proceed in state court against the
Principal.  This would result in an action based on identical facts being prosecuted in
two fora—against the Debtor in the bankruptcy court and against the Principal in state
court.  Such duplicative actions are inefficient for both the parties and the courts.  The
Court does not find it necessary to discuss the remaining non-exclusive *Curtis* factors.
*See In re Kronemyer*, 405 B.R. at 921; *In re Quintrall*, 2007 WL 7540996, at *5; *In re
Plumberex Specialty Products, Inc.*, 311 B.R. at 560 ("[N]ot all twelve *Curtis* factors
are relevant in every case.").  Courts are "not required to give each of the *Curtis*
factors equal weight in making its determination."  *In re Plumberex Specialty
Products, Inc.*, 311 B.R. at 560.  Many cases have held that a court may properly
consider the factor of judicial economy in deciding whether to lift the automatic stay.
*See In re Kemble*, 776 F.2d 802, 807 (9th Cir. 1985).  Judicial economy provides
sufficient cause to lift the stay to permit the prosecution of action pending elsewhere
against a debtor.  *In re Santa Clara Cty. Fair Ass'n, Inc.*, 180 B.R. at 566.
Furthermore, litigation costs to a bankruptcy estate do not compel a court to deny stay
relief.  *Id.*

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Monday, May 02, 2016**                                              **Hearing Room    1568**

---

**10:00 AM**

**CONT...**          **BBeautiful, LLC, a California limited liability co**                    **Chapter 11**

The Movant's claims may be insured.  The Debtor has identified two insurance policies that contain a duty to defend clause and may provide coverage for the loss as well as cover the costs of litigation.  While the Debtor discusses the possibility that the claims may be excluded under the policies, the availability of applicable insurance is not a prerequisite to granting a stay-relief.  Furthermore, the fact that the Movant has not agreed to limit her damages to the policy limits does not necessarily weigh in favor of delaying litigation.  As discussed above, it is in the interests of the estate and its creditors to determine the amount of loss, or at least an approximate thereof.  Any loss exceeding the policy limits will be a prepetition claim against the estate.

Based on the foregoing, the Court finds cause to grant stay-relief pursuant to § 362(d)(1).  However, in light of the fact that the Debtor has recently tendered the claims to its insurance carriers and is currently waiting for responses, the Court finds it appropriate to stay the effect of the order granting the Motion for 14 days from the date of the entry of the order.  The Movant may seek recovery only from applicable insurance, if any, while the Debtor is in bankruptcy.  The Movant will retain the right to file a proof of claim under 11 U.S.C. § 501.  This order shall be binding and effective despite any conversion of the bankruptcy case to a case under any other chapter of Title 11 of the Unites States Code.  All other relief is denied.

The Movant shall lodge a conforming order within 7 days of the hearing.

| Party Information |
|:---:|

**Debtor(s):**

BBeautiful, LLC, a California                              Represented By
                                                          Steven  Werth
                                                          Alan G Tippie