# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

---

**Monday, August 22, 2016**                                                                 **Hearing Room    1568**

---

<u>10:00 AM</u>
**2:16-10799**    **BBeautiful, LLC, a California limited liability co**                                     **Chapter 11**

    **#2.00**    Hearing
RE: [114] Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: $60,000 in settlement amounts and up to $35,000 in defense expenses incurred by Debtor/Defendant .

                              Docket            114

  **Matter Notes:**

      8/22/2016


<span style="color:red">The tentative ruling will be the order.
Party to lodge order: movant</span>

<span style="color:red">**POST PDF OF TENTATIVE RULING TO CIAO**</span>

  **Tentative Ruling:**

      8/18/2016:  For the reasons set forth below, GRANT Motion.


    **Pleadings Filed and Reviewed**

      1. Notice of Motion and Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM) ("Motion") [Doc. No. 114]
      2. No opposition filed as of the date of the tentative ruling (due August 8, 2016).

    **Facts and Summary of Pleadings**

        BBeautiful, LLC ("Debtor") filed a voluntary chapter 11 petition on January 22, 2016 ("Petition").  Doc. No. 1.  On February 5, 2016, the Debtor filed a notice that the Petition falls within the definition of "small business debtor" pursuant to 11 U.S.C. § 101(51D)(A).  Doc. No. 30.  The Debtor, a California limited liability

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Monday, August 22, 2016**                                                                                    **Hearing Room    1568**

<u>10:00 AM</u>
**CONT...**      **BBeautiful, LLC, a California limited liability co**                                                   **Chapter 11**

company, was established in 2006 by Helga Arminak, who is the current operating manager and also a 99% owner of the Debtor ("Principal"). The Debtor's principal place of business is located at 1361 Mountain View Circle, Azusa, California 91702 ("Business"), where the Debtor operates pursuant to a lease. Since commencement, the Debtor has operated the Business as the debtor-in-possession. The Debtor is a brand-maker and retailer of a wide range of personal beauty products for skin, hand, nail, body, and hair. The Debtor formulates its own unique products and contracts with manufacturers to produce them. The Debtor arranges its own packaging to be delivered from China to the manufacturers, who then combine the merchandise and their packaging and deliver the finished products to the Debtor at its office in Azusa, California. The Debtor distributes its products to retail stores and also sells the Products directly through e-commerce.

Prior to the Petition, Scottsdale Insurance Company ("Scottsdale") issued a Business and Management Indemnity Policy No. EKS3151473 ("Policy") to Debtor. Motion at 2; Arminak Decl. ¶ 5. The Policy agreed to pay the "Loss of the Insureds" ("Loss") which the Insureds, referring to the Debtor, had "become legally obligated to pay by reason of an Employment Practices Claim first made against the [Debtor] during the Policy Period…for an Employment Practices Wrongful Act." Motion at 2. *See also* Doc. No. 74, Ex. 1. The Policy defines "Employment Practices Claim" as civil proceedings against the Debtor for damages commenced by a pleading and brought by a past, present or future employee. *Id.* "Employment Practices Wrongful Act" included any actual or alleged violation of any common or federal law prohibiting employment-discrimination; wrongful termination, whether actual or constructive, and retaliation. *Id.*

On March 9, 2016, Xi "Sunny" Zhang's ("Plaintiff") filed a motion for relief from the automatic stay, requesting relief to allow Plaintiff to file a complaint against Debtor alleging the following: (1) Violation of California Business and Professions Code § 17200 et seq. (Unfair Business Practices); (2) Violation of California Labor Code § 1102.5 et seq. (Whistleblower Statute); and (3) Retaliation and Wrongful Termination in Violation of Public Policy. Motion at 3, Doc. No. 54. On May 2, 2016, the Court granted Plaintiff's motion for relief from the automatic stay. Motion at 3, Doc. No. 85. The case settled on July 9, 2016. Arminak Decl. ¶ 5; Motion at 5. Scottsdale will pay out the following proceeds pursuant to the terms of the settlement agreement: the Plaintiff will receive $60,000 in exchange for release of all claims

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Monday, August 22, 2016**                                                                                                   **Hearing Room    1568**

10:00 AM
**CONT...        BBeautiful, LLC, a California limited liability co                                                          Chapter 11**

against the Debtor and the Principal, and the Plaintiff and Debtor will be reimbursed $35,000 in legal and mediation costs covered under the Policy (collectively, "Settlement Amount"). *Id.* More specifically, Debtor and Principal incurred nearly $25,000 in mediation fees and will incur an estimated $10,000 in legal fees before the final termination of Plaintiff's separate action. *Id.* The release of all claims is conditioned on the Court granting a motion for relief in favor of Debtor. *Id.* Debtor states that it will not receive any payment from the bankruptcy estate. Motion at 7. The implication being that Scottsdale will pay the entirety of the Settlement Amount pursuant to the terms of the Policy. Motion at 7.

On August 1, 2016, Debtor filed the instant motion for relief from the automatic stay for the limited purpose of allowing payment by Scottsdale for the Settlement Amount in the Plaintiff's Action ("Motion"). Doc. No. 114. The Debtor contends that cause exists under § 362(d)(1) for relief under the automatic stay because Scottsdale's payment of Loss will preserve the value of the bankruptcy estate by allowing the use of insurance proceeds, rather than the Debtor's assets or property, to pay for the Debtor's liability under the Plaintiff's action, legal costs, and other costs. Motion at 6. The Debtor further submits that the funds used for the purpose of paying the loss are not subject to any lien or right of setoff in favor of any other creditor because the Policy provides specific coverage only for the loss of the "Insureds" which the "Insureds" have become legally obligated to pay, including reasonably and necessary legal costs, charges, and fees, incurred by the Insured in defending the claim. *Id.* Additionally, the Debtor avers that barring relief from the automatic stay may prevent "finalization and enforcement of the settlement," which ultimately may leave the bankruptcy estate open to even greater liability. Motion at 7.

As the date of this Tentative Ruling, no timely opposition has been filed. Accordingly, the Court presumes all interested parties consent to its approval pursuant to the Local Bankruptcy Rule 9013-1(h).

**Findings of Fact and Conclusions of Law**

A bankruptcy filing imposes an automatic stay of all litigation against the debtor. 11 U.S.C. § 362(a). Section 362(d)(1) permits a bankruptcy court to grant relief from the automatic stay upon showing of "cause." Cause is determined on a case-by-case basis. *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985). "Courts in

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Monday, August 22, 2016**                                                                                   **Hearing Room    1568**

10:00 AM
**CONT...    BBeautiful, LLC, a California limited liability co                                    Chapter 11**

the Ninth Circuit have granted relief from the stay under § 362(d)(1) when necessary to permit pending litigation to be concluded in another forum if the non-bankruptcy suit involves multiple parties or is ready for trial." *In re Quintrall*, 2007 WL 7540996, at *4 (9th Cir. BAP July 5, 2007) (citing *In re Plumberex Specialty Products, Inc.*, 311 B.R. 551, 556 (Bankr. C.D. Cal. 2004)).

Section 541(a)(1) defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case," with property of the estate being construed broadly. *U. S. Whiting Pools, Inc.*, 462 U.S. 198, 204-05 (1983). Further, the Ninth Circuit has determined that a debtor's insurance policies are property of the estate. *In re Mila, Inc.* 423 B.R. 537, 542 (B.A.P. 9th Cir. 2010) (citing *In re Minoco Grp. of Companies, ltd.*, 799 F.2d 517, 519 (9th Cir. 1986)). Proceeds of insurance policies are "not yet a settled question in the Ninth Circuit." *In re Metro, Mortgage & Sec. Co., Inc.*, 325 B.R. 851, 855 (Bankr. E.D. Wash. 2005); *In re Mila, Inc.*, 423 B.R. 537, 545 (B.A.P. 9th Cir. 2010). However, regardless, even assuming the proceeds are the property of the estate, the Debtor states sufficient cause under § 362(d)(1) for the reasons stated below.

In determining whether cause exists in the context of insurance proceeds, bankruptcy courts balance the parties' respective harms in granting or denying relief. *In re Mila, Inc.*, 423 B.R. at 543-44. For instance, in similar case law involving Director and Officer policy proceeds, bankruptcy courts determine cause under § 362 (d)(1) by balancing "the harm to the debtor if the stay is modified with the harm to the directors and officers if they are prevented from executing their rights to defense costs." *In re Mila, Inc.*, 423 B.R. at 545, *In re Allied Digital Techs. Corp.*, 306 B.R. 505, 514 (Bankr.D.Del.2004); *In re CyberMedica, Inc.*, 280 B.R. 12, 18 (Bankr.D.Mass.2002).

Here, the Debtor's Settlement Amount are "clear, immediate, and ongoing," weighing in favor of the Debtor. *In re Mila, Inc.*, 423 B.R. at 545. The immediate and irreparable harm to the Debtor, if the court does not grant the motion for relief of stay, outweighs any speculative harm or indemnification claims that may arise in the future. *In re Mila, Inc.*, 423 B.R. at 545 (Trustee opposing the motion merely offered speculative harms and possible future indemnification claims that may arise).

Therefore, the Court HEREBY GRANTS the Debtor's Motion for Relief from

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Monday, August 22, 2016**                                                                            Hearing Room    1568

<u>10:00 AM</u>
**CONT...**        **BBeautiful, LLC, a California limited liability co**                                        **Chapter 11**

Stay. The 14-day period specified in Federal Rules of Bankruptcy Procedure 4001(a)
(3) is HEREBY WAIVED.

The Debtor shall upload a conforming order within 7 days of the hearing.

No appearance is required if submitting on the court's tentative ruling.  If you intend to submit on the tentative ruling, please contact James Yu or Daniel Koontz at 213-894-1522.  **If you intend to contest the tentative ruling and appear, please first contact opposing counsel to inform them of your intention to do so.**  Should an opposing party file a late opposition or appear at the hearing, the court will determine whether further hearing is required.  If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later than one hour before the hearing.

|                     Party Information                     |

**Debtor(s):**

    BBeautiful, LLC, a California                Represented By
                                                         Steven  Werth
                                                         Steven  Werth
                                                         Michael Jay Berger
                                                         Michael Jay Berger